

**FILED**

FEB 1 9 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ORIGINAL

1   ADRIENNE C. PUBLICOVER (SBN 161432)
    MICHAEL K. BRISBIN (SBN 169495)
2   WILSON, ELSER, MOSKOWITZ,
       EDELMAN & DICKER LLP
3   525 Market Street, 17th Floor
    San Francisco, CA  94105
4   Telephone:    (415) 433-0990
    Facsimile:    (415) 434-1370
5
6   Attorneys for Defendants
    AMERICAN GENERAL LIFE INSURANCE COMPANY
7   erroneously sued as AMERICAN GENERAL LIFE COMPANIES,
    and AMERICAN GENERAL ASSURANCE COMPANY
8

9                 UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11                              '08 CV 0319 

12  DEBORAH L. ZAPPA, an individual,    )   Case No.
                                        )
13               Plaintiff,             )   **NOTICE OF REMOVAL OF CIVIL**
                                        )   **ACTION UNDER 28 U.S.C. § 1441**
14      v.                              )   **PURSUANT TO 28 U.S.C. § 1332**
                                        )   **(DIVERSITY)**
15  AMERICAN GENERAL LIFE               )
    INSURANCE COMPANIES, AMERICAN       )
16  INSURANCE ADMINISTRATORS, and       )
    AMERICAN GENERAL ASSURANCE          )
17  COMPANY, and DOES 1 through 20,     )
                                        )
18               Defendants.            )
                                        )
19  ─────────────────────────────────

20       TO THE CLERK OF THE ABOVE ENTITLED COURT:

21       **PLEASE TAKE NOTICE** that DEFENDANTS AMERICAN GENERAL LIFE

22  INSURANCE COMPANY erroneously sued as AMERICAN GENERAL LIFE COMPANIES,

23  and AMERICAN GENERAL ASSURANCE COMPANY (collectively "DEFENDANTS")

24  herby remove this action to the United States District Court for the Southern District of

25  California, San Diego Division, pursuant to 28 U.S.C. sections 1332, 1391, 1441 and 1446 on the

26  grounds that there is complete diversity of citizenship between Plaintiff DEBORAH L. ZAPPA

27

28
                                        1
                    NOTICE OF REMOVAL OF CIVIL ACTION UNDER
              28 U.S.C. § 1441 PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY)
    USDC SDCA Case #
    325007.1



1    ("ZAPPA"), who is a citizen of California and a resident of San Diego, California, and

2    AMERICAN GENERAL LIFE INSURANCE COMPANY ("AGLIC") who is a resident of

3    Texas, with its principal place of business in Houston, Texas; and AMERICAN GENERAL

4    ASSURANCE COMPANY ("AGAC") who is a resident of Illinois, with its principal place of

5    business in Neptune, New Jersey; and AMERICAN INSURANCE ADMINISTRATORS

6    ("AIA") who is a resident of Ohio, with its principal place of business in Columbus, Ohio.

7         The amount in controversy exceeds the jurisdictional minimum of $75,000.00 required

8    by Section 1332(a), as the life insurance policy benefit at issue is $500,000.00.

9         I declare, under penalty of perjury, under the laws of the State of California that the

10   foregoing facts are true on the date of filing this Notice of Removal, as more fully set forth

11   below.

12        1.    On December 12, 2007, Plaintiff ZAPPA filed in the Superior Court of the State

13   of California, County of San Diego, a civil action entitled *Deborah L. Zappa, Plaintiff v.*

14   *American General Life Companies, American Insurance Administrators, American General*

15   *Assurance Company, and Does 1-20, Defendants,* Case Number 37-2007-00083735 CU IC CTL

16   ("The Complaint").

17        2.    The first date upon which DEFENDANTS AGLIC and AGAC received a copy of

18   the Complaint or notice of the lawsuit was January 21, 2008 when the Complaint was served on

19   DEFENDANTS' agent for service of process in California. A true, correct, and complete, copy

20   of the summons and complaint served on DEFENDANTS' Agent, plus the Proof of Service, is

21   attached hereto as **Exhibit A**. Each and every allegation stated in the Complaint is incorporated

22   by reference into this Notice for purposes of removal.

23        3.    28 U.S.C. Section 1446(b) states, in part, "The notice of removal of a civil action

24   or proceeding shall be filed within thirty days after receipt by the defendant, through service or

25   otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action

26   or proceeding is based....."

27

28

2

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER**
**28 U.S.C. § 1441 PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY)**

USDC SDCA Case #
325007.1

4.      Thirty days have not passed since service of the Complaint on DEFENDANTS' agent on January 21, 2008 and therefore this matter remains removable to the District Court.

5.      DIVERSITY JURISDICTION:  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1332, and is one which may be removed to this Court by DEFENDANTS AGLIC and AGAC pursuant to the provisions of 28 U.S.C. Section 1441(b) in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as demonstrated by the following:

(a)      The citizenship of the fictitiously named DEFENDANTS identified as DOES 1 through 20 in the Complaint, should be disregarded for the purposes of this removal. *See Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) and 28 U.S.C. Section 1441(a).

(b)      Plaintiff alleges in the Complaint that she is a resident of San Diego, California (*See Complaint at paragraph 2*).  DEFENDANTS AGLIC and AGAC are informed and believe, and there on allege, that Plaintiff remains a resident and citizen of the State of California as of the date of this removal filing.

