1  John D. Boyle, No. 105499
   Miguel Hernandez, No. 216254
2  **CARROLL, BURDICK & McDONOUGH LLP**
   Attorneys at Law
3  633 West Fifth Street, 51st Floor
   Los Angeles, CA  90071
4  Telephone:    213.833.4500
   Facsimile:    213.833.4555
5  Email:        jboyle@cbmlaw.com
                 mhernandez@cbmlaw.com
6
   Attorneys for Defendant
7  AMERICAN INSURANCE ADMINISTRATORS

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11  DEBORAH L. ZAPPA, and individual,        No. CV08-00319 H NLS

12              Plaintiff,                    **AMERICAN INSURANCE
                                              ADMINISTRATORS' NOTICE OF
13          v.                                MOTION AND MOTION TO DISMISS
                                              PLAINTIFF DEBORAH L. ZAPPA'S
14  AMERICAN GENERAL LIFE                     COMPLAINT OR IN THE
    COMPANIES; AMERICAN                       ALTERNATIVE MOTION FOR MORE
15  INSURANCE ADMINISTRATORS                  DEFINITE STATEMENT AND
    AND AMERICAN GENERAL                      MOTION TO STRIKE;
16  ASSURANCE COMPANY; and                    MEMORANDUM OF POINTS AND
    DOES 1 through 20,,                       AUTHORITIES IN SUPPORT
17                                            THEREOF**
                Defendant.
18                                            Date:   March 24, 2008
                                             Time:   10:30 a.m.
19                                           Dept.:  13
                                             Judge:  Hon. Marilyn L. Huff
20
                                             Complaint Filed:  December 12, 2007
21                                           Complaint Removed:  February 19, 2008
                                             Trial Date:  None set
22

23

24       TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

25       PLEASE TAKE NOTICE that on March 24, 2008, at 10:30 a.m. or as soon

26  thereafter as may be heard in Department 13 of the above-entitled court, located at 880

27  Front Street, San Diego, California, defendant, AMERICAN INSURANCE

28  ADMINISTRATORS ("AIA" or "Defendant") will and does hereby move for an order to

1  Dismiss the complaint ("Complaint") of plaintiff, DEBORAH L. ZAPPA ("Zappa" or

2  Plaintiff") pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* or in the

3  alternative for a More Definite Statement and to strike the prayer for punitive damages

4  and attorneys fees pursuant to Rule 12(b)(6), (e) and (f) of the *Federal Rules of Civil*

5  *Procedure.*

6          The motion is and will be made on the grounds that the Complaint fails to state

7  a cause of action against AIA and contains improper allegations that should be stricken.

8  The motion is based upon this Notice, the accompanying Memorandum of Points and

9  Authorities and the records of the Court in this matter, including particularly the

10  Complaint.

11

12          Dated:  February 25, 2008

13                                      CARROLL, BURDICK & McDONOUGH LLP

14

15                                      By /s/ *Miguel Hernandez*
                                             _____
16                                                    John D. Boyle
                                                      Miguel Hernandez
17                                      Attorneys for Defendant
                                        AMERICAN INSURANCE
18                                      ADMINISTRATORS

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I      INTRODUCTION AND STATEMENT OF FACTS ................................................. 1

II     RELEVANT STANDARDS ................................................................................ 2

III    NO CAUSE OF ACTION IS STATED FOR BREACH OF CONTRACT OR
       BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR
       DEALING........................................................................................................... 4

       A.    Breach of Contract........................................................................................ 4

       B.    Breach of the Covenant of Good Faith and Fair Dealing ................................. 6

IV     PLAINTIFF' S FRAUD CAUSE OF ACTION FAILS ......................................... 7

       A.    No Facts Whatsoever Are Alleged Regarding the Purported Fraud ................. 7

V      THERE IS NO BASIS FOR PLAINTIFF'S DECLARATORY RELIEF
       CLAIM ............................................................................................................... 9

VI     CERTAIN ALLEGATIONS SHOULD BE STRICKEN FROM THE
       COMPLAINT ...................................................................................................... 10

       A.    Punitive Damages ........................................................................................ 10

       B.    Attorneys Fees ............................................................................................ 13

VII    CONCLUSION .................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Balistreri v. Pacifica Police Dept.*
(9th Cir. 1988) 901 F.2d 696 ................................................................................. 3

*Banco do Brasil, S.A. v. Latian, Inc.*
(1991) 234 Cal.App.3d 973 ................................................................................... 4

*Beck v. State Farm Mut. Auto. Ins. Co.*
(1976) 54 Cal.App.3d 347 ................................................................................... 10

*Blegen v. Super. Ct.*
(1981) 125 Cal.App.3d 959 ................................................................................. 11

*Branch v. Tunnell*
(9th Cir. 1994) 14 F.3d 449 .................................................................................. 3

*Brandt v. Superior Ct.*
(1985) 37 Cal.3d 813 .................................................................................... 13, 14

