1  ADRIENNE C. PUBLICOVER  (SBN 161432)
   MICHAEL K. BRISBIN  (SBN 169495)
2  WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, CA  94105
4  Telephone:     (415) 433-0990
   Facsimile:     (415) 434-1370
5
   Attorneys for Defendants
6  **AMERICAN GENERAL LIFE INSURANCE COMPANY**
   erroneously sued as **AMERICAN GENERAL LIFE COMPANIES,**
7  and **AMERICAN GENERAL ASSURANCE COMPANY**

8

9
                    **UNITED STATES DISTRICT COURT**
10
          **SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION**
11

12  DEBORAH L. ZAPPA, an individual,      )   **Case No. CV08-00319 H NLS**
                                          )
13                Plaintiff,              )   **DEFENDANTS AMERICAN GENERAL**
                                          )   **LIFE INSURANCE COMPANY and**
14         v.                             )   **AMERICAN GENERAL ASSURANCE**
                                          )   **COMPANIES ANSWER TO PLAINTIFF'S**
15  AMERICAN GENERAL LIFE                 )   **COMPLAINT**
    INSURANCE COMPANIES, AMERICAN         )
16  INSURANCE ADMINISTRATORS, and         )
    AMERICAN GENERAL ASSURANCE            )   Removed:  February 20, 2008
17  COMPANY, and DOES 1 through 20,       )
                                          )   Complaint Filed:  December 12, 2007
18                Defendants.             )
                                          )
19                                        )
                                          )
20  _____   )

21         DEFENDANTS AMERICAN GENERAL LIFE INSURANCE COMPANY erroneously

22  sued as AMERICAN GENERAL LIFE COMPANIES and  AMERICAN GENERAL

23  ASSURANCE COMPANY ("DEFENDANTS"), respond to Plaintiff DEBORAH L. ZAPPA'S

24  ("ZAPPA") Complaint for damages pursuant to claims for breach of contract, breach of the

25  covenant of good faith and fair dealing, fraud, and declaratory relief, as follows:

26  ///

27  ///

28  ///

## GENERAL ALLEGATIONS

1.      Answering Paragraph 1 of the Complaint, DEFENDANTS admit that ZAPPA is the widow of Martin A. Zappa and was the beneficiary designated on the AGAC life insurance policy.  As to the remaining allegations, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

2.      Answering Paragraph 2 of the Complaint, DEFENDANTS admit that at the time Martin A. Zappa completed the life insurance application and the policy issued ZAPPA was a resident of the County of San Diego.  DEFENDANTS are informed and believe that ZAPPA is presently a resident of San Diego County and on that basis admits that fact.   As to the remaining allegations, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

3.      Answering Paragraph 3 of the Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

4.      Answering Paragraph 4 of the Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

5.      Answering Paragraph 5 of the Complaint, DEFENDANTS deny they created a scheme to defraud consumers by selling life insurance policies, taking premiums and then wrongfully or without cause denied life insurance benefits.  DEFENDANTS further deny that they wrongfully kept premiums to their own profit or deprived the beneficiaries of the proceeds of the life insurance policies.  As to the remaining allegations, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

6.      Answering Paragraph 6 of the Complaint, DEFENDANTS deny they created, participated in, or performed, the acts described therein.  As to the remaining allegations,

Defendants American General Life Insurance Company and American General Assurance Companies
Answer to Plaintiff's Complaint
USDC SDCA Case No.: CV08-00319 H NLS
325028.1

2

1    DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth

2    of the allegations contained in said Paragraph, and on that basis deny each and every allegation

3    contained therein.

4        7.    Answering Paragraph 7 of the Complaint, DEFENDANTS deny each and every

5    allegation contained therein.

6        8.    Answering Paragraph 8 of the Complaint, DEFENDANTS are without sufficient

7    knowledge or information to form a belief as to the truth of the allegations contained in said

8    Paragraph, and on that basis deny each and every allegation contained therein.

9        9.    Answering Paragraph 9 of the Complaint, DEFENDANTS admit that Martin A.

10   Zappa applied for life insurance on or about approximately February 2006.  As to the remaining

11   allegations, DEFENDANTS are without sufficient knowledge or information to form a belief as

12   to the truth of the allegations contained in said Paragraph, and on that basis deny each and every

13   allegation contained therein.

14       10.   Answering Paragraph 10 of the Complaint, DEFENDANTS are without sufficient

15   knowledge or information to form a belief as to the truth of the allegations contained in said

16   Paragraph, and on that basis deny each and every allegation contained therein.

17       11.   Answering Paragraph 11 of the Complaint, DEFENDANTS admit that Martin A.

