```
 1  Gregory C. Kane, Esq.  SBN 095046
    Patrick A. Calhoon, Esq. SBN 249149
 2  SHIFFLET, KANE & KONOSKE, LLP
    16880 West Bernardo Drive, Suite 250
 3  San Diego, CA 92127-1615
    Telephone: (858) 385-0871
 4
    Attorneys for Plaintiff, DEBORAH L. ZAPPA
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   SOUTHERN DISTRICT OF CALIFORNIA
10
11  DEBORAH L. ZAPPA, an individual,   )  Case No.
                                       )  CV08-00319 H NLS
12              Plaintiff,             )
                                       )  PLAINTIFF'S OPPOSITION TO
13        vs.                          )  AMERICAN INSURANCE
                                       )  ADMINISTRATORS' MOTION TO
14  AMERICAN GENERAL LIFE COMPANIES,   )  DISMISS THE COMPLAINT OR FOR
    AMERICAN INSURANCE ADMINISTRATORS, )  A MORE DEFINITE STATEMENT
15  and AMERICAN GENERAL ASSURANCE     )  AND MOTION TO STRIKE
    COMPANY, and DOES 1 through 20,    )
16                                     )
                Defendants.             )
17                                     )
                                       )
18  _____)
```

PH12502G    0.
**PLAINTIFF'S OPPO. TO MOTION TO DISMISS THE COMPLAINT**

# TABLE OF CONTENTS

I. INTRODUCTORY STATEMENT ......................................... 1
   A.   Background ....................................................... 1
   B.   The Present Motions ............................................. 2

II. RELEVANT STANDARDS ............................................. 4
   A.   Motion to Dismiss ............................................... 4
   B.   Motion for a More Definite Statement ............................. 4
   C.   Motion to Strike ................................................ 4

III. PLAINTIFF HAS SUFFICIENTLY PLEAD EACH ELEMENT OF A BREACH OF CONTRACT CAUSE OF ACTION ......................................... 5

IV. PLAINTIFF'S BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND DECLARATORY RELIEF CAUSES OF ACTION ARE MERITORIOUS ......................................... 6

V. PLAINTIFF ADEQUATELY AND SPECIFICALLY PLEAD HER FRAUD CAUSE OF ACTION ............................................................. 7

VI. PLAINTIFF HAS PLED FACTS SUFFICIENT TO SUPPORT ALLEGATIONS OF MALICE, OPPRESSION, OR FRAUD FOR PUNITIVE DAMAGES .............. 9

VII. PLAINTIFF HAS PLEAD FACTS SUFFICIENT TO SUPPORT A CLAIM FOR ATTORNEY'S FEES ................................................... 11

VIII. CONCLUSION ...................................................... 12

**TABLE OF AUTHORITIES**

Cases

Anspach v. Bestline Products, Inc.
         (D. Cal. 1974) 382 F. Supp. 1083 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Bly-Magee v. California
         (9th Cir. 2001) 236 F.3d 1014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Boxall v. Sequoia Union High School Dist.
         (1979) 464 F. Supp. 1104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Bureerong v. Uvawas
         (1996) 922 F. Supp. 1450 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Cartwright v. Viking Indus.
         2008 U.S. Dist. LEXIS 10240, 19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Clark v. Allstate Ins. Co.,
         (2000) 106 F. Supp. 2d 1016 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Cruz v. Homebase,
         (2000) 83 Cal. App. 4th 160, 167. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Egan v. Mutual of Omaha Ins. Co.,
         (1979) 24 Cal.3d 809 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,10

Fleming v. Safeco Ins. Co.
         (1984)160 Cal.App.3d 31 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Gilligan v. Jamco Dev. Corp.
         (1997) 108 F.3d 246 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,6

Hayduk v. Lanna,
         (1st Cir. 1985) 775 F.2d 441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Jenkins v. Commonwealth Land Title Ins. Co.
         (9th Cir. 1996) 95 F.3d 791 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Jenkins v. McKeithen
         (1969) 395 U.S. 411 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Jordan v. Allstate Ins. Co.,
         (2007) 148 Cal. App. 4th 1062 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Mantic Ashanti's Cause v. Godfather's Pizza,
         (1999) 1999 U.S. Dist. LEXIS 16675. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Moore v. Kayport Package Express,
         (9th Cir. 1989) 885 F.2d 531 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Neilson v. Union Bank of Cal. N.A.
         (2003) 290 F. Supp. 2d 1101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Northwest Pipe Co. v. Travelers Indem. Co.
    (D. Cal. 2003) 2003 U.S. Dist. LEXIS 26416 .................................. 6

