John D. Boyle, No. 105499
Miguel Hernandez, No. 216254
CARROLL, BURDICK & McDONOUGH LLP
Attorneys at Law
633 West Fifth Street, 51st Floor
Los Angeles, CA 90071
Telephone:   213.833.4500
Facsimile:   213.833.4555
Email:       jboyle@cbmlaw.com
             mhernandez@cbmlaw.com

Attorneys for Defendant
AMERICAN INSURANCE ADMINISTRATORS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH L. ZAPPA, and individual,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN GENERAL LIFE COMPANIES; AMERICAN INSURANCE ADMINISTRATORS AND AMERICAN GENERAL ASSURANCE COMPANY; and DOES 1 through 20,<br><br>    Defendant. | No. CV08-00319 H NLS<br><br>**AMERICAN INSURANCE ADMINISTRATORS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF DEBORAH L. ZAPPA'S COMPLAINT OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO STRIKE**<br><br>DATE:   MARCH 24, 2008<br>TIME:   8:30 A.M.<br>DEPT.:  13<br>JUDGE:  HON. MARILYN L. HUFF<br><br>COMPLAINT FILED: DECEMBER 12, 2007<br><br>COMPLAINT REMOVED: FEBRUARY 19, 2008<br><br>TRIAL DATE: NONE SET |

Defendant, AMERICAN INSURANCE ADMINISTRATORS ("AIA" or "Defendant") respectfully submits the instant Reply to plaintiff, DEBORAH L. ZAPPA'S ("Zappa" or "Plaintiff") Opposition to AIA's Motion to Dismiss Complaint or in the Alternative for a More Definite Statement and Motion to Strike ("Motion"), as follows:

CBM-LA\LA074987.1

AIA'S REPLY TO ZAPPA'S OPPOSITION TO MOTION TO DISMISS/STRIKE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## SUMMARY OF REPLY MEMORANDUM

A cursory reading of Zappa's Opposition illustrates that it is more of an impassioned closing argument than a response to AIA's Motion. Instead of addressing the arguments and authorities cited in the Motion, the Opposition alleges new facts which are not relevant to this Motion or the issues presented to the Court. (*See*, *generally* Opposition at page 1, lines 8-17 and page 2, lines 16-17). The important facts which Zappa should have proffered, and which are noticeably missing from the Complaint, are those that establish the existence of a contract between Zappa and AIA.

It is telling that Zappa has specifically alleged that AIA's role was limited to that of policy application "coordinators" and that one of the "American General" defendants, not AIA, "denied the benefits due under the life insurance contract." (Complaint at ¶¶ 10 and 19, respectively). Setting common sense aside, and ignoring the very allegations in her Complaint, Zappa argues in her Opposition that she has pled sufficient facts to allege that AIA was a party to the contract and that AIA breached the contract. (*See*, *generally* Opposition at page 5-6). Even more telling, although Zappa alleges that the contract bore a "certificate number 112-267891," and that she possesses the contract, Zappa offers no plausible explanation why she failed to attach the contract to her Complaint. Certainly, attaching the contract would have clarified the ambiguities and inconsistencies in her Complaint.

Since the breach of contract cause of action is not adequately alleged and subject to dismissal, the derivative claims for breach of the implied covenant of good faith and fair dealing and declaratory relief are also subject to dismissal. With respect to the remaining cause of action for fraud, Zappa acknowledges that the Federal Rules require her to plead that claim with "particularity" and that the benchmark for fraud is "specific" factual allegations. (Opposition at page 7, lines 10-13). Zappa, however, fails to show how the allegations in the Complaint meet those standards and acknowledges as much by

1  asking this Court for leave to amend to cure her deficient allegations. (Opposition at page
2  9, lines 2-3). Finally, Plaintiff's Opposition to the Motion to Strike does little more than
3  to aver that the allegations in the Complaint are sufficiently alleged. As such, the instant
4  Motion should be granted based on the reasons explained below.

**II**

**NO CAUSE OF ACTION IS STATED FOR BREACH OF CONTRACT, BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING AND DECLARATORY RELIEF**

**A.     Breach of Contract.**

Zappa argues in her Opposition that she is not required to allege verbatim the terms of the contract or attach a copy thereof. She also argues that sufficient facts have been alleged in the Complaint to state a cause of action for breach of contract against AIA. Plaintiff's arguments, which are bolstered entirely upon *Securimetrics, Inc. v. Hartford Cas. Ins. Co.* (N.D. Cal. 2005) 2005 WL 1712008, are not persuasive:

First, *Securimetrics* is an unreported Northern District Court Order. The Order, therefore, is only persuasive in the Southern District and is not binding precedent. It also bears noting that a more recent Eastern District Court Order, which also cites *Otworth v. Southern Pacific Transportation Company* (1985) 166 Cal.App.3d 452, reached the opposite conclusion. In *Woods v. Asset Resources* (E.D. Cal. 2006) 2006 WL 3782704, the Court granted defendant's motion to dismiss where the plaintiff had failed to attach a copy of the contract to his complaint and had failed to sufficiently allege the operative terms of the contract. *Id.* at 8. In reaching this holding, the Court cited with approval the applicability of *Otworth* in Federal proceedings: "Generally, if the contract is written, the terms must be set forth verbatim and a copy attached and incorporated by reference." *Id.*

Second, *Securimetrics* can be distinguished on its facts since that case involved one plaintiff and one defendant. In contrast, the case at bar involves three Defendants. This factual distinction is notable because it makes it incumbent on Zappa to allege specific facts that establish which Defendant was a party to the contract. Zappa states in

1  her Opposition that the Complaint alleges that "all Defendants," including AIA, are
2  parties to the contract. (Opposition at page 6, lines 8-13). These allegations, however, are
3  nothing more than generalized conclusions which contradict specific facts alleged in the
4  Complaint.

5  The allegation that AIA was a party to the contract, for example, is
6  contradicted by Zappa's admission that AIA's role was limited to that of policy
7  application "coordinators," not contracting party. (Complaint at ¶ 10). Similarly,
8  regarding the purported breach (i.e., the denial of benefits), Zappa admits that one of the
9  "American General" defendants, not AIA, "denied the benefits due under the life
10 insurance contract." (Complaint at ¶ 19). No facts are alleged to establish that AIA is a
11 party to the contract or that AIA breached the contract. These are essential facts which
12 must be alleged to state a cause of action for breach of contract. *Reichert v. General Ins.*
13 *Co.* (1968) 68 Cal. App. 2d 822. As such, Zappa has failed to allege sufficient facts which
14 establish that she "is entitled to relief." *Fed. R. Civ. P.* 8.

15 Third, Plaintiff incorrectly states that her conclusory "all Defendants"
16 allegations must be taken as true. (Opposition at page 6, line 11). In deciding a motion to
17 dismiss, the Court is required to assume the existence only of facts which are "well
18 pleaded." Mere conclusions are not accepted as true and are to be disregarded. *Ott. v*
19 *Home Savings and Loan Assoc.* (9th Cir. 1958) 265 F. 2d 643, 648. As such, under the
20 circumstances, the conclusory allegations should be ignored.

21 There is no reason why AIA should be forced to guess or decipher Plaintiff's
22 uncertain allegations regarding the contractual terms, the parties thereto and the breaches
23 thereof. Plaintiff's claim that the *Federal Rules of Civil Procedure* allow her to plead a
24 breach of contract claim against AIA without alleging essential elements is not persuasive.
25 As pointed out in the underlying Motion, attaching the contract to the Complaint would
26 have clarified these omissions. As such, having failed to allege the material terms for her
27 breach of contract claim, Plaintiff's first cause of action fails to state a claim upon which
28 relief can be granted and is subject to dismissal. *Fed. R. Civ. P.* 12(b)(6).

1  Assuming that Plaintiff's cause of action for breach of contract states a claim upon which relief can be granted (which it does not), AIA asks this Court, in the alternative and pursuant to *Fed. R. Civ. P.* 12(e), to require Plaintiff to provide a more specific statement. As drafted, it is not clear if Plaintiff is alleging that AIA is a party to, and allegedly breached, the purported contract. As such, AIA is unable to respond to the Complaint. *Fed. R. Civ. P.* 12 (e).

**B.   Breach of the Covenant of Good Faith and Fair Dealing.**

Since the Complaint fails to allege the existence of a contract between Zappa and AIA, Zappa's cause of action for breach of the implied covenant of good faith and fair dealing must also fail. *Smith v. San Francisco* (1990) 225 Cal.App.3d 38, 49; *Taylor v. National Supply Co. of Cal.,* (1936) 12 Cal. App. 2d 557, 563. *See, also Jones v. Aetna* (1994) 26 Cal. App. 4th 1717, holding that the duty of good faith and fair dealing arises from and exists solely because of the contractual relationship between the parties. Thus, someone who is not a party to the contract cannot be sued for breach of the contract and implied covenant and therefore bears no liability for contractual damages or damages arising from the wrongful withholding of benefits to the contracting party.