(c)      Defendant AGLIC is at the time of this filing, and remains, a resident of Texas, is a Texas corporation, with its principal place of business in Houston, Texas; AGAC is at the time of this filing, and remains, a resident of Illinois, with its principal place of business in Neptune, New Jersey; and DEFENDANTS AGLIC and AGAC are informed and believe, and there on allege, that at the time of this filing, DEFENDANT AIA is and remains, a resident of Ohio, with its principal place of business in Columbus, Ohio.

(d)      This Court's jurisdictional minimum, an amount in controversy in excess of $75,000 is satisfied because the Court may, for removal purposes, look to the removal papers for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).  A removing defendant must show by a preponderance of the evidence that the plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996).

1     Plaintiff's lawsuit seeks to recover life insurance policy benefits of $500,000.00 under

2     AGAC life insurance policy number G-500,728 (*See paragraphs 14, 41, 43, & Prayer in*

3     *Complaint*).     Plaintiff claims entitlement to the policy proceeds and also seeks bad faith and

4     punitive damages (*See Prayer in Complaint*).  Plaintiff also claims attorney's fees which will be

5     incurred to obtain life insurance benefits for her (*See, Prayer in Complaint*).  If attorney's fees

6     are recoverable by Plaintiff, the fee claim is included in determining the amount in controversy.

7     *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982).   As shown above, the

8     combination of claimed life insurance benefit, other claimed damages, and attorney's fees sought

9     by Plaintiff in this action, taken together, establish that the amount in controversy more than

10    exceeds the jurisdictional minimum of $75,000 as required by Section 1332(a).  As the damages

11    sought by Plaintiff exceed this Court's jurisdictional limit, and as the parties are of diverse

12    citizenship, removal is proper.

13         6.      Venue is proper in the Southern District of California, San Diego Division,

14    pursuant to 28 U.S.C. Section 1391(a) (3) because Plaintiff ZAPPA is subject to personal

15    jurisdiction in San Diego County, which is part of this judicial district.   (*See Compliant at*

16    *paragraph 2*).  Also, venue is proper under 1441(a) which states, in part, "...any civil action ....

17    may be removed ... to the district court of the United States for the district and division

18    embracing the place where such action is pending." San Diego County is within the jurisdiction

19    of the Southern District of California, San Diego Division.

20         7.      Therefore, DEFENDANTS file this Notice of Removal of action from the

21    Superior Court of the State of California, County of San Diego, in which it is now pending, to

22    the United States District Court for the Southern District of California, San Diego Division.

23         8.      True and correct copies of all process, pleadings, orders and documents pertaining

24    to this action (and which have been served upon DEFENDANTS AGLIC and/or AGAC, **Exhibit**

25    **A**, or which were served or filed by DEFENDANTS AGLIC and/or AGAC in this action,

26    **Exhibit B**) are attached hereto.  DEFENDANTS AGLIC and AGAC are informed and believe,

27    and thereon allege, that other than the pleadings attached to this notice of removal, there have

28

---

4

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER**
**28 U.S.C. § 1441 PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY)**

USDC SDCA Case #
325007.1

1  been no further pleadings, process, or orders filed in this action or served upon DEFENDANTS

2  AGLIC or AGAC.

3      9.      A Notice to the State Court and Adverse Party is being simultaneously filed with

4  the Superior Court of the State of California, County of San Diego and will be served on Plaintiff

5  and other defense counsel forthwith.

6      10.      Pursuant to the local rules I contacted Gregory Kane, plaintiff's counsel, on

7  February 15, 2008 to discuss removal of this matter since diversity exists between the parties and

8  the amount in question exceeds the jurisdictional minimum.   As of this filing I have not heard

9  from Mr. Kane.

10     I also contacted John Boyle, of Carroll, Burdick & McDonough, attorneys for

11  DEFENDANT AIA, on February 19, about removing this matter to Federal Court.  Mr. Boyle

12  stated AIA has no objection and agrees to the removal.   I informed Mr. Boyle of AIA'S

13  obligation to file a joinder pleading and expect that AIA will file said document no later than

14  Wednesday, February 20, 2008.

15     11.      As required, each DEFENDANT will file its responsive pleading no later than 10

16  days following removal of this action to the United States District Court, Southern District, San

17  Diego Division.

18

19  Dated: February 19, 2008       WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

20

21           By:   _____

22                 ADRIENNE C. PUBLICOVER
                   MICHAEL K. BRISBIN
23                 Attorneys for Defendants
                   **AMERICAN GENERAL LIFE INSURANCE**
24                 **COMPANY** erroneously sued as **AMERICAN**
                   **GENERAL LIFE COMPANIES**, and **AMERICAN**
25                 **GENERAL ASSURANCE COMPANY**

26

27

28

## CERTIFICATE OF SERVICE

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 Market Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER**
**28 U.S.C. § 1441 PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY)**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

<u>XXX</u>: **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection and delivery to the addressee(s) below following ordinary business practices.