*Brousseau v. Jarrett*
(1977) 73 Cal.App.3d 864 ................................................................................... 12

*City of Tiburon v. Northwestern Pac. R.R. Co.*
(1970) 4 Cal.App.3d 160 .................................................................................... 10

*Cohen v. Groman Mortuary, Inc.*
(1964) 234 Cal.App.2d 1 .................................................................................... 11

*College Hospital, Inc. v. Super. Ct.*
(1994) 8 Cal.4th 704 .......................................................................................... 11

*Ebaugh v. Rabkin*
(1972) 22 Cal.App.3d 891 .................................................................................. 11

*G.D. Searle & Co. v. Super. Ct.*
(1975) 49 Cal.App.3d 22 .................................................................................... 11

*Gantman v. United Pacific Ins. Co.*
(1991) 232 Cal. App. 3d 1560 .............................................................................. 5

*Glynn v. Marquette*
(1984) 152 Cal.App.3d 277 ................................................................................ 13

*Jones v. Aetna*
(1994) 26 Cal. App. 4th 1717 ............................................................................... 6

*Kendall Yacht Corp. v. United Cal. Bank*
(1975) 50 Cal.App.3d 949 .................................................................................. 11

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Kisesky v. Carpenters' Trust for So. Cal.*
(1983) 144 Cal.App.2d 222 ....................................................................... 11

*Krusi v. Bear Stearns & Co.*
(1983) 144 Cal.App.3d 664 ....................................................................... 11

*Lazar v. Sup. Ct. (Rykoss-Sexton, Inc.)*
(1996) 12 Cal.4th 631 ........................................................................... 7, 8

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*
(1993) 507 U.S. 163 ................................................................................. 2

*Lesperance v. North American Aviation*
(1963) 217 Cal.App.2d 336 ........................................................................ 7

*Mir, M.D. v. Little Co. of Mary Hospital*
(9th Cir. 1988) 844 F.2d 646 ..................................................................... 3

*Mock v. Michigan Millers Mutual Ins. Co.*
(1994) 4 Cal.App.4th 306 .......................................................................... 11

*Nolin v. National Convenience Stores, Inc.*
(1976) 95 Cal.App.3d 279 ......................................................................... 13

*Otworth v. Southern Pacific Transportation Company*
(1985) 166 Cal.App.3d 452 ......................................................................... 4

*Pareto v. F.D.I.C.*
(9th Cir. 1998) 139 F.3d 696 ...................................................................... 3

*Rosener v. Sears, Roebuck and Co.*
(1980) 110 Cal.App.3d 740 ........................................................................ 13

*Roth v. Shell Oil Co.*
(1960) 185 Cal.App.2d 676 ......................................................................... 11

*Shapiro v. Wells Fargo Advisors*
(1984) 152 Cal.App.3d 467 ...................................................................... 7, 8

*Smith v. San Francisco*
(1990) 225 Cal.App.3d 38 ........................................................................... 6

*Staples v. Arthur Murray, Inc.*
(1967) 253 Cal.App.2d 507 ......................................................................... 4

*State of California v. Superior Ct.*
(1974) 12 Cal.3d 237 ............................................................................... 10

*Taylor v. National Supply Co. of Cal.*
(1936) 12 Cal.App.2d 557 ........................................................................... 6

TABLE OF AUTHORITIES
(continued)

Page(s)

*Vaughn v. Certified Life, Ins.*
(1965) 238 Cal.App.2d 177 ............................................................................ 7, 8, 9

*Western Mining Council v. Watt*
(9th Cir. 1981) 643 F.2d 618.......................................................................... 3

*Woolstrum v. Mailloux*
(1983) 141 Cal.App.3d Supp. 1 ...................................................................... 10

**Statutes**

Civil Code
    Section 3294 ................................................................................................ 10, 11
    Section 3294(a)-(c) ...................................................................................... 10
    Section 3294(b) ............................................................................................ 12, 13
    Section 3294(c)(1) ........................................................................................ 11

Code of Civil Procedure
    Section 1060 .................................................................................................. 10

**Other Authorities**

5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*
    § 1356 (1990) ................................................................................................ 2

*Merriam Webster's Collegiate Dictionary*
    1307 (10th ed. 1993)..................................................................................... 4

**Rules**

Federal Rules of Civil Procedure
    Rule 12(e) ...................................................................................................... 3, 6
    Rule 12(b)(6) .................................................................................................. 2, 3, 6, 9, 10

Federal Rules of Evidence
    Rule 201 ........................................................................................................ 3

CBM-LA\SF394745.1

NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I

3

## INTRODUCTION AND STATEMENT OF FACTS

4        Plaintiff, DEBORAH L. ZAPPA ("Zappa" or Plaintiff") filed a complaint

5   ("Complaint") against defendants, AMERICAN INSURANCE ADMINISTRATORS

6   ("AIA" or "Defendant"), AMERICAN GENERAL LIFE COMPANIES ("American

7   General Life Insurance") and AMERICAN GENERAL ASSURANCE COMPANY

8   ("American General Assurance")(collectively "Defendants") alleging the following

9   causes of action: (i) breach of contract; (ii) breach of the implied covenant of good faith

10   and fair dealing; (iii) fraud; and (iv) declaratory relief.