18   Zappa executed a release and provided a financial statement.  As to the remaining allegations,

19   DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth

20   of the allegations contained in said Paragraph, and on that basis deny each and every allegation

21   contained therein.

22       12.   Answering Paragraph 12 of the Complaint, DEFENDANTS are without sufficient

23   knowledge or information to form a belief as to the truth of the allegations contained in said

24   Paragraph, and on that basis deny each and every allegation contained therein.

25       13.   Answering Paragraph 13 of the Complaint, DEFENDANTS admit the AGAC

26   policy issued to Martin A. Zappa had a face value of $500,000.00.  As to the remaining

27   allegations, DEFENDANTS are without sufficient knowledge or information to form a belief as

28

1  to the truth of the allegations contained in said Paragraph, and on that basis deny each and every

2  allegation contained therein.

3        14.     Answering Paragraph 14 of the Complaint, DEFENDANTS are without sufficient

4  knowledge or information to form a belief as to the truth of the allegations contained in said

5  Paragraph, and on that basis deny each and every allegation contained therein.

6        15.     Answering Paragraph 15 of the Complaint, DEFENDANTS are without sufficient

7  knowledge or information to form a belief as to the truth of the allegations contained in said

8  Paragraph, and on that basis deny each and every allegation contained therein.

9        16.     Answering Paragraph 16 of the Complaint, DEFENDANTS are without sufficient

10  knowledge or information to form a belief as to the truth of the allegations contained in said

11  Paragraph, and on that basis deny each and every allegation contained therein.

12        17.     Answering Paragraph 17 of the Complaint, DEFENDANTS admit they have

13  received a copy of a death certificate which reads that Martin A. Zappa died on August 24, 2006.

14        18.     Answering Paragraph 18 of the Complaint, DEFENDANTS admit ZAPPA

15  executed a proof of death claim form, but deny it was on September 12, 2006. As to the

16  remaining allegations, DEFENDANTS are without sufficient knowledge or information to form

17  a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each

18  and every allegation contained therein.

19        19.     Answering Paragraph 19 of the Complaint, DEFENDANTS admit they issued a

20  letter dated April 12, 2007 stating ZAPPA'S claim was denied and the basis on which it was

21  denied. As to the remaining allegations, DEFENDANTS deny each and every allegation

22  contained therein.

23        20.     Answering Paragraph 20 of the Complaint, DEFENDANTS are without sufficient

24  knowledge or information to form a belief as to the truth of the allegations contained in said

25  Paragraph, and on that basis deny each and every allegation contained therein.

26  **BREACH OF CONTRACT**

27        21.     Answering Paragraph 21 of the Complaint, DEFENDANTS incorporate by

28  reference the above Paragraphs 1 through 20 as if set forth fully herein.

Defendants American General Life Insurance Company and American General Assurance Companies
Answer to Plaintiff's Complaint
USDC SDCA Case No.: CV08-00319 H NLS
325028.1

4

22.     Answering Paragraph 22 of the Complaint, DEFENDANTS admit AGAC issued a life insurance policy to Martin Zappa in 2006 with a face amount of $500,000.00, and on the application attached to the policy ZAPPA is listed as the beneficiary.  As to the remaining allegations, DEFENDANTS deny each and every allegation contained therein.

23.     Answering Paragraph 23 of the Complaint, DEFENDANTS deny each and every allegation contained therein.

24.     Answering Paragraph 24 of the Complaint, DEFENDANTS deny that they breached the contract of life insurance; that they wrongfully denied coverage; that they wrongfully deprived Plaintiff of life insurance benefits; and each and every other allegation contained therein.

25.     Answering Paragraph 25 of the Complaint, DEFENDANTS deny any wrongful conduct; that ZAPPA is entitled to the $500,000.00 life insurance benefit; ZAPPA has suffered damages; or will continue to suffer damages.  As to the remaining allegations, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

26.     Answering Paragraph 26 of the Complaint, DEFENDANTS incorporate by reference the above Paragraphs 1 through 25 as if set forth fully herein.

27.     Answering Paragraph 27 of the Complaint, DEFENDANTS admit there is a covenant of good faith and fair dealing implied in the subject insurance contract.