Otworth v. Southern Pacific Transportation Co.
    (1985) 166 Cal. App. 3d 452 ................................................ 5

Philipson & Simon v. Gulsvig,
    (2007) 154 Cal. App. 4th 347. ............................................. 7

Reynolds v. Allstate Life Ins. Co.,
    2006 U.S. Dist. LEXIS 14548, 16 ........................................ 4,10

Sagan v. Apple Computer, Inc.
    (1994) 874 F. Supp. 1072 .................................................. 4

Securimetrics, Inc. v. Hartford Cas. Ins. Co.,
    (D. Cal. 2005) 2005 U.S. Dist. LEXIS 44893 ............................. 5,6

Vess v. Ciba-Geigy Corp. USA
    (9th Cir. 2003) 317 F.3d 1097 ............................................. 7

White v. Ultramar Inc.
    (1999) 21 Cal.4th 563 .................................................... 11

Statutes

California Civil Code §3294(c) ............................................... 10

California Civil Code §3294(b) ............................................... 11

Charles A. Wright & Arthur R. Miller,
    Federal Practice and Procedure ("Wright & Miller") § 1382 (1990) ......... 5

Charles Alan Wright & Arthur R. Miller,
    Federal Practice & Procedure § 1235 (2004) ............................. 5,6

Federal Rule of Civil Procedure 8 ............................................. 5

Federal Rule of Civil Procedure 8(a) .......................................... 5

Federal Rule of Civil Procedure 9(b) .......................................... 7

Federal Rule of Civil Procedure  P. 12(f) ................................... 4,5

Restatement Second of Torts, §908(d) ......................................... 10

Plaintiff Deborah L. Zappa ("Mrs. Zappa" or "Plaintiff"), hereby submits her points and authorities in Opposition to Defendant, American Insurance Administrators' ("AIA" or "Defendant") Motion to Dismiss the Complaint or for More Definite Statement and Motion for Order Striking prayer for Punitive Damages and Attorney Fees.

## I.

## INTRODUCTORY STATEMENT

### A. Background

  Plaintiff, Deborah Zappa tragically lost her husband to cancer one month and three days after being diagnosed. Mrs. Zappa's husband, Martin, was only fifty-four years old when he suffered this startling and untimely death. Mr. and Mrs. Zappa had been married for many years and built a nice life together. Only in their early fifties, the Zappas looked forward to continued happiness and many years to come. Should something happen to him however, Mr. Zappa only wanted to see that his wife would be safe, secure, and able to care for herself. He thought he had made the necessary and appropriate arrangements. Indeed, once diagnosed with cancer and rapidly slipping away, Mr. Zappa took great comfort in believing his recent decision to purchase life insurance would sustain his wife's needs. Mr. Zappa died August 24, 2006. Against, this heart-wrenching background, Mrs. Zappa made a claim for insurance benefits under the life insurance policy.

  Defendants denied Mrs. Zappa's claim at the pinnacle of her sorrow and need stating that the "certificate of insurance was not in effect at the time of Martin Zappa's death" because the "insurance did not take effect since there was a change in Mr. Zappa's insurability and health stated in the application before the first premium was paid", even though:

(1)   On June 30, 2006, Defendants, sent an "Alumni Term 10/20 Life Plan Portfolio" to Martin Zappa stating that his application for insurance had been accepted and "as long we receive your premium in the next 30-days, your coverage will be effective on July 15, 2006. (Complaint ¶ 12) The bottom of the letter reads "Remember, this group insurance protection will be activated on 7/15/2006 <u>only</u> if you send your initial premium now.