**C.   Declaratory Relief.**

Zappa seeks a declaration of rights and duties which arise from the alleged contract: "[there is] a dispute between the parties as to whether or not there was any legal basis upon which to deny the benefits otherwise due and owing under the policy." (Complaint at ¶ 50). Again, since the Complaint fails to allege the existence of a contract between Zappa and AIA, the cause of action for declaratory relief fails and cannot be cured until Zappa establishes there is privity of contract between the parties. *State of California v. Superior Ct.* (1974) 12 Cal.3d 237, 251. As such, the fourth cause of action for declaratory relief is subject to dismissal. *Fed. R. Civ. P.* 12(b)(6).

/ / /
/ / /
/ / /

## III

## PLAINTIFF'S FRAUD CAUSE OF ACTION FAILS

AIA does not dispute Plaintiff's contention that *Fed. R. Civ. P.* 9(b) sets forth the appropriate standard for alleging fraud. In fact, the very cases Zappa cites in her Opposition, *Bly-Magee v. California* (9th Cir. 2001) 236 F. 3d 1014 and *Vess v. Ciba-Geigy Corp. USA* (9th Cir.) 317 F. 3d 1097, establish that *Fed. R. Civ. P.* 9(b) is identical to the California standard for pleading fraud. *Vess,* for example, held that:

> [W]hen averments of fraud are made, the circumstances constituting the alleged fraud [must] "be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.' Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. "[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.

*Vess, supra,* 317 F. 3d at 1106. [Internal citations omitted]. Similarly, and noting Rule 9(b)'s policy considerations which mandate specificity where fraud is alleged, the Court in *Bly-Magee* held:

> Fed. R. Civ. P. Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." The purpose of Rule is to provide notice of the 'precise misconduct' with which defendants are charged and to prevent false or unsubstantiated charges. Rule 9(b)'s heightened pleading requirement alerts defendants to specific facts upon which a fraud claim is based and safeguards a "defendant's reputation and goodwill from improvident charges of wrongdoing

*Bly-Magee, supra,* 236 F. 3d at 1018. [Internal citations omitted]. Again, while AIA does not dispute the applicability of Rule 9(b), it does dispute that Zappa's fraud allegations meet the level of specificity and particularity required in both State and Federal Court.

In that regard, the omissions in the Complaint are both numerous and glaring. All that is alleged regarding the fraud is that Defendants: (i) marketed insurance policies to alumni of state colleges and universities; (ii) prepared and delivered to alumni

1  advertising materials regarding the insurance policies; (iii) had no intention to honor the
2  terms of Mr. Zappa's Policy; and (iv) led the Zappas to believe that payment of a
3  $2,221.67 premium would secure the life insurance policy.  (Complaint at ¶¶ 36-43).
4  Plaintiff *fails to provide any specific facts* whatsoever concerning the purported fraud.

These allegations are identical to the allegations in *Bly-Magee* which the Court held were insufficient to state a claim for fraud: "Bly-Magee alleged that "Lungren concealed the fraudulent submission of false claims ... to avoid repayment of funds to the United States" and that Lungren conspired with the CDR and the OAG to "defraud the United States by obtaining payment of fraudulent claims." These broad allegations included no particularized supporting detail." *Bly-Magee, supra,* 236 F. 3d at 1018.

As in *Bly-Magee,* Zappa has failed to provide specific allegations to apprise AIA of when the conduct giving rise to her purported fraud claim actually occurred and how the misrepresentations were tendered.[1]  Although required to do so, she fails to allege or identify a specific conversation(s), what specifically was said, who was present, where the conversation occurred and/or any other information from which AIA can extrapolate the specifics concerning the alleged fraud.

Zappa also fails to allege what was misrepresented in the advertising and solicitation materials which she admits are in her possession.  (Complaint at ¶ 9).  If she has these materials, there is absolutely no excuse for her failure to allege what was misrepresented and by whom.  Equally disturbing is the fact that Zappa accuses all three Defendants of fraud but fails to differentiate between them.  For example, Plaintiff admits that she had separate communications with each of the Defendants but does not specify the maker, nature or substance of those communications.  The allegations are so lacking that Plaintiff even fails to identify if American General Life Insurance or American General Assurance denied the benefits.  (Complaint at ¶ 19).  To accuse AIA of fraud for

---

[1] In her Opposition Zappa correctly notes that dates were alleged in the Complaint.  Those dates, however, do not concern the averments of fraud and misrepresentation.  The dates pertain to events such as the date of Mr. Zappa's death, the date on which benefits were requested under the alleged policy, etc.

CBM-LA\LA074987.1                                     -7-

statements it did not make and actions which it did not take would be fundamentally unfair and would contravene the policy considerations that prompted the enactment of *Fed. R. Civ. P.* 9(b). Given the seriousness of the allegations, and with so many unanswered questions, it is evident that Plaintiff's third cause of action for fraud fails to state a claim upon which relief can be granted and is subject to dismissal. *Fed. R. Civ. P.* 12 (b)(6).