____: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

____: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

<u>XXX</u>: **Facsimile** –(Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Gregory C. Kane, Esq.
SHIFFLET, KANE & KONOSKE, LLP
16880 West Bernardo Drive, Suite 250
San Diego, CA 92127-1615
Tel:  (858) 385-0871
Fax:  (858) 613-0871

*Attorneys for Plaintiff Deborah Zappa*

John D. Boyle, Esq.
Miguel Hernandez, Esq.
CARROLL, BURDICK & McDONOUGH LLP
633 West 5th Street, 51st Floor
Los Angeles, CA 90071
Tel:  (213) 833-4500
Fax:  (213) 833-4555

*Attorneys for Defendant American Insurance Administrators*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on **February 19, 2008** at San Francisco, California.

Nancy LU

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER**
**28 U.S.C. § 1441 PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY)**

USDC SDCA Case #
325007.1

# Exhibit A



**CSC.**

CORPORATION SERVICE COMPANY

RECEIVED
JAN 22 2008
KYLE L. JENNINGS

AHS / ALL
Transmittal Number: 5551395
Date Processed: 01/22/2008

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Kyle Jennings<br>AIG/American General Corporation<br>American General Life Div.<br>Floor 36 2929 Allen Parkway<br>Houston, TX 77019 |
| **Copy of transmittal only provided to:** | Linda Sanchez<br>Usulnee Wade |

| | |
|---|---|
| **Entity:** | American General Assurance Company<br>Entity ID Number 2117533 |
| **Entity Served:** | American General Assurance Company |
| **Title of Action:** | Deborah L. Zappa vs. American General Life Companies |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court:** | San Diego Superior Court, California |
| **Case Number:** | 37-2007-00083735-CU-IC-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/21/2008 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | Gregory C. Kane<br>858-385-0871 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

SOP History Transmittal Detail

**View PDF**

|  |  |
|---|---|
| Transmittal #: | 5551395 |
| Entity: | AMERICAN GENERAL ASSURANCE COMPANY |
| Entity Id: | 2117533 |
| Entity Served: | AMERICAN GENERAL ASSURANCE COMPANY |
| Title of Action: | DEBORAH L. ZAPPA v. AMERICAN GENERAL LIFE COMPANIES |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | San Diego Superior Court |
| Case #: | 37-2007-00083735-CU-IC-CTL |
| Jurisdiction Served In: | California |
| Date Served: | 01/21/2008 |
| Answer or Appearance Due: | 30 |
| Originally Served Upon: | CSC |
| How Served: | PERSONALSERVICE |
| Plaintiff's Attorney/Sender: | Gregory C. Kane |
| Plaintiff's Attorney/Sender Phone: | 858-385-0871 |
| Enclosures: | N/A |
| Client Requested Information: | N/A |
| Transmittal Notes: | N/A |
| Acknowledged By: | N/A |

**Original Sent To:**

| Document | Papers sent via | Tracking Number | Contact Attn | Company Name | Address |
|---|---|---|---|---|---|
| SOP Original Transmittal | EDELIVERY | | Kyle Jennings | AIG/American General Corporation | American General Life Div. Floor 36 2929 Allen ParkwayHouston TX 77019 USA |

**Copies Provided To:**

| Document | Papers sent via | Tracking Number | Contact Attn | Company Name | Address |
|---|---|---|---|---|---|
| SOP Transmittal Copy And Cover Letter | | | Linda Sanchez | AIG/American General Corporation | American General Life Div. Floor 36 2929 Allen ParkwayHouston TX 77019 USA |
| SOP Transmittal Copy And Cover Letter | | | Kyle | AIG/American General Corporation | American General Life Div. Floor 36 2929 Allen ParkwayHouston TX 77019 USA |
| SOP Transmittal Copy And Cover Letter | | | Usulnee Wade | American General Life Insurance Company | 2929 Allen Parkway Suite AT 30-15Houston TX 77019 USA |

**Docket History:**

| Document | Papers sent via | Tracking Number | Contact Attn | Date Served | Transmittal |
|----------|-----------------|-----------------|--------------|-------------|-------------|

Close

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMERICAN GENERAL LIFE COMPANIES, AMERICAN INSURANCE
ADMINISTRATORS, AMERICAN GENERAL ASSURANCE COMPANY
and DOES 1 through 20,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DEBORAH L. ZAPPA, an individual

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
Clerk of the Superior Court

DEC 3 1 2007

By: S. Little, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO 330 West Broadway San Diego, CA 92101 | CASE NUMBER: *(Número del Caso):* 37-2007-00083735-CU-IC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SHIFFLET, KANE & KONOSKE, LLP          Tel: (858) 385-0871          Fax: (858) 613-0871
Gregory C. Kane, SBN: 095046 - 16880 West Bernardo Drive, Suite 250, San Diego, CA 92127

| | | |
|---|---|---|
| DATE: DEC 3 1 2007 *(Fecha)* | Clerk, by **S. LITTLE** *(Secretario)* | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   AMERICAN GENERAL ASSURANCE COMPANY

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 1/21/08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

www.accesslaw.com

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| GREGORY C. KANE    SBN: 95046<br>16880 West Bernardo Dr., Suite 250<br>San Diego, CA 92127<br><br>TELEPHONE NO.: (858)385-0871    FAX NO.: (858)613-0871<br>ATTORNEY FOR (Name): Deborah Zappa, Plaintiff | CIVIL BUSINESS OFFICE 10<br>CENTRAL DIVISION<br><br>2007 DEC 12 P 3: 34<br><br>SAN DIEGO HIGH COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 303 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Downtown Branch