11        All causes of action in the Complaint emanate from a term life insurance

12   policy which Plaintiff claims was issued to her late husband, Martin A. Zappa (the

13   "Policy").  Plaintiff acknowledges receiving a written solicitation, application and Policy

14   from the Defendants.  (Complaint at ¶¶ 9 and 12).  Plaintiff next alleges that on July 18,

15   2006, after Mr. Zappa completed the Policy application, Plaintiff paid a Policy premium

16   of $2,221.67.  Then, on August 24, 2006, a little more than one month after she paid the

17   Policy premium, Mr. Zappa passed away.  (Complaint at ¶ 17).

18        Plaintiff alleges that she was the Policy's sole designated beneficiary and that

19   on September 12, 2006, she executed a Proof of Death claim and requested payment of

20   $500,000, the Policy limits.  (Complaint at ¶¶ 1 and 18).  After she submitted the claim,

21   Plaintiff alleges that "American General . . . denied the benefits due under the life

22   insurance contract."  (Complaint at ¶ 19).  It is not clear from the Complaint, however, if

23   it was American General Life Insurance or American General Assurance that denied the

24   claim.  With respect AIA's role, Plaintiff admits that AIA "acted as coordinators of

25   applying for the policy." (Complaint at ¶ 10).  In other words, AIA acted as an

26   intermediary and coordinated the Policy application process.  AIA was not a party to the

27   alleged Policy contract.  *Id.*

28

CBM-LA\SF394745.1

-1-

1    Plaintiff maintains in her Complaint that Defendants breached the Policy and

2   implied covenant of good faith and fair dealing in numerous respects.  Although much is

3   alleged regarding the purported breaches, Plaintiff fails to set forth the corresponding

4   material provisions in the Policy contract that speak to the rights and remedies available to

5   the contracting parties.  In fact, the breach of contract allegations are so deficient that it is

6   unclear which defendant is a party to, and allegedly breached, the purported Policy

7   contract.  To that end, it bears noting that Plaintiff admits she received copies of the

8   written contract but failed to attach them to the Complaint as exhibits.

9    Plaintiff's fraud and declaratory relief causes of action are predicated on the

10   breach of contract claim and are therefore similarly deficient and subject to dismissal.

11   There are additional grounds, however, to dismiss the fraud cause of action.  Namely,

12   Plaintiff at no time sets forth specific facts concerning her allegation that the Defendants

13   defrauded her.  Tellingly, her allegations concerning the purported fraud are characterized

14   by generalizations that fail to reference specific individuals, events, communications and

15   the dates on which they occurred.  The absence of particularity and specificity in the fraud

16   allegations renders the cause of action meaningless such that it should be dismissed.

17    The punitive damages allegations are characterized by the same lack of

18   specificity such that they should be stricken from the Complaint.  Additionally, the

19   request for attorney fees is improper and should also be stricken from the Complaint.

20                                          **II**

21                            **RELEVANT STANDARDS**

22    A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the

23   complaint.  *Federal Rules of Civil Procedure,* Rule 12(b)(6).  Rule 12(b)(6) must be read

24   in conjunction with Rule 8(a) which requires a "short and plaint statement of the claim

25   showing that the pleader is entitled to relief."  5A Charles A. Wright & Arthur R. Miller,

26   *Federal Practice and Procedure* § 1356 (1990).  The Supreme Court has stated that "the

27   Rule mean[s] what it say[s]."  *Leatherman v. Tarrant County Narcotics Intelligence and*

28   *Coordination Unit* (1993) 507 U.S. 163, 168.  As the Court explained, "The Rules require

1  [] 'a short and plain statement of the claim' that will give the defendant fair notice of what

2  the plaintiff's claim is and the grounds upon which it rests."

3        A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a

4  cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable

5  legal theory." *Balistreri v. Pacifica Police Dept.* (9th Cir. 1988) 901 F.2d 696, 699.  The

6  Court must accept as true all material allegations in the complaint, as well as reasonable

7  inferences to be drawn from them. See *Pareto v. F.D.I.C.* (9th Cir. 1998) 139 F.3d 696,

8  699.  Moreover, the complaint must be read in the light most favorable to the plaintiff.

9  See *id.*  However, the Court need not accept as true unreasonable inferences, unwarranted

10  deductions of fact, or conclusory legal allegations cast in the form of factual allegations.