28.     Answering Paragraph 28 of the Complaint, DEFENDANTS deny that they have breached the implied covenant of good faith and fair dealing; deny that they "reflexively" denied coverage in this instance; and deny they failed to adequately investigate the details of the claim. As to the remaining allegations, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

29.     Answering Paragraph 29 of the Complaint, DEFENDANTS deny that they have breached the implied covenant of good faith and fair dealing; deny that they devised schemes to

1   offer life insurance with the knowledge that they would deny any and all claims for benefits

2   under the policies issued.  As to the remaining allegations, DEFENDANTS are without sufficient

3   knowledge or information to form a belief as to the truth of the allegations contained in said

4   Paragraph, and on that basis deny each and every allegation contained therein.

5          30.     Answering Paragraph 30 of the Complaint, DEFENDANTS deny that they have

6   breached the implied covenant of good faith and fair dealing; deny that they "reflexively" denied

7   coverage in this instance; deny any wrongful conduct; that said conduct was intended to cause

8   injury to ZAPPA; that said conduct was despicable; that said conduct was willful and in

9   conscious disregard of the rights of ZAPPA; that said conduct was an intentional

10   misrepresentation, deceit, or concealment of a material fact; that said conduct constitutes malice,

11   oppression or fraud; or that ZAPPA is entitled to punitive damages.  As to the remaining

12   allegations, DEFENDANTS are without sufficient knowledge or information to form a belief as

13   to the truth of the allegations contained in said Paragraph, and on that basis deny each and every

14   allegation contained therein.

15          31.     Answering Paragraph 31 of the Complaint, DEFENDANTS deny any wrongful

16   conduct; that ZAPPA suffered anxiety, worry, mental and emotional distress, other incidental

17   damages; or any other general damages.  As to the remaining allegations, DEFENDANTS are

18   without sufficient knowledge or information to form a belief as to the truth of the allegations

19   contained in said Paragraph, and on that basis deny each and every allegation contained therein.

20          32.     Answering Paragraph 32 of the Complaint, DEFENDANTS deny any wrongful

21   conduct; that ZAPPA suffered any special, general, other incidental, or any other damages.  As

22   to the remaining allegations, DEFENDANTS are without sufficient knowledge or information to

23   form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny

24   each and every allegation contained therein.

25          33.     Answering Paragraph 33 of the Complaint, DEFENDANTS deny any wrongful

26   conduct; that ZAPPA suffered any special, general, other incidental, or any other damages; that

27   ZAPPA was required to retain legal counsel; or that ZAPPA is entitled to life insurance benefits

28   under the policy.  As to the remaining allegations, DEFENDANTS are without sufficient

1  knowledge or information to form a belief as to the truth of the allegations contained in said

2  Paragraph, and on that basis deny each and every allegation contained therein.

3       34.    Answering Paragraph 34 of the Complaint, DEFENDANTS deny that they have

4  breached the implied covenant of good faith and fair dealing; deny that they "reflexively" denied

5  coverage in this instance; deny any wrongful conduct; that said conduct was intended to cause

6  injury to ZAPPA; that said conduct was despicable; that said conduct was willful and in

7  conscious disregard of the rights of ZAPPA; that said conduct constitutes malice, oppression or

8  fraud; or that ZAPPA is entitled to punitive damages.  As to the remaining allegations,

9  DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth

10  of the allegations contained in said Paragraph, and on that basis deny each and every allegation

11  contained therein.

12                              **FRAUD**

13       35.    Answering Paragraph 35 of the Complaint, DEFENDANTS incorporate by

14  reference the above Paragraphs 1 through 34 as if set forth fully herein.

15       36.    Answering Paragraph 36 of the Complaint, DEFENDANTS deny that they

16  created a scheme to lure buyers for life insurance and then sold life insurance with the intent and

17  purpose of avoiding benefit payments.  As to the remaining allegations, DEFENDANTS are

18  without sufficient knowledge or information to form a belief as to the truth of the allegations

19  contained in said Paragraph, and on that basis deny each and every allegation contained therein.

20       37.    Answering Paragraph 37 of the Complaint, DEFENDANTS are without sufficient

21  knowledge or information to form a belief as to the truth of the allegations contained in said

22  Paragraph, and on that basis deny each and every allegation contained therein.

23       38.    Answering Paragraph 38 of the Complaint, DEFENDANTS are without sufficient

24  knowledge or information to form a belief as to the truth of the allegations contained in said

25  Paragraph, and on that basis deny each and every allegation contained therein.

26       39.    Answering Paragraph 39 of the Complaint, DEFENDANTS deny they had no

27  intention of honoring the terms of the life insurance policy issued to Martin A. Zappa provided

28  all of the terms and provisions of the policy were fulfilled and satisfied.  As to the remaining

1  allegations, DEFENDANTS are without sufficient knowledge or information to form a belief as

2  to the truth of the allegations contained in said Paragraph, and on that basis deny each and every

3  allegation contained therein.