(2)   The June 30, 2006 letter included a "statement of account" showing a "net amount

|   |   |
|---|---|
| | due now" of $2,221.67.(Complaint ¶15) The "statement of account" also showed that Mr. Zappa was issued certificate number 112-267891. |
| (3) | Mrs. Zappa paid the full premium amount of $2,221.67 on July 18, 2006, well within the thirty (30) day time limit stated in the June 30, 2006 letter. (Complaint ¶16) |
| (4) | On July 21, 2006 Mr. Zappa was diagnosed with metastic squamous cell carcinoma, six days after the effective date of the policy and three days after premium payment. |
| (5) | Mr. Zappa succumbed to cancer on August 24, 2006.(Complaint ¶17) |
| (6) | On September 12, 2006, a proof of death claim was signed by Deborah Zappa, and benefits were requested under Certificate No. 112-267891. (Complaint ¶18) |

Importantly, Mr. and Mrs. Zappa did not seek to purchase life insurance at the last minute or with knowledge of Mr. Zappa's disease. In point of fact, Mr. Zappa only applied for life insurance after he received a solicitation offering from Defendants for a term life insurance policy in January 2006. That was seven months prior to his cancer diagnosis.

The rates advertised in the solicitation were especially attractive and part of a wide scale initiative for various universities' alumni, including San Diego State University Alumni. Further, the solicitation letter was received by the Zappas at a time when they were reevaluating life as they were in the process of rebuilding their home which was destroyed in the 2003 San Diego wildfires. Based on this solicitation, on or about February 10, 2006, Mr. Zappa applied for a term life policy for $500,000 and named his wife as sole beneficiary.

**B.     The Present Motions**

In an attempt to effect early removal of themselves from the action before plaintiff can even begin discovery, Defendant contradicts plaintiffs allegations with a scatter shot attack on the complaint. First, Despite their being no such requirement in Federal Court, Defendant contends that the breach of contract claim fails because Plaintiff's did not attach a copy of the contract or plead its provisions verbatim. Then, Defendant avers that Plaintiff has not plead sufficient supporting facts for breach of contract causing the breach of the implied covenant claim to fail also. However, Defendant's assertions are without merit.

Plaintiff's complaint is clear and based on the contention that by the actions of Defendants,

including AIA, their agents, employees, principals, and employers of one another, and acting in the scope of those relationships, did enter into a written contract for life insurance and refused to pay the Plaintiff insurance benefits owed to her under the policy. These allegations satisfy whom Plaintiff contends breached the contract sufficiently for AIA to file a responsive pleading. Further, they fully support the First Cause of Action for Breach of Contract and are the mainstay for plaintiff's Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing. These allegations also render Defendant's arguments against the propriety of the Fourth Cause of Action for Declaratory Relief irrelevant.

With respect to Mrs. Zappa's Fraud allegations, Defendant casts a blind to, and purposefully ignores the allegations contained in the complaint. Defendant's motion to dismiss is based on the assertion that plaintiff has failed to plead her fraud cause of action with sufficient specificity. However, Mrs. Zappa's complaint specifically pleads that Defendants, including AIA, were engaged in a scheme to offer to sell life insurance contracts to the alumni of universities and colleges, accept premiums, and then manufacture false and wrongful reasons to deny the benefits when the named insured passed away. Therefore, AIA's motion to dismiss the third cause of action lacks merit and must be overruled as well.

At the end and quickly running out of steam, defendant makes its obligatory swipe at plaintiff's prayer for punitive damages and attorney's fees. However, as mentioned, plaintiff's complaint properly pleads a cause of action for breach of the implied covenant of good faith and fair dealing against AIA in connection with the wrongful denial of Mrs. Zappa's benefits. Additionally, Mrs. Zappa contends that AIA engaged in an intentional scheme to entice Mr. Zappa into purchasing a life insurance policy which it intended on manufacturing wrongful bases for denial in the event a claim was made under the policy. This alleged conduct is certainly despicable, vile, base, or contemptible, sufficient to satisfy a finding of "oppression." The alleged conduct unambiguously satisfies the "fraud" requirement. Such conduct is also malicious, in the extreme.

Lastly, Defendant's motion to strike plaintiff's prayer for <u>Brandt</u> fees must be denied. Once again, defendant willfully ignores allegations in the complaint. Plaintiff's complaint has included allegations that AIA was a party to the policy contract. Mrs. Zappa was forced to seek counsel to

recover policy benefits due and owing. Therefore, Brandt fees are proper.