## IV

## CERTAIN ALLEGATIONS SHOULD BE STRICKEN FROM THE COMPLAINT

**A.  Punitive Damages.**

Simply put, the punitive damages allegations are deficient and should be stricken from the Complaint. In support of her claim for punitive damages, Plaintiff has not alleged any ultimate facts to show that AIA acted with fraud, oppression or malice. More to the point, with respect to AIA, Plaintiff concedes that AIA did nothing more than coordinate the application process. (Complaint at ¶ 10). Surely, this singular allegation is not sufficient to warrant a claim for punitive damages against AIA. Plaintiff's other concession that either American General Life Insurance or American General Assurance allegedly denied her claim lends additional support and establishes that AIA bears no liability here for punitive damages.

Moreover, any punitive damages prayer against a corporate defendant, pursuant to *Civil Code* § 3294(b), requires a plaintiff to allege that the "corporate employer" had "advance knowledge" or ratified the conduct of "an officer, director, or managing agent of the corporation." *Id.* Here, Zappa fails to identify any AIA employees who purportedly engaged in the malice, oppression or fraud. More importantly, there are no allegations that AIA's officers, directors or managing agents committed the alleged acts of oppression, fraud or malice, or that AIA ratified such behavior. To overcome the fact that these allegations are simply absent from the Complaint, Plaintiff states in her Opposition that "it is highly unlikely that the conduct alleged in the complaint was

1  performed by a low level employee." (Opposition at page 11, line 9). Again, instead of
2  making allegations which are critical to the relief she seeks, Zappa would have this Court
3  believe that omitting such vital allegations is appropriate and permitted in Federal Court.
4        Finally, assuming that Plaintiff's prayer for punitive damages is properly
5  alleged (which it is not), this Court should still strike Plaintiff's allegations since punitive
6  damages are a disfavored remedy. *See Nolin v. National Convenience Stores, Inc.,* (1976)
7  95 Cal.App.3d 279, 284-285 (stating that punitive damages are disfavored and should be
8  allowed only in the clearest of cases); *See, also, Rosener v. Sears, Roebuck and Co.,*
9  (1980) 110 Cal.App.3d 740, 750 (stating that it is a well-established principle that punitive
10 damages are disfavored and such damages constitute a windfall).

### B. Attorneys Fees.

12       It is clear from the Complaint and Opposition that Zappa's request for attorneys
13 fees derives from her cause of action for breach of the implied covenant of good faith and
14 fair dealing. *Brandt v. Superior Ct.* (1985) 37 Cal.3d 813. As illustrated above, and in the
15 underlying Motion, since no claim for breach of the implied covenant has been alleged
16 against AIA, the request for attorneys fees is improper and should be stricken.

### V
### CONCLUSION

19       For the reasons set forth above, AIA respectfully requests that this Court grant
20 the instant Motion in its entirety.

22       Dated: March 17, 2008

23                     CARROLL, BURDICK & McDONOUGH LLP

25                       By /s/ *Miguel Hernandez*
26                             John D. Boyle
                             Miguel Hernandez
27                     Attorneys for Defendant
28                     AMERICAN INSURANCE
                    ADMINISTRATORS

*Zappa v. American General Life Companies, et al.*
San Diego Superior Court, Case No. 37-2007-00093735-CU-IC-CTL

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document:

**AMERICAN INSURANCE ADMINISTRATORS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF DEBORAH L. ZAPPA'S COMPLAINT OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO STRIKE**

was filed electronically in compliance with Local Rule 5.4 (c). As such, said document was served on counsel identified below who are deemed to have consented to electronic service. Local Rule 5.4 (c).

| | |
|---|---|
| Gregory C. Kane, Esq.<br>**SHIFFLET, KANE & KONOSKE, LLP**<br>16880 West Bernardo Drive<br>Suite 250<br>San Diego, CA 92127-1615<br>Tel: (858) 385-0871<br>Fax: (858) 613-0871 | Attorneys for Plaintiff<br>DEBORAH ZAPPA |
| Adrienne C. Publicover<br>Michael K. Brisbin<br>**WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DECKER LLP**<br>525 Market Street, 17th Floor<br>San Francisco, CA 94105 | Attorneys for Plaintiff<br>AMERICAN GENERAL LIFE<br>INSURANCE COMPANY and<br>AMERICAN GENERAL ASSURANCE<br>COMPANY |

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on **March 17, 2008**, at Los Angeles, California.

By /s/ *Miguel Hernandez*
Miguel Hernandez

CBM-LA\LA074987.1

**PROOF OF SERVICE**