CASE NAME:
DEBORAH L. ZAPPA v. AMERICAN GENERAL LIFE INSURANCE

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2007-00083735-CU-IC-CTL |
| | | | | JUDGE: |
| | | | | DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [✓] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): Four (4)
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 11, 2007
Gregory C. Kane, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

1 | Gregory C. Kane, Esq.  SBN 095046
**SHIFFLET, KANE & KONOSKE, LLP**
2 | 16880 West Bernardo Drive, Suite 250
San Diego, CA 92127-1615
3 | Telephone: (858) 385-0871

4 | Attorneys for Plaintiff, DEBORAH L. ZAPPA

5

6

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN DIEGO

10 | DEBORAH L. ZAPPA, an individual,     ) Case No.37-2007-00083735-CU-IC-CTL
                                       )
11 |          Plaintiff,                )
                                       )
12 |     vs.                           ) **COMPLAINT FOR BREACH OF**
                                       ) **CONTRACT, BREACH OF THE**
13 | AMERICAN GENERAL LIFE COMPANIES,   ) **IMPLIED COVENANT OF GOOD FAITH**
     AMERICAN INSURANCE ADMINISTRATORS, ) **AND FAIR DEALING, FRAUD AND**
14 | and AMERICAN GENERAL ASSURANCE     ) **DECLARATORY RELIEF**
     COMPANY, and DOES 1 through 20,    )
15 |                                    ) I/C/J:
              Defendants.              ) I/C/D:
16 | _____) Trial Date:
                                       ) Complaint Filed:
17 | _____)

18

19 |     COMES NOW, PLAINTIFF, DEBORAH L. ZAPPA, and alleges as follows:

20 |                          I.

21 |                  __GENERAL ALLEGATIONS__

22 |     1.    That Plaintiff, Deborah L. Zappa, is the widow of

23 | Martin A. Zappa and the sole designated beneficiary of Martin A.

24 | Zappa as it pertains to a life insurance policy, which is the

25 | subject of this Complaint.

26 |     2.    That at all times pertinent hereto, Deborah L. Zappa was

27 | a resident of the County of San Diego.

28 | ///

1    3.    That Defendants herein named and DOES 1 through 10 were

2 business entities of an unknown type which were engaged in the

3 solicitation and sales of life insurance contracts within the State

4 of California, County of San Diego, and were doing business as

5 "insurance companies" in this jurisdiction and venue.

6    4.    That Plaintiff herein is informed and believes that

7 Defendants, and each of them, including DOES 1 through 20, were the

8 agents, employees, principals, and employers of one another, and in

9 doing the things herein alleged, were all acting within the course

10 and scope of such agency and employment relationship with the

11 permission and consent of their co-defendants.

12    5.    That the Defendants named herein, and DOES 1 through 10,

13 created a scheme to defraud consumers who had attended various

14 universities, including San Diego State University. Such scheme was

15 designed to offer to sell life insurance contracts to the alumni of

16 said universities or colleges, take premiums for said life insurance

17 contracts, and then deny the benefits when the named insured passed

18 away, thereby wrongfully keeping premiums to their own profit and

19 depriving the beneficiaries of the proceeds of the life insurance

20 policies.

21    6.    That the Defendants, and each of them, including DOES 1

22 through 10, created advertising material, including flyers, mailers,

23 and pamphlets, describing an alumni term life insurance policy at

24 greatly reduced rates with simplified application procedures.

25 Defendants, and each of them, obtained lists of alumni of various

26 universities, including San Diego State University, and mailed these

27 unsolicited offerings to the unsuspecting alumni.

28 ///

PH11880G                        2.
                          COMPLAINT

7.   That Defendants, and each of them, including DOES 1 through 10, at all times never intended to actually honor any life insurance policy contract they issued.   It was their intent to obtain premiums for life insurance policies and then deny benefits on some technicality or other manufactured basis.

8.   That the specific identity of the individual employees of these various Defendants are better known to the Defendants themselves, and the specific employees who initiated the mailing of these unsolicited offerings were not identified to Plaintiff or the deceased, Martin A. Zappa.

9.   That in approximately January 2006, Plaintiff herein and her husband, Martin A. Zappa, received a solicitation from Defendants herein for the alumni term life insurance policy.  On or about February 10, 2006, Martin A. Zappa applied for one of the alumni term life insurance policies with Defendants herein.

10.   That throughout the process of applying for the life insurance policy, Defendant, American Insurance Administrators, and DOES 1 through 5, acted as the coordinators of the process of applying for the policy.  They sent numerous requests to Martin A. Zappa for additional information, every one of which Martin A. Zappa complied with.

11.   That Martin A. Zappa signed authorizations for the release of his medical records, submitted to a modified physical examination, gave blood and urine samples, provided a financial statement, and complied with every single request from American Insurance Administrators and DOES 1 through 5 to complete the application for the insurance policy.

///

PH11880G                       3.
                          COMPLAINT

12.  That, on June 30, 2006, Defendants, American Insurance Administrators and DOES 1 through 5, with full knowledge, consent and as part of the scheme, sent an "Alumni Term 10/20 Life Plan Portfolio" to Martin A. Zappa stating his application for insurance had been accepted and "as long as we receive your premium in the next thirty days, your coverage will be effective on July 15, 2006".