11  See, e.g., *Western Mining Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624.

12        Moreover, in ruling on a 12(b) motion, a court generally cannot consider

13  material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery

14  materials).  See *Branch v. Tunnell* (9th Cir. 1994) 14 F.3d 449, 453.  A court may,

15  however, consider exhibits submitted with the complaint.  See *id.* at 453-54.  Also, a court

16  may consider documents which are not physically attached to the complaint but "whose

17  contents are alleged in [the] complaint and whose authenticity no party questions."  *Id.* at

18  454.  Further, it is proper for the court to consider matters subject to judicial notice

19  pursuant to *Federal Rule of Evidence 201.  Mir, M.D. v. Little Co. of Mary Hospital* (9th

20  Cir. 1988) 844 F.2d 646, 649.

21        With respect to Rule 12(e), this rule provides that a party may move for a

22  more definite statement before interposing a responsive pleading.  *Federal Rules of Civil*

23  *Procedure,* Rule 12(e) provides, in pertinent part, as follows:

24      A party may move for a more definite statement of a pleading to
which a responsive pleading is allowed but which is so vague or

25  ambiguous that the party cannot reasonably prepare a response. The
motion must be made before filing a responsive pleading and must

26  point out the defects complained of and the details desired.

27  *Federal Rules of Civil Procedure,* Rule 12(e).

28

# III

## NO CAUSE OF ACTION IS STATED FOR BREACH OF CONTRACT OR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### A.   Breach of Contract.

To allege a cause of action for breach of a written contract, a plaintiff is required to attach the contract to the complaint.  In lieu of attaching the contract, a plaintiff must allege verbatim the material terms of the contract.  *Staples v. Arthur Murray, Inc.* (1967) 253 Cal.App.2d 507; *Banco do Brasil, S.A. v. Latian, Inc.* (1991) 234 Cal.App.3d 973 (holding that material terms must be pled); *Otworth v. Southern Pacific Transportation Company* (1985) 166 Cal.App.3d 452, 459 (holding that if "the action is based on alleged breach of a written contract, the terms must be set out *verbatim* in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference").

Plaintiff's breach of contract cause of action fails for numerous reasons.  First, she failed to attach a copy of the purported written Policy contract.  As a result, she is required to allege <u>verbatim</u> the terms of that contract.  In other words, the terms must be pled word-for-word as they appear in the actual contract.  *Merriam Webster's Collegiate Dictionary* 1307 (10th ed. 1993).  Here, Plaintiff failed to allege verbatim the terms of the written Policy contract which is grounds for dismissal.  *Otworth, supra,* at 459.

Second, and equally important, Plaintiff failed to allege *all of the material* terms of the written Policy contract.  *Banco do Brasil, supra,* at 973.  Plaintiff, for example, alleges some of the material terms of the purported contract such as the premium amount, policy limits and the name of the insured.  However, other material terms are not alleged.  Case in point, Plaintiff alleges that benefits were denied on a "wrongful basis" and that the "intent . .  [was] to . . deny benefits on some technicality."  (Complaint at ¶¶ 19 and 7, respectively).  These allegations beg the question: On what basis were benefits denied?  What technicality?  What are the material terms of the purported Policy contract which speak to the contractual rights and obligations as relevant to the denial of

1   benefits?  Is it ever appropriate to deny benefits under the Policy?  Absent these, and

2   other, material terms, no claim is stated for breach of contract.  Moreover, alleging these

3   terms is not something that is optional for the Plaintiff since she failed to attach the

4   written Policy contract which she admits is in her possession.[1]

5           Third, having failed to allege the material terms of the Policy contract, it is not

6   surprising that Plaintiff's breach of contract allegations are vague and uncertain.  Plaintiff,

7   for example, specifically admits in her Complaint that AIA's role was to act as

8   coordinator during the Policy application process.  (Complaint at ¶ 10).  Plaintiff,

9   however, goes on to allege in the vaguest of terms that all three defendants are parties to

10  the Policy contract.  (Complaint at ¶ 22).  Not only is this contrary to Plaintiff's specific

11  allegations regarding AIA's role as coordinator, but it is also highly unlikely that three

12  separate companies issued and declined benefits under one Policy.  This is especially true

13  for AIA since, as Plaintiff acknowledges, AIA is in the business of coordinating the

14  insurance application process and not an actual issuer of insurance policies.

15          Plaintiff's other allegations only add greater uncertainty.  For example,

16  Plaintiff alleges that after she submitted her claim, "American General . . . denied the

17  benefits due under the life insurance contract."  (Complaint at ¶ 19).  Plaintiff fails to

18  specify to which entity she submitted her claim and if it was American General Life

19  Insurance or American General Assurance that denied the claim and thus allegedly

20  breached the Policy contract.  Again, although the Complaint seems to suggest that AIA

21  was a party to and breached the purported Policy contract, there are no facts to support

22  such bald and unfounded allegations.  Contrarily, Plaintiff's allegations establish that AIA

23  was not a party to the Policy contract.  In which case, AIA cannot be sued for breach of

24  contract.  (See *Gantman v. United Pacific Ins. Co.* (1991) 232 Cal. App. 3d 1560, 1566,

25  holding that a contract claim is proper only against contracting parties, because they are

26

---

27  [1] It bears noting that if this Court requires Plaintiff to attach a copy of the alleged Policy contract then AIA would have a complete defense to the first cause of action for breach of

28  contract and other causes of action which derive from that claim.