4      40.    Answering Paragraph 40 of the Complaint, DEFENDANTS are without sufficient

5  knowledge or information to form a belief as to the truth of the allegations contained in said

6  Paragraph, and on that basis deny each and every allegation contained therein.

7      41.    Answering Paragraph 41 of the Complaint, DEFENDANTS are without sufficient

8  knowledge or information to form a belief as to the truth of the allegations contained in said

9  Paragraph, and on that basis deny each and every allegation contained therein.

10     42.    Answering Paragraph 42 of the Complaint, DEFENDANTS are without sufficient

11  knowledge or information to form a belief as to the truth of the allegations contained in said

12  Paragraph, and on that basis deny each and every allegation contained therein.

13     43.    Answering Paragraph 43 of the Complaint, DEFENDANTS deny any wrongful

14  conduct or that ZAPPA was entitled to the $500,000.00 life insurance benefit or that ZAPPA

15  timely paid lawful consideration.  As to the remaining allegations, DEFENDANTS are without

16  sufficient knowledge or information to form a belief as to the truth of the allegations contained in

17  said Paragraph, and on that basis deny each and every allegation contained therein.

18     44.    Answering Paragraph 44 of the Complaint, DEFENDANTS are without sufficient

19  knowledge or information to form a belief as to the truth of the allegations contained in said

20  Paragraph, and on that basis deny each and every allegation contained therein.

21     45.    Answering Paragraph 45 of the Complaint, DEFENDANTS deny any wrongful

22  conduct; that said conduct was intended to cause injury to ZAPPA; that said conduct was an

23  intentional misrepresentation, or deceitful; that said conduct constitutes malice, oppression or

24  fraud; or that ZAPPA is entitled to punitive damages.  As to the remaining allegations,

25  DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth

26  of the allegations contained in said Paragraph, and on that basis deny each and every allegation

27  contained therein.

28  ///

## DECLARATORY RELIEF

46.    Answering Paragraph 46 of the Complaint, DEFENDANTS incorporate by reference the above Paragraphs 1 through 45 as if set forth fully herein.

47.    Answering Paragraph 47 of the Complaint, DEFENDANTS admit that ZAPPA has sought the life insurance benefits under the policy which allegedly insured Martin A. Zappa. As to the remaining allegations, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

48.    Answering Paragraph 48 of the Complaint, DEFENDANTS deny each and every allegation contained therein.

49.    Answering Paragraph 49 of the Complaint, DEFENDANTS admit that AGAC has denied that benefits are due and owing under the subject policy.  As to the remaining allegations, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

50.    Answering Paragraph 50 of the Complaint, DEFENDANTS admit there is now a dispute between ZAPPA, and DEFENDANTS, as to whether life insurance benefits are due and owing to ZAPPA.  As to the remaining allegations, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

51.    Answering Paragraph 51 of the Complaint, DEFENDANTS are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis deny each and every allegation contained therein.

## PRAYER

1.    Answering the allegations of Paragraph 1 of the prayer for relief, DEFENDANTS deny each and every allegation contained in this Paragraph.

2.    Answering the allegations of Paragraph 2 of the prayer for relief, DEFENDANTS deny each and every allegation contained in this Paragraph.

Defendants American General Life Insurance Company and American General Assurance Companies
Answer to Plaintiff's Complaint
USDC SDCA Case No.: CV08-00319 H NLS
325028.1

9

1    3.    Answering the allegations of Paragraph 3 of the prayer for relief, DEFENDANTS

2    deny each and every allegation contained in this Paragraph.

3    4.    Answering the allegations of Paragraph 4 of the prayer for relief, DEFENDANTS

4    deny each and every allegation contained in this Paragraph.

5    5.    Answering the allegations of Paragraph 5 of the prayer for relief, DEFENDANTS

6    deny each and every allegation contained in this Paragraph.

7    6.    Answering the allegations of Paragraph 6 of the prayer for relief, DEFENDANTS

8    deny each and every allegation contained in this Paragraph.

9    7.    Answering the allegations of Paragraph 7 of the prayer for relief, DEFENDANTS

10    deny each and every allegation contained in this Paragraph.