As is demonstrated more completely below, defendant's Motion must be denied in its entirety.

## II.

## RELEVANT STANDARDS

**A.    Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), in ruling upon a motion to dismiss, the Court must presume all factual allegations of the complaint as true and must construe said allegations in the light most favorable to the plaintiff. Western Reserve Oil & Gas Co. v. New,(9th Cir. 1985) 765 F.2d 1428, 1430. Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enterprises,(9th Cir. 1973) 476 F.2d 393, 396. Dismissal can be based on either a "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds Co.(9th Cir. 1984) 749 F.2d 530, 534. As the Ninth Circuit has observed, "The [Rule 12(b)(6)] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Gilligan v. Jamco Develop. Corp. (9th Cir. 1997) 108 F.3d 246, 249.

**B.    Motion for a More Definite Statement**

A Rule 12(e) motion for a more definite statement is proper when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). However, a motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a) (a complaint need only be a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"). *See* Sagan v. Apple Computer, Inc. (1994) 874 F. Supp. 1072, 1077("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules."); *see also* Bureerong v. Uvawas(1996) 922 F. Supp. 1450, 1461, ("A motion for a more definite statement attacks unintelligibility in a pleading, not simply mere lack of detail."). Thus, a motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading. Boxall v. Sequoia Union High School Dist.(1979) 464 F. Supp. 1104, 1114.

**C.    Motion to Strike**

Rule 12(f) permits the Court to "[strike] from any pleading any insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal. N.A.(2003) 290 F. Supp. 2d 1101, 1152. Accordingly, such motions should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit. Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure ("Wright & Miller") § 1382 (1990) (citing Leas v. General Motors Corp.(E.D. Wis. 1968) 278 F. Supp. 661); SEC v. Sands,(C.D. Cal. 1995) 902 F. Supp. 1149, 1166. In the absence of such prejudice, courts have denied Rule 12(f) motions "even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)." Wright & Miller § 1382 (*quoted in* Rawson v. Sears Roebuck & Co.(D. Colo. 1984) 585 F. Supp. 1393, 1397).

### III.

### PLAINTIFF HAS SUFFICIENTLY PLEAD EACH ELEMENT OF A BREACH OF CONTRACT CAUSE OF ACTION

Where, as here, plaintiff has plead the "legal effect" of the contract as required by Federal Rule of Civil Procedure 8, and has alleged sufficient facts to enable Defendant to understand and respond to its claims, Federal law does not require Plaintiff to recite the contract terms verbatim or to attach a copy of the contract to the complaint. Securimetrics, Inc. v. Hartford Cas. Ins. Co., (D. Cal. 2005) 2005 U.S. Dist. LEXIS 44893.

Here, exactly like the Defendant in Securimetrics, AIA cites the case of Otworth v. Southern Pacific Transportation Co. (1985) 166 Cal. App. 3d 452 for the proposition that a Rule 12(b)(6) motion must be granted when either the contract is not attached to the complaint or the contract terms are not included verbatim. However, as Securimetrics points out, pleading is governed by Rule 8 of the Federal Rules of Civil Procedure, not by State procedural requirements. Under Federal Rule of Civil Procedure 8(a), a "short and plain statement of the claim" suffices. "The forms appended to the Federal Rules of Civil Procedure note that 'plaintiff may set forth the contract verbatim in the complaint or plead it, as indicated, by exhibit, or plead it according to its legal effect.'" *citing* Fed. R. Civ. P. Official Form 3, 12; *see also* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice

& Procedure § 1235 (2004). Id at 6(*emphasis added*).

Just as in <u>Securimetrics</u> the present complaint most definitely pleads the "legal effect" of the contract, as shown by plaintiff's allegations in the General Allegations and First Cause of Action for Breach of Contract. First, Mrs. Zappa alleges that all of the Defendants were engaged in the solicitation and sales of life insurance contracts and were doing business as "insurance companies".(<u>Complaint</u> ¶ 3) Plaintiff then alleges that Defendants, including AIA, entered in to a written contract covering the death of Martin Zappa for $500,000 payable to his wife. (<u>Complaint</u> ¶ 22) That plaintiff has complied with all requirements under the contract. (<u>Complaint</u> ¶ 23). Next, Mrs. Zappa pleads that Defendants, including AIA, breached the contract of life insurance by wrongfully denying coverage and that she suffered damage. (<u>Complaint</u> ¶¶ 24-25). These allegations must be taken as true. <u>Jenkins v. McKeithen</u> (1969) 395 U.S. 411, 421; <u>Gilligan v. Jamco Dev. Corp.</u> (1997) 108 F.3d 246, 249. Thus, not only do the allegations plead the legal effects of the contract, but they indicate that the cause of action is against all Defendants, which necessarily includes AIA.