13.  The application, all prepared in writing, was for a policy limit of $500,000.  The June 30, 2006, correspondence in writing from American Insurance Administrators confirmed a policy amount of $500,000.

14.  The letter of June 30, 2006, which included the written Alumni Term Life Plan Portfolio, stated a life insurance benefit of $500,000 was effective July 15, 2006, listing the insured as Martin A. Zappa and the sole beneficiary as Deborah L. Zappa, wife.

15.  That said letter of June 30, 2006, included a "statement of account" with a statement for a "net amount due now; $2,221.67".

16.  That Plaintiff, Deborah L. Zappa, paid the full amount of $2,221.67 on July 18, 2006, well within the thirty (30) day time limit as stated in the June 30, 2006, letter.

17.  That on August 24, 2006, Martin A. Zappa died.

18.  That on September 12, 2006, a proof of death claim was signed by Deborah L. Zappa, and benefits were requested under the policy which had been issued under Certificate No. 112-267891.

19.  That on or about April 12, 2007, Defendant, American General, on behalf of all Defendants and with the knowledge, consent and ratification of all Defendants, denied the benefits due under the life insurance contract to Deborah L. Zappa as the sole beneficiary of Martin A. Zappa on a wrongful basis, all as part of

PH11880G                          4.
                    COMPLAINT

1  the scheme and plan by these Defendants to lure unsuspecting alumni

2  of state colleges and universities to pay premiums on a policy which

3  would later be denied.

4      20.  That Plaintiff herein paid the full premium requested on

5  July 18, 2006, and Defendants, and each of them, have kept the full

6  amount of the premium, $2,2221.67, to their own benefit and to the

7  detriment to the Plaintiff herein, all as part of the preconceived

8  plan to defraud unsuspecting consumers from their money.

9                              II.

10                      BREACH OF CONTRACT

11      21.  Plaintiff incorporates Paragraphs 1 through 20 herein by

12  reference as if fully set forth and incorporates the content thereof

13  herein.

14      22.  That the Defendants, and each of them, did enter into a

15  written contract for life insurance for Martin A. Zappa, named

16  insured, with Deborah L. Zappa, the Plaintiff herein, as the sole

17  and exclusive beneficiary of said life insurance policy in the total

18  sum of $500,000.

19      23.  That Plaintiff and decedent Martin A. Zappa complied with

20  and performed every single requirement of them, both prior to the

21  issuance of the policy and as required under the terms of the policy

22  herein, specifically by submitting to medical evaluations, providing

23  authorizations for release of medical records, providing financial

24  statements, and paying the premium when due as required.

25      24.  That the Defendants, and each of them, have breached the

26  contract of life insurance by wrongfully denying coverage and

27  depriving the Plaintiff herein of the benefits of the life insurance

28  policy.

PH11880G                    5.
                        COMPLAINT

1    25.  Plaintiff herein has been damaged in that she has not
2  received the $500,000 life insurance policy benefits which were
3  promised to her as part of the life insurance policy contract.
4                            III.
5  **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
6    26.  Plaintiff incorporates Paragraphs 1 through 25 herein as
7  if fully set forth and incorporates the content thereof in this
8  cause of action.
9    27.  That implied in every written contract of insurance there
10  is an implied covenant of good faith and fair dealing which requires
11  all parties to the insurance contract to act in good faith and deal
12  fairly, so as to do nothing to interfere with the rights of the
13  parties to receive the benefits of the agreement.
14    28.  That Defendants herein, and each of them, have breached
15  this implied covenant by reflexively denying coverage when a claim
16  is made, failing to adequately investigate the details of the claim,
17  and failing to respond in any manner to correspondence from the
18  insured seeking reconsideration of the denial of the claim.
19    29.  That Defendants, and each of them, further breached the
20  implied covenant of good faith and fair dealing by devising the
21  scheme to offer to sell life insurance policies to the unsuspecting
22  alumni of the state colleges and universities, knowing they would
23  deny any and all benefits under any policy ever issued and that this
24  knowledge and practice was done when the beneficiaries were
25  particularly susceptible to being caused emotional distress
26  immediately following the death of their loved one.
27    30.  That said practice of reflexively denying the claims out
28  of hand immediately following the death of a loved one when the

PH11880G                     6.
                          COMPLAINT

1  policy benefits are so sorely needed can only be described as
2  despicable conduct carried on by the Defendants with a willful and
3  conscious disregard of the rights of the Plaintiff herein; is
4  despicable conduct which subjects the Plaintiff herein to unjust
5  hardship in conscious disregard for her rights and furthers the
6  intentional misrepresentations of the Defendants, who knew full well
7  they were never going to honor a policy of life insurance they
8  offered to sell the Plaintiff herein, thereby depriving the
9  Plaintiff of her legal rights, resulting in injury.

10    31.  That Plaintiff herein has suffered emotional distress by
11  reason of the aforesaid conduct on the part of the Defendants, and
12  each of them, in that she has been deprived of the financial
13  assistance the benefits of said life insurance policy would have
14  provided her upon the death of her husband.