1  the real parties in interest and therefore have standing to sue or be sued for breach of the

2  contract).

3        AIA should not be forced to guess or decipher Plaintiff's uncertain allegations

4  regarding the purported contractual material terms, the parties thereto and the breaches

5  thereof.  Attaching the Policy would have, to a large extent, clarified these omissions.

6  Moreover, there is no practical reason why Plaintiff failed to attach the Policy to her

7  Complaint.  As such, having failed to allege the material terms for her breach of contract

8  cause of action, Plaintiff's first cause of action fails to state a claim upon which relief can

9  be granted and is subject to dismissal.  Rule 12(b)(6) of the *Federal Rules of Civil*

10  *Procedure.*  Assuming that Plaintiff's cause of action for breach of contract states a claim

11  upon which relief can be granted (which it does not), AIA asks this Court, in the

12  alternative and pursuant to Rule 12(e), to require Plaintiff to provide a more specific

13  statement.  As discussed above, as alleged, AIA cannot properly respond to Plaintiff's

14  breach of contract cause of action.  Rule 12 (e) of the *Federal Rules of Civil Procedure.*

15      **B.  Breach of the Covenant of Good Faith and Fair Dealing.**

16        California law recognizes an implied covenant of good faith and fair dealing in

17  every contract.  Because the covenant is a term that is implied in the contract, no cause of

18  action for breach of the implied covenant can be alleged unless the plaintiff successfully

19  alleges the existence of a contract.  *Smith v. San Francisco* (1990) 225 Cal.App.3d 38, 49;

20  *Taylor v. National Supply Co. of Cal.* (1936) 12 Cal.App.2d 557, 563.  Plaintiff has failed

21  to adequately allege a cause of action for breach of contract against AIA.  (Motion to

22  Dismiss at § III (A)).  Therefore, it necessarily follows that her claim for breach of the

23  implied covenant must also fail.  *Smith, supra,* at 49; *Taylor, supra,* at 563.  See also

24  *Jones v. Aetna* (1994) 26 Cal. App. 4th 1717 (holding that the duty of good faith and fair

25  dealing arises from and exists solely because of the contractual relationship between the

26  parties).  Thus, someone who is not a party to the contract cannot be sued for breach of the

27  contract and implied covenant and therefore bears no liability for contractual damages or

28  damages arising from the wrongful withholding of benefits to the contracting party.

# IV

## PLAINTIFF'S FRAUD CAUSE OF ACTION FAILS

Plaintiff's third cause of action for fraud is duplicative of the breach of contract claim. In a nutshell, Plaintiff alleges that Defendants committed fraud by breaching the Policy and withholding benefits. (Complaint at ¶¶ 41-43). As explained in section III of the instant Motion, however, Plaintiff not only fails to allege the existence of a contract, but she also fails to allege that AIA was a party to any such contract. Accordingly, since the fraud cause of action is wholly predicated on the deficient contract allegations, the fraud cause of action is also subject to dismissal. The fraud cause of action, however, fails on independent grounds.

### A. No Facts Whatsoever Are Alleged Regarding the Purported Fraud.

To state a claim for fraud the plaintiff must plead the following: (a) A false representation; (b) Knowledge of its falsity; (c) Intent to induce reliance; (d) Justifiable and actual reliance by the plaintiff; and (e) Resulting Damage. *Lesperance v. North American Aviation* (1963) 217 Cal.App.2d 336, 345.

In pleading fraud actions, a plaintiff may not resort to generalities or conclusions. Plaintiff must plead <u>specific facts</u> as to "how, when, where, to whom, by what means the representation was tendered, from what date the falsity of [defendant's] intentions could be inferred, or how, when, where, to whom, and what circumstances [the plaintiff] can justify in relying upon these representations." *Shapiro v. Wells Fargo Advisors* (1984) 152 Cal.App.3d 467; *Vaughn v. Certified Life, Ins.* (1965) 238 Cal.App.2d 177. Furthermore, where fraud is alleged against a corporation, a plaintiff must allege the name of the persons who made the misrepresentations, their authority to speak for the corporation, to whom they spoke, what they said or wrote, and when it was said or written. *Lazar v. Sup. Ct. (Rykoss-Sexton, Inc.)* (1996) 12 Cal.4th 631, 645.

Since fraud involves serious allegations that attack a person's character, the allegations are subject to demurrer unless pled with the requisite specificity. *Vaughn, supra,* at 177, acknowledging, "fraud actions have been classified as disfavored and are

1  subject to strict requirements of particularity in pleading. [A]llegations of fraud involve a

2  serious attack on character, fairness to the defendant demands that he should receive the

3  fullest possible details of the charge . . to prepare his defense."

4      Bearing in mind the well-settled pleading standards for fraud, Plaintiff's

5  allegations fall below the legal requirement. First, it is evident that Plaintiff has taken

6  lightly the seriousness of her accusations of fraud against AIA and the other Defendants.