11    **<u>AFFIRMATIVE DEFENSES</u>**
**FIRST AFFIRMATIVE DEFENSE**

12    **(Failure to a State Claim)**

13    PLAINTIFF'S Compliant fails to state facts sufficient to state claims for relief against

14    DEFENDANTS.

15

16    **SECOND AFFIRMATIVE DEFENSE**
**(Failure to Satisfy Conditions)**

17    DEFENDANT'S allege that PLAINTIFF has failed to satisfy all conditions precedent,

18    subsequent, or concurrent to receipt of benefits under the Policy.

19

20    **THIRD AFFIRMATIVE DEFENSE**
**(Proper Claims Decisions)**

21    DEFENDANTS allege that all claims decisions were correct and proper under the terms

22    of the Policy.

23    **FOURTH AFFIRMATIVE DEFENSE**

24    **(Received All Entitled Compensation)**

25    DEFENDANTS allege that PLAINTIFF received all the benefits to which she is entitled

26    and that PLAINTIFF was not entitled to any benefits because the policy was never inforce since

27    Martin Zappa's health changed before the first premium payment was paid by PLAINTIFF or

28    Martin Zappa.

1

2

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver / Estoppel)

3

4      DEFENDANTS allege, on information and belief, that by PLAINTIFF'S conduct or that

of her agents, PLAINTIFF waived, or is estopped to assert, every claim for relief against

5

DEFENDANTS set forth in the Compliant.

6

7

### SIXTH AFFIRMATIVE DEFENSE
### (Parol Evidence Rule)

8      DEFENDANTS allege that PLAINTIFF'S claims for relief are barred by the parol

9   evidence rule, to the extent that such rule has been made a part of the federal common law.

10

11

### SEVENTH AFFIRMATIVE DEFENSE
### (Mitigation)

12      DEFENDANTS allege, on information and belief, that PLAINTIFF failed to exercise

reasonable care and diligence to mitigate her damages, if she has any.  As a consequence,

13

PLAINTIFF'S claims should be barred, or alternatively, any damages awarded to her should be

14

reduced in proportion to her fault in failing to mitigate damages.

15

16

### EIGHTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

17      DEFENDANTS allege that PLAINTIFF'S claims for relief are barred by the principle of

18   unjust enrichment.

19

20

### NINTH AFFIRMATIVE DEFENSE
### (Failure to Comply with Plan Terms)

21      DEFENDANTS allege that PLAINTIFF has failed to comply with the terms of the Policy

22   that is the subject of this action; and that accordingly PLAINTIFF'S claims for benefits are

23   barred.

24

25

### TENTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

26      DEFENDANTS raise and allege the statute of limitations applicable to each of the claims

27   raised in the Complaint.

28   ///

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Comparative Fault)**

PLAINTIFF'S injuries or damages, if any, resulted from her own breach, neglect, or other misconduct, or from that of persons for whom PLAINTIFF was responsible.

**TWELVTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

DEFENDANTS allege that PLAINTIFF is barred and estopped by the equitable doctrine of unclean hands from seeking or obtaining any recovery against DEFENDANTS.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Proximate Cause - Plaintiff)**

DEFENDANTS deny that PLAINTIFF has sustained any injury or damage by any act or omission by them. However, if it is established that PLAINTIFF suffered an injury or damage for which DEFENDANTS are held liable, DEFENDANTS allege that such injury or damage was proximately caused or contributed to by the intervening negligence or wrongful acts of PLAINTIFF, or her agents or attorneys, and that those negligent or wrongful acts by PLAINTIFF, her agents or attorneys, eliminates or reduces any damages PLAINTIFF can recover from DEFENDANTS in this action.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Proximate Cause - 3rd Parties)**

DEFENDANTS allege that any and all losses or damages sustained by PLAINTIFF, as a result of the occurrences alleged in the Complaint, were proximately caused in whole or in part by the negligence or fault of persons or entities, other than DEFENDANTS, and for whom DEFENDANTS are not responsible. The negligence and fault of other persons or entities eliminates or reduces any damages PLAINTIFF may recover from DEFENDANTS in this action.