Accordingly, because AIA's position with respect to Plaintiff's breach of contract is with out merit, the Motion to Dismiss must be denied. Additionally, pursuant to the standards discussed above in connection with Rule 12(e) motions and because plaintiff has plead sufficient facts to allow AIA to prepare a responsive pleading, AIA's motion for a more definite statement must be denied as well. (*See* <u>Northwest Pipe Co. v. Travelers Indem. Co.</u> (D. Cal. 2003) 2003 U.S. Dist. LEXIS 26416, (pleading that satisfies the notice pleading standards of <u>Rule</u> 8 is therefore sufficient to withstand a <u>Rule</u> 12(e) motion for a more definite statement)).

**IV.**

**PLAINTIFF'S BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND DECLARATORY RELIEF CAUSES OF ACTION ARE MERITORIOUS**

Defendant AIA next claims that Mrs. Zappa's Second Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing and Fourth Cause of Action for Declaratory Relief must fail because she has not properly pled a cause of action for breach of contract and, without a breach of contract, there can be no bad faith or actual controversy. This is the <u>only</u> argument Defendant proffers in support of its motion to Dismiss plaintiff's Second and Fourth Causes of

1  Action. As set forth in Parts I and III of this Opposition, plaintiff has alleged every fact necessary to
2  plead a breach of contract cause of action against AIA. Accordingly, Defendants motion to strike
3  plaintiff's Second and Fourth Causes of Action must be denied.

### V.

### PLAINTIFF ADEQUATELY AND SPECIFICALLY PLEAD HER FRAUD CAUSE OF ACTION

It well established that Federal Rule of Civil Procedure 9(b)'s particularity requirement applies to state-law causes of action. "While a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule." Hayduk v. Lanna,(1st Cir. 1985) 775 F.2d 441.  (*See also* Jenkins v. Commonwealth Land Title Ins. Co.(9th Cir. 1996) 95 F.3d 791, 796 (applying Rule 9(b) to pleading of state-law cause of action)).

Under Rule 9(b), the circumstances constituting the alleged fraud "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong". Bly-Magee v. California (9th Cir. 2001) 236 F.3d 1014, 1019. The plaintiff must also "set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess v. Ciba-Geigy Corp. USA (9th Cir. 2003) 317 F.3d 1097, 1106. Put another way, Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Anspach v. Bestline Products, Inc. (D. Cal. 1974) 382 F. Supp. 1083, 1091.

Here, contrary to Defendant's assertions, Mrs. Zappa's complaint meets Rule 9(b) standards as well as pleads each element necessary to establish fraud. [1] Plaintiff alleges defendants and others better known to defendants, including AIA, engaged in a scheme to lure alumni and sell life insurance

---

[1] The elements which must be pleaded to plead a fraud claim are: (a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage. Philipson & Simon v. Gulsvig,(2007) 154 Cal. App. 4th 347.

contracts to alumni of San Diego State University and accept premiums, which they knew they were going to attempt to avoid making benefit payments based on a technicality or other manufactured basis. (Complaint ¶¶ 5-7 and 36-39). Plaintiff alleges that the specific identity of the individual employees of the various defendants were never identified to Mr. and Mrs. Zappa (Id at ¶ 8.) That Defendants, including AIA, created advertising material, including flyers, mailers, and pamphlets describing the alumni term life insurance policy and mailed them Mr. And Mrs. Zappa in January 2006,. (Id. at ¶¶ 6 and 37). This material was intended to induce plaintiff's reliance as it was sent directly to their home and described the alumni life insurance policy as having greatly reduced rates with simplified application procedures. (Id. at ¶¶ 9 and 38-39).