15    32.  That Plaintiff herein has suffered damage, including the
16  $500,000 policy benefits which should have been paid to her.

17    33.  That Plaintiff herein has suffered economic damage, in
18  that she has been compelled to retain counsel and enter into an
19  agreement to pay for an attorney to secure the benefits rightfully
20  due her under the policy of life insurance covering Martin A. Zappa,
21  all in an amount to be proven at the time of trial.

22    34.  That the aforementioned conduct of the Defendants, and
23  each of them, constitutes oppression, malice, and fraud, causing the
24  Plaintiff loss of property, damage to her legal rights, and
25  otherwise causing injury, so as to justify an award of punitive
26  damages.
27  ///
28  ///

· IV.

**FRAUD**

35. Plaintiff incorporates herein Paragraphs 1 through 34 herein as if fully set forth and incorporates the content of said paragraphs.

36. That Defendants, and each of them, through their agents, employees, representatives, and others better known to Defendants, created a scheme to lure the alumni of the state colleges and universities to part with their money in the guise of selling life insurance policies, on which they knew they were going to attempt to avoid making any benefit payments.

37. That, as part of the scheme, the Defendants, and each of them, had prepared various advertising and solicitation documentation and had this documentation delivered to the alumni of state colleges and universities to pretend to solicit these alumni to purchase life insurance policies.

38. That the Defendants, and each of them, had this documentation sent to the Plaintiff and her husband herein.

39. That at the time the Defendants, and each of them, solicited the Plaintiff and her husband to apply for and pay for a life insurance policy, the Defendants, and each of them, had no intention whatsoever to honor the terms of the life insurance policy which was applied for.

40. That the Plaintiff and her husband applied for a life insurance policy, followed every direction and fulfilled every requirement of them as dictated by the Defendants herein, and each of them.

///

41.  That Plaintiff and her husband were led to believe, and justifiably relied upon the representations of the Defendants, and each of them, that a policy of insurance would be in force, and based upon that reliance, paid a premium of $2,221.67 to secure the policy of life insurance in the sum of $500,000.

42.  That the Plaintiff and her husband, at no time, had any basis not to believe the promises and representations made by Defendants, and each of them, and in good faith relied upon those representations as being true.  There was no way the Plaintiff and her husband could have known the actual facts, to wit, the Defendants never intended to honor the policy of insurance.

43.  That in fulfillment of the Defendants' scheme, the Defendants, and each of them, did wrongfully deny payment of the benefits under the life insurance policy, thereby depriving the Plaintiff herein of the $500,000 life insurance benefit for which she paid lawful consideration.

44.  That, further, the Defendants herein have kept for their use and benefit the sum of $2,221.67 from July 18, 2006, through the present time, thereby depriving the Plaintiff herein of the use of the premium that she paid for the life insurance policy.

45.  That the aforementioned conduct of the Defendants, and each of them, constitutes intentional misrepresentation with the intention on the part of the Defendants, and each of them, of thereby depriving the Plaintiff of property and otherwise causing injury, so as to justify an award of punitive damages.

///

///

///

## V.

### DECLARATORY RELIEF

46.  Plaintiff incorporates Paragraph 1 through 45 herein by reference as if fully set forth and incorporates the content thereof.

47.  That the Plaintiff has sought benefits under the life insurance policy for which she and her husband, Martin A. Zappa, applied.

48.  That Plaintiff and her deceased husband, Martin A. Zappa, fulfilled all requirements of them as part of the process of applying for and securing the policy of life insurance, including providing all information after the report of claim was made.

49.  That Defendants, and each of them, have now denied that benefits are due and owing under the life insurance policy.

50.  That this has created a dispute between the parties as to whether or not the life insurance policy was in force and whether or not there was any legal basis upon which to deny the benefits otherwise due and owing under the policy.

51.  Plaintiffs herein seek the judgment of this court to declare the rights, duties, liabilities and obligations of the parties under this relationship.

WHEREFORE, Plaintiff prays judgment as follows:

1.  For payment of the life insurance proceeds in the sum of $500,000;

2.  For interest on the life insurance proceeds from the time they should have been paid to the present;

///

1      3.   For damages for emotional distress in the amount to be

2   proven at the time of trial;

3      4.   For attorneys fees incurred to secure the benefits under

4   the life insurance policy;

5      5.   For punitive damages in an amount to be proven at the time

6   of trial;

7      6.   For costs incurred herein; and

8      7.   For such other and further relief as the court may deem

9   proper.

10   DATE: December 12, 2007              SHIFFLET, KANE & KONOSKE, LLP

11

12                            By:

13                                 GREGORY C. KANE,
                                   Attorneys for Plaintiff,
14                                 DEBORAH L. ZAPPA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CIV-050

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name and Address):*<br>GREGORY C. KANE    **TELEPHONE NO.:** (858)385-0871<br>16880 West Bernardo Dr., Suite 250<br>San Diego, CA 92127<br>**ATTORNEY FOR** *(name):* DEBORAH L. ZAPPA, Plaintiff | **FOR COURT USE ONLY** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO<br>STREET ADDRESS: 303 West Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Downtown | |
| PLAINTIFF: DEBORAH L. ZAPPA<br>DEFENDANT: AMERICAN GENERAL LIFE INSURANCE | |
| **STATEMENT OF DAMAGES**<br>(Personal Injury or Wrongful Death) | **CASE NUMBER:**<br>37-2007-00083735-CU-IC-CTL |