7  Indeed, the Complaint *fails to provide any specific facts* whatsoever concerning the

8  purported fraud. At best, the fraud allegations duplicate the deficient breach of contract

9  allegations. Plaintiff fails to provide specific allegations to apprise AIA of when the

10  conduct giving rise to her purported fraud claim actually occurred and how the

11  misrepresentations were tendered. Although required to do so, she fails to allege or

12  identify a specific conversation(s), what specifically was said, who was present, where the

13  conversation occurred and/or any other information from which AIA can extrapolate the

14  specifics concerning the alleged fraud.

15      Instead of providing the particulars concerning the fraud, Plaintiff alleges that

16  Defendants: (i) marketed insurance policies to alumni of state colleges and universities;

17  (ii) prepared and delivered to alumni advertising materials regarding the insurance

18  policies; (iii) had no intention to honor the terms of Mr. Zappa's Policy; and (iv) led the

19  Zappas to believe that payment of a $2,221.67 premium would secure the life insurance

20  policy. (Complaint at ¶¶ 36-43). These allegations lack the requisite specificity to allege

21  a cause of action for fraud such that no relief can be granted. *Shapiro, supra,* at 467;

22  *Vaughn, supra,* at 177. Moreover, since the allegations of fraud are against corporate

23  Defendants, it is incumbent on Plaintiff to identify the names of the persons who made the

24  misrepresentations, their authority to speak for the corporation and what was said or

25  misrepresented. *Lazar, supra,* at 645. Again, no such allegations appear on the face of

26  the Complaint.

27      Based on the allegations in the Complaint, it is anticipated that Plaintiff will

28  argue that the Defendants are in a better position to know this information. However, this

CBM-LA\SF394745.1                      -8-

1  is simply not the case and not supported by the facts. For example, with respect to the

2  advertising and solicitation materials, Plaintiff admits receiving copies but fails to

3  specifically allege what was misrepresented in those materials and who specifically made

4  those misrepresentations. (Complaint at ¶ 9). Although Plaintiff is in possession of these

5  materials she omits these critical facts and instead makes broad and sweeping fraud

6  allegations which are completely unsupported by concrete and specific facts.

7          The lack of specificity is compounded by the fact that there is not one, but

8  three, corporations which have been named as Defendants. Indeed, Plaintiff herself

9  admits having separate communications with each of the Defendants and that either

10  American General Life Insurance or American General Assurance, not AIA, denied the

11  benefits. Therefore, to accuse AIA of fraud for statements it did not make and actions

12  which it did not take would be fundamentally unfair. Equally important, this would

13  contravene well-settled pleading standards that require specificity since fraud allegations

14  "involve a serious attack on character, fairness to the defendant demands that he should

15  receive the fullest possible details of the charge . . to prepare his defense." *Vaughn,*

16  *supra,* at 177.

17          Even viewing the allegations in the light most favorable to the Plaintiff, it is

18  clear that Plaintiff will not be able to state a viable claim for fraud against AIA. As noted

19  above, the allegations amount to nothing more than inadequate breach of contract

20  allegations which in and of themselves are not actionable under a tort theory. As such,

21  having failed to allege the material terms for her fraud cause of action, Plaintiff's third

22  cause of action fails to state a claim upon which relief can be granted and is subject to

23  dismissal. Rule 12(b)(6) of the *Federal Rules of Civil Procedure.*

24                                            **V**

25      **THERE IS NO BASIS FOR PLAINTIFF'S DECLARATORY RELIEF CLAIM**

26          Plaintiff's fourth cause of action is for declaratory relief. A complaint for

27  declaratory relief is legally sufficient if it sets forth facts showing the existence of an

28  actual controversy relating to the legal rights and duties of the respective parties under a

1   written instrument or contract and requests that these rights and duties be adjudged by the

2   court.  *Code of Civil Procedure* § 1060*; City of Tiburon v. Northwestern Pac. R.R. Co.*

3   (1970) 4 Cal.App.3d 160, 170.  In the case at bar, Plaintiff seeks a declaration of rights

4   and duties which arise from the alleged Policy contract: "[there is] a dispute between the

5   parties as to whether or not there was any legal basis upon which to deny the benefits

6   otherwise due and owing under the policy."  (Complaint at ¶ 50).  Plaintiff's failure to

7   properly plead the existence of the Policy contract necessarily means that Plaintiff cannot

8   seek declaratory relief at this juncture.  This would be tantamount to putting the cart

9   before the horse.  Plaintiff must first allege the existence of a valid contract, which she has

10  failed to do thus far.

11         Moreover, given Plaintiff's failure to properly allege privity of contract

12  between AIA and Mr. Zappa, AIA would not be affected by a declaration of rights

13  concerning a contract to which it is not a party.  *State of California v. Superior Ct.* (1974)

14  12 Cal.3d 237, 251.  Declaratory relief, therefore, would not be proper as against AIA.