///

///

///

///

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Privileged and Good Faith Conduct)**

DEFENDANTS allege that each and every act or statement done or made by them, or its agents, with reference to PLAINTIFF, was privileged as a good faith assertion of DEFENDANTS' legal and contractual rights.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Laches)**

DEFENDANTS allege on information and belief that PLAINTIFF'S claims for relief are barred by the doctrine of laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

DEFENDANTS allege they acted in good faith toward PLAINTIFF, the handling of her claim, and in every other aspect of its dealings with PLAINTIFF.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Contribution and Indemnity)**

DEFENDANTS allege they are entitled to a right of indemnification by apportionment and to a right of contribution from any person or entity whose negligence proximately contributed to the happening of the alleged injuries of PLAINTIFF, if she should receive a verdict against DEFENDANTS.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Civil Code Damage Limitations)**

DEFENDANTS allege that PLAINTIFF'S remedy for any alleged breach of contract is limited by California Civil Code sections 3300 and 3302.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Insurance Code section 10111)**

DEFENDANTS allege that PLAINTIFF'S damage claims, if any, are limited by the provisions of California Insurance Code section 10111.

///

///

---

Defendants American General Life Insurance Company and American General Assurance Companies
Answer to Plaintiff's Complaint
USDC SDCA Case No.: CV08-00319 H NLS
325028.1

13

1

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Damages)

2

3       DEFENDANTS allege on information and belief that PLAINTIFF is not entitled to

4   attorney's fees or other damages pursuant to any of the claims for relief alleged in the Complaint.

5

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Failure to Satisfy Standard for Punitive Damages)

6

7       DEFENDANTS allege that PLAINTIFF has failed to allege, and cannot establish by

    clear and convincing evidence, facts sufficient to constitute the oppression, fraud, or malice

8   required for an award of punitive damages pursuant to California Civil Code section 3294.

9

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Punitive Damages as Violation of Equal Protection Clause)

10

11      DEFENDANTS allege any award of punitive damages would violate the equal protection

12  clause of the Fourteenth Amendment to the United States Constitution and the corresponding

13  provisions of the Constitution of the State of California.  See, e.g., *State Farm Mutual Ins. Co. v.*

14  *Campbell* (2003) 538 U.S. 408.

15

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Improper Party)

16

17      DEFENDANT AGLIC alleges it is an improper party in this action to recover benefits

18  from the subject life insurance policy, because it did not underwrite or issue the involved life

19  insurance policy.  DEFENDANT AGAC alleges it is an improper party in this action to recover

20  benefits from the subject life insurance policy, because it correctly denied coverage since Martin

21  A. Zappa had a change in his health before the first life insurance premium was paid on the

22  subject policy and thus, no coverage was in effect.

23

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Additional Defenses)

24

25      DEFENDANTS reserve the right to assert additional defenses based on information

    gathered in the course of additional investigation and discovery.

26

///

27

///

28

1    **WHEREFORE**, DEFENDANTS pray for judgment as follows:

2    1.    That PLAINTIFF take nothing against DEFENDANTS by reason of her

3    Complaint on file herein, that judgment be awarded in favor of DEFENDANTS, and against

4    PLAINTIFF, and that DEFENDANTS be dismissed from this action;

5    2.    That DEFENDANTS be awarded its attorney fees incurred herein;

6    3.    That DEFENDANTS be awarded its costs of suit; and

7    4.    That the Court grants such other and further relief as it deems just and proper.

8    Dated: February 27, 2007        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

9

10    By:

11    Adrienne C. Publicover
      Michael K. Brisbin
      Attorneys for Defendants

12    **AMERICAN GENERAL LIFE INSURANCE**
      **COMPANY** erroneously sued as **AMERICAN**
13    **GENERAL LIFE COMPANIES**, and **AMERICAN**
      **GENERAL ASSURANCE COMPANY**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants American General Life Insurance Company and American General Assurance Companies    15
Answer to Plaintiff's Complaint
USDC SDCA Case No.: CV08-00319 H NLS
    325028.1

## PROOF OF SERVICE

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 Market Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**DEFENDANTS AMERICAN GENERAL LIFE INSURANCE COMPANY and AMERICAN GENERAL ASSURANCE COMPANIES ANSWER TO PLAINTIFF'S COMPLAINT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

\_\_\_:  **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection and delivery to the addressee(s) below following ordinary business practices.

\_\_\_:  **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

\_\_\_:  **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

\_\_\_:  **Facsimile** –(Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

**XX**:  Per order of the Court I caused service to be accomplished on all parties through **CM/ECF File and Serve** for the Southern District of California:

Miguel Hernandez      mhernandez@cbmlaw.com

Gregory C. Kane       gkane@shiffletlaw.com, cturner@shiffletlaw.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on February 27, 2008 at San Francisco, California.

Joya Yeung

---