Moreover, plaintiffs allege that they relied on AIA's representations in the solicitations as Mr. Martin complied with requests for information and submitted to a physical examination.(Id. at ¶¶ 10-11,and 41) Plaintiff also relied on the June 30, 2006 letter to the Zappas which indicated that the application had been accepted and confirmed the life insurance benefit amount of $500,000 and that the policy would become effective on July 15, 2006 if payment was received within 30 days. (Id. at ¶¶ 12-16 and 41). Based thereon, Plaintiff paid the premium amount on July 18, 2006.(Id. at ¶¶ 16, 41-42) It is also clearly alleged that Defendants never intended to honor the terms of the life insurance policy.(Id. at ¶¶ 7, 19, 20, 36, 39, 42, and 45) Plaintiffs further allege that on August 24, 2006, Mr. Martin died and on September 12, 2006 benefits were requested under the policy issued under certificate 112-267891. (Id. at ¶ 17). On April 12, 2007, Defendant, American General, on behalf of all defendants (which includes AIA) and with knowledge consent and ratification of all defendants, denied the benefits due under the life insurance contract as part of the aforementioned scheme. (Id. at ¶¶ 19 and 43) Lastly, Mrs. Zappa alleges that Defendants', including AIA's conduct caused damages.(Id. at ¶¶ 20 and 45)

As such, Mrs. Zappa has alleged the requisite "who, what, when, where, and how" of the misconduct charged. At minimum, plaintiff has adequately put AIA on notice of the particular misconduct which forms the basis of their claim for fraud. (See Cartwright v. Viking Indus. 2008 U.S. Dist. LEXIS 10240, 19) Plaintiff's allegations include the representations made by AIA and the other defendants to Mr. and Mrs. Zappa, the particular manner in which the statements made by AIA and

the other defendants were false, and that plaintiff suffered resulting damages. That, plaintiff has not named with specificity the names of the exact individuals responsible for this conduct is not surprising as these individuals <u>never</u> identified themselves to Mr. or Mrs. Zappa. [2] That information would likely only become available through appropriate discovery.

Based on the foregoing, the Court must deny Defendant's motion to dismiss as the complaint satisfies <u>Rule</u> 9(b). However, as with <u>Rule</u> 12(b)(6) dismissals, dismissals for failure to comply with <u>Rule</u> 9(b) should ordinarily be without prejudice. <u>Balistreri v. Pacifica Police Dep't</u> (9th Cir. 1990) 901 F.2d 696, 701. Accordingly, in the alternative Plaintiff requests leave to amend the fraud allegations.

## VI.

**<u>PLAINTIFF HAS PLED FACTS SUFFICIENT TO SUPPORT ALLEGATIONS OF MALICE, OPPRESSION, OR FRAUD FOR PUNITIVE DAMAGES</u>**

Contrary to Defendant's position, plaintiff's complaint includes allegation after allegation of conduct, attributable to AIA, which exceed the level required for punitive damages. Further, although Section 3294 provides the governing substantive law for punitive damages, California's heightened pleading standard irreconcilably conflicts with <u>Rules</u> 8 and 9 of the <u>Federal Rules of Civil Procedure</u>--the provisions governing the adequacy of pleadings in federal court. <u>Clark v. Allstate Ins. Co.</u>, (2000) 106 F. Supp. 2d 1016, 1018. Thus, conclusory assertions that the defendants acted with malice or with conscious disregard for plaintiff's rights are facially sufficient under federal pleading requirements and adequate to state a claim for punitive damages under Cal. Civ. Code § 3294. <u>Mantic Ashanti's Cause v. Godfather's Pizza</u>, (1999) 1999 U.S. Dist. LEXIS 16675. In this case, plaintiff has met federal pleading standards. (*see* <u>Complaint</u> ¶¶34 and 45).

In <u>Egan v. Mutual of Omaha Ins. Co.</u>, (1979) 24 Cal.3d 809, the California Supreme Court affirmed a finding of punitive damages against an insurer that failed to properly investigate the

---

[2] *See* <u>Moore v. Kayport Package Express</u>, (9th Cir. 1989) 885 F.2d 531, 540, (Instances of corporate fraud may also make it difficult to attribute particular fraudulent conduct to each defendant as an individual. To overcome such difficulties in cases of corporate fraud, the allegations should include the misrepresentations themselves with particularity and, <u>where possible</u>, the roles of the individual defendants in the misrepresentations).