To *(name of one defendant only):* AMERICAN GENERAL LIFE INSURANCE
Plaintiff *(name of one plaintiff only):* DEBORAH L. ZAPPA
seeks damages in the above-entitled action, as follows:

                                                  **AMOUNT**

1. General damages
   a. ☐ Pain, suffering, and inconvenience ................................................ $ _____
   b. ☑ Emotional distress. ......................................................... $ 1,000,000.00
   c. ☐ Loss of consortium ........................................................... $ _____
   d. ☐ Loss of society and companionship *(wrongful death actions only)* ............ $ _____
   e. ☐ Other *(specify)* ............................................................ $ _____
   f. ☐ Other *(specify)* ............................................................ $ _____
   g. ☐ Continued on Attachment 1.g.

2. Special damages
   a. ☐ Medical expenses *(to date)* ................................................. $ _____
   b. ☐ Future medical expenses *(present value)* .................................... $ _____
   c. ☐ Loss of earnings *(to date)* ................................................. $ _____
   d. ☐ Loss of future earning capacity *(present value)* ............................ $ _____
   e. ☐ Property damage ............................................................. $ _____
   f. ☐ Funeral expenses *(wrongful death actions only)* ............................. $ _____
   g. ☐ Future contributions *(present value) (wrongful death actions only)* ......... $ _____
   h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ... $ _____
   i. ☐ Other *(specify)* ............................................................ $ _____
   j. ☐ Other *(specify)* ............................................................ $ _____
   k. ☐ Continued on Attachment 2.k.

3. ☑ Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 10,000,000.00
   when pursuing a judgment in the suit filed against you.

Date: December 11, 2007

GREGORY C. KANE, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)    Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]    **STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)    Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:     330 West Broadway
MAILING ADDRESS:    330 West Broadway
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:     Central
TELEPHONE NUMBER:  (619) 685-6025

PLAINTIFF(S) / PETITIONER(S):      Deborah L. Zappa

DEFENDANT(S) / RESPONDENT(S): American General Life Companies et.al.

ZAPPA VS. AMERICAN GENERAL LIFE COMPANIES

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2007-00083735-CU-IC-CTL |
|---|---|

Judge:  Joan M. Lewis                    Department: C-65

**COMPLAINT/PETITION FILED: 12/12/2007**

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00083735-CU-IC-CTL        CASE TITLE: Zappa vs. American General Life Companies

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Deborah L. Zappa |
|---|
| DEFENDANT(S): American General Life Companies et.al. |
| SHORT TITLE: ZAPPA VS. AMERICAN GENERAL LIFE COMPANIES |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2007-00083735-CU-IC-CTL |
|---|---|

Judge: Joan M. Lewis                                              Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program            ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                  ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                          ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                  ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral   ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____               Date: _____

_____             _____
Name of Plaintiff                            Name of Defendant

_____             _____
Signature                                    Signature

_____             _____
Name of Plaintiff's Attorney                 Name of Defendant's Attorney

_____             _____
Signature                                    Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 12/14/2007                            _____
                                             JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)                                                    Page: 1
            **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**

3

# Exhibit B

1   ADRIENNE C. PUBLICOVER (SBN 161432)
    MICHAEL K. BRISBIN (SBN 169495)
2   WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP
3   525 Market Street, 17th Floor
    San Francisco, CA 94105
4   Telephone:   (415) 433-0990
    Facsimile:   (415) 434-1370
5
    Attorneys for Plaintiff
6   **AMERICAN GENERAL LIFE INSURANCE COMPANY**
    erroneously sued as **AMERICAN GENERAL LIFE COMPANIES,**
7   and **AMERICAN GENERAL ASSURANCE COMPANY**

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                 **COUNTY OF SAN DIEGO**

11

| | |
|---|---|
| DEBORAH L. ZAPPA, an individual, | )   Case No.:    37-2007-00083735-CU-IC-CTL |
| Plaintiff, | ) **NOTICE TO STATE COURT AND TO** |
| | ) **ADVERSE PARTY OF REMOVAL OF** |
| v. | ) **ACTION TO FEDERAL COURT UNDER** |
| | ) **28 U.S.C. Section 1441(a) & (b)** |
| AMERICAN GENERAL LIFE | ) |
| INSURANCE COMPANIES, AMERICAN | ) [Diversity, 28 U.S.C. Section 1332] |
| INSURANCE ADMINISTRATORS, and | ) |
| AMERICAN GENERAL ASSURANCE | ) |
| COMPANY, and DOES 1 through 20, | ) |
| | ) Action Filed:  December 12, 2007 |
| Defendants. | ) Trial Date:  N/A |
| | ) |

19     **TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF,**

20  **DEBORAH L. ZAPPA, HER ATTORNEY OF RECORD, AMERICAN INSURANCE**

21  **ADMINISTRATORS and ITS ATTORNEY OF RECORD:**

22       **PLEASE TAKE NOTICE** that on February 19, 2008 Defendants AMERICAN

23  GENERAL LIFE INSURANCE COMPANY ("AGLIC"), erroneously sued as AMERICAN

24  GENERAL LIFE COMPANIES, and AMERICAN GENERAL ASSURANCE COMPANY

25  ("AGAC"), ("collectively Defendants") filed in the United States District Court, Southern

26  District of California, San Diego Division, a Notice of Removal of this action to the District

27

28

                        1

Court pursuant to 28 U.S.C. Section 1441(a) and (b) and 28 U.S.C. Section 1332 (diversity). A copy of the Notice of Removal and its exhibits are attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. Section 1446 (d), the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of this Notice of Removal with the Superior Court, effects the removal of this action.