15  The fourth cause of action for declaratory relief, therefore, is subject to dismissal.  Rule

16  12(b)(6) of the *Federal Rules of Civil Procedure.*

17                                        **VI**

18                      **CERTAIN ALLEGATIONS SHOULD BE**
                        **STRICKEN FROM THE COMPLAINT**
19

        **A.  Punitive Damages.**
20

21         A long line of California precedent establishes that punitive damages are

22  generally disfavored in the law.  *Beck v. State Farm Mut. Auto. Ins. Co.* (1976) 54

23  Cal.App.3d 347, 355; *Woolstrum v. Mailloux* (1983) 141 Cal.App.3d Supp. 1, 10.  When

24  they are alleged, they should be "viewed with the greatest caution."  *Id.*  In 1987, the

25  California legislature codified this judicial policy by amending *Civil Code* Section 3294 to

26  require "clear and convincing evidence" of "despicable conduct which is carried on by the

27  defendant with a willful and conscious disregard for the rights and safety of others."  *Civil*

28  *Code* § 3294(a)-(c).  By enacting this rigorous standard, the California legislature limited

a party's ability to claim punitive damages in "garden-variety" tort actions. *College Hospital, Inc. v. Super. Ct.* (1994) 8 Cal.4th 704, 725; *Mock v. Michigan Millers Mutual Ins. Co.* (1994) 4 Cal.App.4th 306, 331.

Judicial interpretation of section 3294 establishes that a claim for punitive damages requires a specific showing of conduct that rises to the level of actual malice. *Ebaugh v. Rabkin* (1972) 22 Cal.App.3d 891, 894-95. This requires pleading a specific "act conceived in a spirit of mischief or with criminal indifference towards the obligations owed to others," thereby demonstrating an intent to "vex, annoy or injure." *Id.* "Mere spite or ill will is not sufficient*." Id.* Moreover, "negligence, even gross negligence, is not sufficient to justify an award of punitive damages." *Id*. See also *Krusi v. Bear Stearns & Co.* (1983) 144 Cal.App.3d 664, 679; *Kendall Yacht Corp. v. United Cal. Bank* (1975) 50 Cal.App.3d 949, 959. Rather, the type of "malice" supporting a claim of punitive damages requires a "definite showing" of an "evil motive." *Roth v. Shell Oil Co.* (1960) 185 Cal.App.2d 676, 681-682. See also *Civil Code* § 3294(c)(1) ("Malice means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.").

Importantly, a claim for punitive damages "cannot be based on mere speculation." *Roth*, *supra*, at 682. Conclusory characterization of a defendant's conduct as malicious, fraudulent, or oppressive is likewise insufficient to discharge a plaintiff's prima facie pleading burden. *G.D. Searle & Co. v. Super. Ct.* (1975) 49 Cal.App.3d 22, 29. See also *Kisesky v. Carpenters' Trust for So. Cal.* (1983) 144 Cal.App.2d 222. "Plaintiff must plead the ultimate facts which give rise to liability." *Blegen v. Super. Ct.* (1981) 125 Cal.App.3d 959.

This rule is clearly demonstrated in *Cohen v. Groman Mortuary, Inc.* (1964) 234 Cal.App.2d 1, 8, where the court held that the pleadings only contained legal conclusions, thus warranting the restriction of the claim for exemplary damages. The court stated:

CBM-LA\SF394745.1
-11-

"The extent of the pleading at bar in regard to malice is that the wrongful conduct of the defendants . . . was committed with such wanton and willful disregard of the sensibilities of the plaintiff as to constitute implied malice.' No facts relevant to malice are alleged, only allegations consisting of legal conclusions that the acts were reckless and wanton. This does not create a cause of action. [Citations]."

This is precisely the situation in the case at bar. In support of her claim for punitive damages, Plaintiff has not alleged any ultimate facts to show that AIA acted with fraud, oppression or malice. There are no allegations of specific conduct, omissions, statements or otherwise to sufficiently demonstrate malice, oppression or fraud alleged against AIA. Allegations that a defendant acted with oppression, fraud and malice or with conscious disregard for the rights of others, by themselves, are merely legal conclusions, *Brousseau v. Jarrett* (1977) 73 Cal.App.3d 864, *supra,* at 872. Plaintiff's Complaint contains conclusory allegations, as discussed in the Demurrer, which mandate that the punitive damage allegations be stricken from the Complaint.

More to the point, with respect to AIA, Plaintiff concedes that AIA did nothing more than coordinate the application process. (Complaint at ¶ 10). Surely, this singular allegation is not sufficient to warrant a claim for punitive damages against AIA. Plaintiff's other concession that either American General Life Insurance or American General Assurance allegedly denied the claim lends additional support and establishes that AIA bears no liability here for punitive damages.