1  insured's claim, delayed in making payments, and then refused to pay benefits although the insured's
2  claim was bona-fide.  In so holding, the Court cited several cases and the Restatement Second of
3  Torts, §908(d) in stating that determinations related to whether to assess punitive damages have
4  traditionally been left to the discretion of the jury. Id., at 821.

5  In Fleming v. Safeco Ins. Co. (1984)160 Cal.App.3d 31, 37, an award of punitive damages
6  was affirmed against defendant insurance company in an action for breach of the implied covenant
7  of good faith arising from the failure to pay a claim for uninsured motorist benefits.  In that case, the
8  evidence supporting the finding of punitive damages included (1) the insurer's delayed investigation;
9  (2) the insurer's failure to communicate with insured's counsel.

10  In her complaint, the Mrs. Zappa has alleged that defendants intentionally and reflexively
11  denied coverage, failed to respond to the insured's inquiries, failed to properly investigate and
12  impartially evaluate the claim and pay the benefits due and owing. (Complaint ¶¶ 29-30) Most
13  despicably, plaintiff alleges that Defendant's conduct occurred immediately following the death her
14  husband when she was particularly susceptible to emotional distress. (Id.)For the purposes of this
15  motion, these allegations are deemed true. Under Egan and Fleming, plaintiff has, at a minimum,
16  sufficiently pled facts setting forth malice and oppression and hence, their right to claim punitive
17  damages.

18  In order to plead fraud, for punitive damages purposes, plaintiff need only allege intentional
19  misrepresentation, deceit or concealment of a material fact known to the defendant with the intention
20  of depriving a person or property or legal rights or otherwise causing injury. Cal.Civ.C. §3294(c).
21  *see also* Reynolds v. Allstate Life Ins. Co., 2006 U.S. Dist. LEXIS 14548, 16. As discussed in Section
22  V of this motion, a fair reading of plaintiff's complaint reveals that plaintiff has in fact alleged that
23  Defendants, including AIA, engaged in a scheme to wrongfully and deceitfully accept premiums when
24  they knew the benefits would never be paid. This fraudulent conduct is obviously material because
25  it goes to the fundamental purpose of buying the insurance in the first place.  The conduct was
26  obviously designed to deprive the insured of her property (benefits under the policy). Accordingly,
27  defendant's motion to strike must be denied.

28  Lastly, Defendant asserts that the punitive damage claim must be stricken because plaintiff

PH12502G                       10.
**PLAINTIFF'S OPPO. TO MOTION TO DISMISS THE COMPLAINT**

failed to identify any AIA employees who engaged in malice oppression, or fraud. *see* Cal.Civ.C. §3294(b). A managing agent is an employee who exercises substantial control over decisions that ultimately determine corporate policy or someone who exercises substantial discretionary authority over significant aspects of a corporation's business. White v. Ultramar Inc. (1999) 21 Cal.4th 563, 577. The purpose of Cal.Civ.C. §3294(b) is to prevent

> "punishing the corporation for malice of low-level employees which does not reflect the corporate "state of mind" or the intentions of corporate leaders. This assures that punishment is imposed only if the corporation can be fairly be viewed as guilty of the evil intent sought to be punished." Cruz v. Homebase, (2000) 83 Cal. App. 4th 160, 167.

In this case it is highly unlikely that the conduct alleged in the complaint was performed by a low level employee. In fact, plaintiff specifically alleges that AIA engaged in a wide-scale program designed to sell insurance contracts to alumni of various universities. (Complaint ¶ 5). An offering of that scale could only be the at the direction of an employee who exercises substantial control over decisions that ultimately determine corporate policy or someone who exercises substantial discretionary authority over significant aspects of a corporation's business. White *supra* at 577. Accordingly, Defendant's motion to Strike Plaintiff's punitive damages claim must be denied.