Accordingly, the above-entitled State Court may not proceed further unless and until the case is remanded.

Dated: February 19, 2008       WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


By: _____

        ADRIENNE C. PUBLICOVER
        MICHAEL K. BRISBIN
        Attorneys for Defendants
        **AMERICAN GENERAL LIFE INSURANCE
        COMPANY erroneously sued as AMERICAN
        GENERAL LIFE COMPANIES, and AMERICAN
        GENERAL ASSURANCE COMPANY**

**NOTICE TO STATE COURT AND TO ADVERSE PARTY OF REMOVAL OF ACTION
TO FEDERAL COURT UNDER 28 U.S.C. Section 1441(a) & (b)**
San Diego Superior Court Case #37-2007-00083735-CU-IC-CTL
325009.1

1

## PROOF OF SERVICE

2       I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 Market Street, 17th Floor, San Francisco, California 94105.

3

4       On this date I served the following document(s):

5   **NOTICE TO STATE COURT AND TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. Section 1441(a) & (b)**

6

7   on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

8   **XXX:** **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection and delivery to the addressee(s) below following ordinary business practices.

9

10  \_\_\_\_: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

11

12  \_\_\_\_: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

13

14  **XXX:** **Facsimile** –(Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

15

16  Gregory C. Kane, Esq.            John D. Boyle, Esq.
SHIFFLET, KANE & KONOSKE, LLP      Miguel Hernandez, Esq.
16880 West Bernardo Drive, Suite 250   CARROLL, BURDICK & McDONOUGH LLP

17  San Diego, CA 92127-1615         633 West 5th Street, 51st Floor
Tel:   (858) 385-0871             Los Angeles, CA 90071

18  Fax:  (858) 613-0871             Tel:   (213) 833-4500
                                                 Fax:   (213) 833-4555

19  *Attorneys for Plaintiff Deborah Zappa*

20                                           *Attorneys for Defendant American Insurance Administrators*

21      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

22

23      Executed on **February 19, 2008** at San Francisco, California.

24

25  _____
                           Nancy Li

26

27

28

**NOTICE TO STATE COURT AND TO ADVERSE PARTY OF REMOVAL OF ACTION
TO FEDERAL COURT UNDER 28 U.S.C. Section 1441(a) & (b)**
San Diego Superior Court Case #37-2007-00083735-CU-IC-CTL
325009.1

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
Deborah L. Zappa, an individual,

**DEFENDANTS**
American General Life Insurance Companies, American Insurance Administrators and American General Assurance Company, and Does 1 through 20.

**FILED**
FEB 1 9 2008
'08 CV 0319 L NLS
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gregory C. Kane, Esq.
SHIFFLET, KANE & KONOSKE, LLP
16880 West Bernardo Drive, Suite 250
San Diego, CA  94105
Tel: (858) 385-0871 / fax: (858) 613-0871

ATTORNEYS (IF KNOWN)
Adrienne C. Publicover, Esq.
Michael K. Brisbin, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
525 Market Street, 17th Floor, San Francisco, CA  94105
Tel: (415) 433-0990 / Fax: (415) 434-1370

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. Sections 1332, 1391, 1441 & 1446

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (13958) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 885 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removal from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ N/A
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE _____  Docket Number _____

DATE
February 19, 2008

SIGNATURE OF ATTORNEY OF RECORD
_Michael K. Brisbin_ Bar
Michael K. Brisbin, Esq.

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

14789  $350  ser 2/20/08

## CERTIFICATE OF SERVICE

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 Market Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

### CIVIL COVER SHEET

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

**XXX:** **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection and delivery to the addressee(s) below following ordinary business practices.

____: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

____: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

**XXX:** **Facsimile** –(Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Gregory C. Kane, Esq.
SHIFFLET, KANE & KONOSKE, LLP
16880 West Bernardo Drive, Suite 250
San Diego, CA 92127-1615
Tel:   (858) 385-0871
Fax:   (858) 613-0871

*Attorneys for Plaintiff Deborah Zappa*

John D. Boyle, Esq.
Miguel Hernandez, Esq.
CARROLL, BURDICK & McDONOUGH LLP
633 West 5th Street, 51st Floor
Los Angeles, CA 90071
Tel:   (213) 833-4500
Fax:   (213) 833-4555

*Attorneys for Defendant American Insurance Administrators*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on **February 19, 2008** at San Francisco, California.

_____
Nancy Li

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 147819    — SH
* * C O P Y * *
February 20, 2008**
09:17:31

**Civ Fil Non-Pris**
USAO #.: 08CV0319
Judge..: MARILYN L HUFF
Amount.:                    $350.00 CK
Check#.: BC66740


**Total-> $350.00**


FROM: ZAPPA V. AMERICAN GENERAL LIFE