Plaintiff's punitive damages allegations against AIA fail for independent reasons. *Civil Code* § 3294(b) requires that punitive and exemplary damages claims set forth specific allegations against a corporate defendant. Section 3294(b) provides, in pertinent part, as follows:

"[A]n employer shall not be liable for damages . . . based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge with conscious disregard, authorization, ratification or

1
2
<u>act of oppression, fraud, or malice must be on the part of an officer,
director, or managing agent of the corporation."</u>.

3   See *Civil Code, supra,* § 3294(b) [emphasis added].

4          Plaintiff's allegations against AIA are fatally deficient in this regard.  In the

5   Complaint, Plaintiff fails to identify any AIA employees who purportedly engaged in the

6   malice, oppression or fraud.  Absent such critical allegations, Plaintiff is unable to allege

7   that AIA had advance knowledge of, authorized or otherwise ratified the particular

8   conduct.  *Civil Code* § 3294(b) .

9          Finally, assuming that Plaintiff's prayer for punitive damages is properly

10  alleged (which it is not), this Court should still strike Plaintiff's allegations since punitive

11  damages are a disfavored remedy.  See *Nolin v. National Convenience Stores, Inc.* (1976)

12  95 Cal.App.3d 279, 284-285 (stating that punitive damages are disfavored and should be

13  allowed only in the clearest of cases); see also *Rosener v. Sears, Roebuck and Co.* (1980)

14  110 Cal.App.3d 740, 750 (stating that it is a well-established principle that punitive

15  damages are disfavored and such damages constitute a windfall).

16         As set forth above, Plaintiff's allegations simply do not rise to the level

17  required for punitive damages.  Moreover, given the disfavored nature of punitive

18  damages, this Court should strike Plaintiff's punitive damages allegations and prayer.

19         **B.   Attorneys Fees.**

20         California law is clear that, except as specifically provided for by contract or

21  statute, each party to an action is required to pay his or her own attorney's fees.  *Glynn v.*

22  *Marquette* (1984) 152 Cal.App.3d 277, 280.  Plaintiff, however, alleges that she is entitled

23  to recover "attorneys fees incurred to secure the benefits under the life insurance policy."

24  (Complaint at page 11, lines 3-4).  A plaintiff can only recover attorneys fees as a measure

25  of damages if he or she entered into a contract with the defendant, the defendant breached

26  the implied covenant of good faith and fair dealing, and it was necessary to retain an

27  attorney to collect the benefits due under the contact.  *Brandt v. Superior Ct.* (1985) 37

28  Cal.3d 813.

1    In the case at bar, as established in the Demurrer, Plaintiff has failed to allege

2    that AIA was a party to the alleged Policy contract and breached the implied covenant of

3    good faith and fair dealing.  Indeed, Plaintiff admits in her Complaint that AIA "acted as

4    coordinators of applying for the policy" and that "American General . . . denied the

5    benefits due under the life insurance contract."  (Complaint at ¶¶ 10 and 19).  As such,

6    based on Plaintiff's own allegations, the request for punitive damages is inappropriate and

7    should be stricken since there is no contractual basis to recover attorneys fees from AIA.

8    *Brandt, supra,* at 820.

9                                **VII**

10                            **CONCLUSION**

11    For the reasons set forth above, AIA respectfully requests that this Court grant

12    the instant Motion in its entirety.

13

14    Dated:  February 25, 2008

15                              CARROLL, BURDICK & McDONOUGH LLP

16

17                              By /s/ *Miguel Hernandez*
                                        John D. Boyle
18                                    Miguel Hernandez
                                 Attorneys for Defendant
19                               AMERICAN INSURANCE
                                 ADMINISTRATORS
20

21

22

23

24

25

26

27

28

*Zappa v. American General Life Companies, et al.*
San Diego Superior Court, Case No. 37-2007-00093735-CU-IC-CTL

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document:

**AMERICAN INSURANCE ADMINISTRATORS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF DEBORAH L. ZAPPA'S COMPLAINT OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

was filed electronically in compliance with Local Rule 5.4 (c).  As such, said document was served on counsel identified below who are deemed to have consented to electronic service.  Local Rule 5.4 (c).

| | |
|---|---|
| Gregory C. Kane, Esq.<br>**SHIFFLET, KANE & KONOSKE, LLP**<br>16880 West Bernardo Drive<br>Suite 250<br>San Diego, CA  92127-1615<br>Tel:  (858) 385-0871<br>Fax: (858) 613-0871 | Attorneys for Plaintiff<br>DEBORAH ZAPPA |
| Adrienne C. Publicover<br>Michael K. Brisbin<br>**WILSON, ELSER, MOSKOWITZ, EDELMAN & DECKER LLP**<br>525 Market Street, 17th Floor<br>San Francisco, CA 94105 | Attorneys for Plaintiff<br>AMERICAN GENERAL LIFE INSURANCE COMPANY and AMERICAN GENERAL ASSURANCE COMPANY |

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on **February 25, 2008**, at Los Angeles, California.

By  */s/ Miguel Hernandez*
　　　Miguel Hernandez

CBM-LA\SF394745.1