## VII.

### PLAINTIFF HAS PLEAD FACTS SUFFICIENT TO SUPPORT A CLAIM FOR ATTORNEY'S FEES

It is well settled that attorney's fees are warranted for pursuing wrongfully denied policy benefits. Jordan v. Allstate Ins. Co.,(2007) 148 Cal. App. 4th 1062 (fees reasonably incurred by an insured to compel payment of benefits due under an insurance policy, are recoverable as damages in a bad faith action). The inclusion of a prayer for Brandt fees merely necessitates allegations of Breach of the Implied Covenant of Good Faith and Fair Dealing, Bad Faith. As discussed more fully above, the complaint includes allegations of Bad Faith against AIA. Accordingly, Defendant's motion to strike plaintiff's claim for attorney's fees must be denied.

///

///

///

# VIII.

## CONCLUSION

Based on the foregoing Plaintiff respectfully request the Court to deny Defendant's motion in its entirety. In the alternative, Plaintiff respectfully requests to amend the complaint in accordance with the Court's Order.

DATE: March 11, 2008                    SHIFFLET, KANE & KONOSKE, LLP

By: */S/ Gregory C. Kane*
    GREGORY C. KANE,
    gkane@shiffletlaw.com
    PATRICK A. CALHOON,
    Attorneys for Plaintiff,
    DEBORAH L. ZAPPA

**ZAPPA vs. AMERICAN GENERAL LIFE COMPANIES, et al.**
UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
Case No.: **CV08-00319 H NLS**

**PROOF OF SERVICE**

I, Gregory C. Kane declare as follows:

I am over the age of eighteen years and not a party to the within entitled action. I am employed in the County of San Diego, State of California, within which county and state the subject mailing occurred. My business address is 16880 West Bernardo Drive, Suite 250, San Diego, California 92127.

On **March 11, 2008**, I served the following document(s) described as: **PLAINTIFF'S OPPOSITION TO AMERICAN INSURANCE ADMINISTRATORS' MOTION TO DISMISS THE COMPLAINT OR FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

[ ]   **BY MAIL.** I am readily familiar with the business practices at my place of business for collection and processing of correspondence for mailing with the Untied States Postal Service and the correspondence shall be deposited with the United State Postal Service this same day in the ordinary course of business pursuant Code of Civil Procedure §1013(a).

[ ]   **BY PERSONAL DELIVERY.** I caused each envelope to be hand delivered to the each addressee leaving said envelope with either the addressee directly or another person at that address authorized to accept service on the addressee's behalf.

[ ]   **BY FACSIMILE TRANSMISSION.** The counsel or interested party authorized to accept service, by whose name an **asterisk (*)** is placed, was also forwarded a copy of said document(s) by facsimile transmission at the telefax number corresponding with his name and address on the attached service list.

[ ]   **BY EXPRESS MAIL.** I caused said document(s) to be deposited in a box other facility regularly maintained by the express service carrier providing overnight delivery.

[X]   **BY ELECTRONIC TRANSMISSION.** I caused said document(s) to be e-served via PACER.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: March 11, 2008

/s/
GREGORY C. KANE
gkane@shiffletlaw.com

PH112502G                         1.
**PROOF OF SERVICE**

1  **ZAPPA vs. AMERICAN GENERAL LIFE COMPANIES, et al.**
   UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
2  Case No.: **CV08-00319 H NLS**

3

4                    **ATTACHMENT TO PROOF OF SERVICE**

5                              **SERVICE LIST**

6  | Adrienne C. Publicover, Esq. | Attorney for Defendants: |
   | Michael K. Brisbin, Esq. | **AMERICAN GENERAL LIFE** |
7  | **WILSON, ELSER, MOSKOWITZ, EDELMAN** | **INSURANCE COMPANY.** |
   | **& DICKER, LLP** | Tel: (415) 433-0990 |
8  | 525 Market Street, 17th Floor | Fax: (415) 434-1370 |
   | San Francisco, Ca 94105 | |

9

10 | John D. Boyle, Esq. | Attorney for Defendant: |
   | Miguel Hernandez, Esq. | **AMERICAN INSURANCE** |
   | **CARROLL, BURDICK & MCDONOUGH, LLP** | **ADMINISTRATORS** |
11 | 633 West Fifth Street, 51st Floor | Tel: (213) 833-4500 |
   | Los Angeles, CA | Fax: (213) 833-4555 |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28