1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

DEBORAH L. ZAPPA,

Plaintiff,

vs.

AMERICAN GENERAL LIFE
INSURANCE COMPANIES, AMERICAN
INSURANCE ADMINISTRATORS, and
AMERICAN GENERAL ASSURANCE
COMPANY, and DOES 1 through 20,

Defendants.

CASE NO. 08CV0319-LAB (NLS)

**ORDER DENYING MOTION TO
DISMISS COMPLAINT, OR IN
THE ALTERNATIVE, MOTION
FOR MORE DEFINITE
STATEMENT AND MOTION TO
STRIKE**

[Dkt No. 6]

Defendant American Insurance Administrators ("AIA"), one of three entities plaintiff Deborah L. Zappa ("Plaintiff") names as defendants in this diversity action arising from the issuance of a life insurance policy and denial of claimed benefits thereunder, seeks dismissal of the Complaint or, alternatively to obtain a more definite statement and to strike a portion of the Complaint ("Motion"). Two of the three defendants filed an Answer to the Complaint and are not parties to the Motion. Plaintiff filed an Opposition, and AIA filed a Reply. Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issues presented appropriate for decision on the papers and without oral argument. For the reasons discussed below, the Motion is **DENIED**.

08CV0319

## I.    BACKGROUND

The Complaint alleges Defendants, including AIA, devised and engaged in a fraudulent scheme to sell life insurance policies to the alumni of various colleges and universities, including plaintiff's and the decedent's alma mater, San Diego State University, with the intent to collect premiums then to wrongfully deny claims made under those polices. Plaintiff alleges all three Defendants were "the agents, employees, principals, or employers of one another, and were all acting within the course and scope of such agency and employment relationship." Compl. ¶ 4.

In particular, the Complaint alleges in January 2006, using lists of alumni, Defendants distributed by unsolicited mail advertising and offers for issuance of a term life insurance policy. Compl. ¶¶ 5-6. Plaintiff and her husband, Martin Zappa, received their offer in January 2006 and applied for the insurance coverage on Mr. Zappa's life on about February 10, 2006. AIA "acted as the coordinators of the process of applying for the policy." Compl. ¶¶ 6, 9-10. Mr. Zappa provided authorizations for release of his medical records, submitted to a physical examination, gave blood and urine samples, provided a financial statement, and complied with "every single request from [AIA]." Compl. ¶ 11. AIA sent him an "Alumni Term 10/20 Life Plan Portfolio" on June 30, 2006, representing that "as long as we receive your premium in the next thirty days, your coverage will be effective on July 15, 2006," stating an amount due of $2,221.67 for a policy amount of $500,000.00. The policy names Martin A. Zappa as the insured and designates Deborah L. Zappa, his wife and this plaintiff, as the sole beneficiary. Compl. ¶¶ 9-15. On July 18, 2006, Plaintiff paid the full premium amount billed. Compl. ¶ 16.

Mr. Zappa died on August 24, 2006. Plaintiff submitted a proof of death claim and requested policy-limits benefits under the policy "which had been issued under Certificate No. 112-267891." Compl. ¶¶ 17-18. On about April 12, 2007, defendant American General Life Insurance Companies, "on behalf of all Defendants and with the knowledge, consent and ratification of all Defendants, denied the benefits due under the life insurance contract," allegedly as part of the "scheme and plan of these Defendants to lure unsuspecting alumni

1    of state colleges and universities to pay premiums on a policy which would later be denied."

2    Compl. ¶ 19.

3        Plaintiff filed her Complaint in state court on December 31, 2007, alleging four causes

4    of action against all three Defendants:   breach of contract; breach of the implied covenant

5    of good faith and fair dealing; fraud; and declaratory relief.   Defendants removed the case

6    to federal court on February 19, 2008, on the basis of diversity jurisdiction pursuant to 28

7    U.S.C. §§ 1332, 1441(b).  Of the three named defendants, only AIA now moves for dismissal

8    or alternative relief.   Plaintiff attached no exhibits to her Complaint, and AIA has provided

9    none in support of its Motion.

10   **II.    DISCUSSION**

11       **A.    Legal Standards**

12           **1.    Dismissal For Failure To State A Claim**

13       The Federal Rules of Civil Procedure ("Rules") govern the sufficiency of a pleading

14   litigated in federal court, including actions pursued under diversity jurisdiction standards.

15   *See, e.g.*, Taylor v. United States, 821 F.2d 1428, 1433 (9th Cir. 1987).  The substantive

16   claims in diversity actions are decided under state law -- *i.e.*, state law determines whether

17   the claim exists and what defenses are recognized.  Id.  The manner of raising the claims

18   is controlled by the federal rules.  *See* Hanna v. Plumer, 380 U.S. 460 (1965); *see also*

19   EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA, 467 F.3d 466, 470 n.2

20   (5th Cir. 2006).  Rule 8 pleading standards are significantly more liberal than California

21   pleading standards.  Federal courts construe pleadings giving deference in favor of the

22   pleader, including an assumption under Rule 12(b)(6) that all material allegations are true.

23   Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969); Gilligan v. Jamco Dev. Corp., 108 F.3d

24   246, 248-49 (9th Cir. 1997).  To withstand Rule 12(b)(6) and12(e) challenges, all that is

25   required is that the Complaint set forth (1) "a short and plain statement" of the grounds for

26   jurisdiction, (2) a "short and plain statement" of the claim showing the pleader is entitled to

27   relief, and (3) a demand for judgment.  Rule 8(a); *see* Swierkiewicz v Sorema N.A., 534 U.S.

28   506, 513 (2002).  When a Rule 12(b)(6) motion is granted, leave to amend is ordinarily

1  denied only when it is clear the deficiencies of the complaint cannot be cured by

2  amendment.  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

3  A Rule12(b)(6) motion to dismiss tests the sufficiency of the complaint.  Navarro v.

4  Block, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a)(2) requires only "a short and plain

5  statement of the claim showing that the pleader is entitled to relief," in order to "give the

6  defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell

7  Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1964 (May 21, 2007), *quoting* Conley

8  v. Gibson, 355 U.S. 41, 47 (1957).  "While a complaint attacked by a Rule 12(b)(6) motion

9  to dismiss does not need detailed factual allegations," those allegations must be enough to

10  raise a right to relief "above the speculative level."  Bell Atlantic, 127 S.Ct. at 1964-65, 1966

11  (citations omitted) ("some threshold of plausibility must be crossed at the outset" before a

12  case is permitted to proceed), *abrogating the formulation in* Conley, 355 U.S. at 45-46.[1]

13  Dismissal is warranted where the complaint lacks a cognizable legal theory.

14  Robertson v. Dean Witter Reynolds, Inc.,749 F.2d 530, 534 (9th Cir. 1984); *see* Neitzke v.

15  Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on

16  the basis of a dispositive issue of law").  Alternatively, a complaint may be dismissed where

17  it presents a cognizable legal theory, but fails to plead essential facts under that theory.

18  Robertson, 749 F.2d at 534; *see* Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th

19  Cir. 1988).  In determining whether the complaint states a claim, the court must assume the

20  truth of all factual allegations and must construe them in the light most favorable to the

21  nonmoving party, including all reasonable inferences to be drawn from the facts alleged.

22  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Cedars-Sinai Medical

23  

---

24  [1]  Dismissal under Rule 12(b)(6) does not require appearance, beyond a doubt, that plaintiff
can prove no set of facts in support of a claim that would entitle the plaintiff to relief.  Conley's "no

25  set of facts" language "has earned its retirement. The phrase is best forgotten as an incomplete,
negative gloss on an accepted pleading standard:  once a claim has been stated adequately, it may
be supported by showing any set of facts consistent with the allegations in the complaint."  Bell

26  Atlantic, 127 S.Ct. at 1969. "It is not . . . proper to assume that [the plaintiff] can prove facts that it
has not alleged or that the defendants have violated the [laws] in ways that have not been alleged."

27  Id. at 1969 n.8 (citation omitted).  "[W]hen the allegations in a complaint, however true, could not
raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of

28  minimum expenditure of time and money by the parties and the court.' "  Id. at 1966. (citations
omitted).

08CV0319

1  Center v. National League of Postmasters, 497 F.3d 972, 975 (9th Cir. 2007).   However,

2  legal conclusions need not be taken as true merely because they are cast in the form of

3  factual allegations.  Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987); Western

4  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); *see also* Transphase Systems,

5  Inc. v. Southern California Edison Co., 839 F.Supp. 711, 718 (C.D. Cal. 1993).

6      In examining the sufficiency of a claim statement, as opposed to its substantive

7  merits, "[o]rdinarily a court may look only at the face of the complaint to decide a motion to

8  dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002);

9  Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) ("Generally, the scope of review on a

10 motion to dismiss for failure to state a claim is limited to the contents of the complaint"),

11 *citing* Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1141 n. 5 (9th Cir. 2003).

12 Nevertheless, "[a] court may consider evidence on which the complaint 'necessarily relies'

13 if:  (1) the complaint refers to the document; (2) the document is central to the plaintiff's

14 claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6)

15 motion."  Marder, 450 F.3d at 448, *citing* Branch v. Tunnell, 14 F.3d 449, 453-54 (9th

16 Cir.1994), *overruled on other grounds by* Galbraith v. County of Santa Clara, 307 F.3d 1119

17 (9th Cir.2002); *see also* Warren, 328 F.3d at 1141 n.5.   "The court may treat such a

18 document as 'part of the complaint, and thus may assume that its contents are true for

19 purposes of a motion to dismiss under Rule 12(b)(6).' " Marder, 450 F.3d at 448, *quoting*

20 United States v. Ritchie, 342 F.3d 903, 908 (9th Cir.2003).

21          **2.     Motions For More Definite Statement**

22      A party may move for a more definite statement before filing a responsive pleading,

23 expressly pointing out "the defects complained of and the details desired." Rule 12(e). Such

24 motions, however, are viewed with disfavor and are rarely granted, in light of the minimal

25 pleading standards of Rule 8 and the availability of the discovery process for parties to learn

26 specifics.  Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999);

27 *see also* Sagan v. Apple Computer, Inc., 874 F.Supp. 1072, 1077 (C.D.Cal. 1994).  "The

28 proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the

1  defendant with a sufficient basis to frame his responsive pleadings." <u>Cellars</u>, 189 F.R.D. at

2  578 (citation omitted).  Generally, the motion is granted only when the pleading is "so vague

3  or ambiguous that the opposing party cannot respond, even with a simple denial, in good

4  faith or without prejudice to himself." <u>Id.</u> (citation omitted).  Although notice to the defendant

5  of the mere existence of a grievance is not enough, a Complaint will survive a Rule 12(e)

6  motion if the plaintiff has set forth enough details to provide the defendant and the court with

7  a fair idea of the basis of the complaint and the legal grounds claimed for recovery.

8         In federal court, despite Rule 8, plaintiffs averring fraud or mistake must state such

9  claims "with particularity."  Rule 9(b); <u>Desaignoudar v. Meyercord</u>, 223 F.3d 1020, 1022-23

10  (9th Cir. 2000) (noting the pleading standards in securities fraud litigation require an even

11  higher degree of particularity than Rule 9(b) standards impose).  In diversity actions, the

12  elements of fraud, like the elements of all substantive claims predicated on state law, are

13  determined by state law, whereas federal procedural rules control the pleading adequacy.

14  Rule 9(b) establishes the plaintiff's burden to plead the *circumstances* alleged to constitute

15  fraud with enough particularity to show the alleged conduct contains the  elements of the

16  substantive claim.[2]  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1105 (9th Cir. 2003).

17  "[W]here allegations of both fraudulent and non-fraudulent conduct are made in the

18  complaint," only "averments of fraudulent conduct must satisfy the heightened pleading

19  requirements of Rule 9(b)." <u>Id.</u>    If the allegations are vague or conclusory, the court

20  disregards the inadequate averments (*i.e.*, those that do not allege fraudulent conduct) and

21  evaluates the remaining allegations to determine whether the plaintiff has stated a valid

22  claim under Rule 9(b) standards.  <u>Id.</u>  While the "circumstances constituting fraud" (*e.g.*,

23  time, place, content) must be averred with particularity, "[m]alice, intent, knowledge and

24  other condition of a person's mind may be alleged generally." Rule 9(b).    The purposes of

25  the "particularity" requirement include, among other things:  to ensure a defendant has

26  enough information to formulate a defense addressing the nature and grounds of the claim;

27

28         ──────────────
        [2]    "In alleging fraud or mistake, a party must state with particularity the circumstances
        constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may
        be alleged generally." Rule 9(b).

1  to eliminate fraud actions based on facts all learned after discovery; and to protect a

2  defendant's reputation.  Concha v. London, 62 F.3d 1493, 1502-03 (9th Cir. 1995).

3                    **3.    Motions To Strike**

4         A court may strike from a pleading "any insufficient defense or any redundant,

5  immaterial, impertinent, or scandalous matter."  Rule 12(f).  A motion to strike is the primary

6  method to attack pleading defects that cannot be addressed by a motion to dismiss.  The

7  motion "may be used to strike any part of the prayer for relief when the damages sought are

8  not recoverable as a matter of law."  Bureerong v. Uvawas, 922 F.Supp. 1450, 1479 n.34

9  (C.D. Cal. 1996), *citing* Tapley v. Lockwood Green Eng'rs, Inc., 502 F.2d 559, 560 (8th Cir.

10  1974) (*per curiam*).  A Rule 12(f) motion is "neither an authorized nor a proper way to procure

11  the dismissal of all or a part of a complaint."  Yamamoto v. Omiya, 564 F.2d 1319, 1327 (9th

12  Cir. 1977) (citation omitted).

13                    **B.    Challenged Pleading Deficiencies**

14                    **1.    Contract Claims**

15         AIA contends Plaintiff's pleading of her breach of contract and breach of implied

16  covenant of good faith and fair dealing claims is fatally defective because she failed either

17  to attach a copy of the policy to her Complaint or to quote the material provisions in the

18  pleading to substantiate the rights and remedies available to the contracting parties.  AIA

19  argues the allegations are so deficient "it is unclear which defendant is a party to, and

20  allegedly breached, the purported Policy contract."  Mot. 2:1-8.  Expressing no opinion on

21  the merits of her claims, the court observes Plaintiff expressly alleges all four causes of

22  action against "Defendants, and each of them."  Compl. ¶¶ 22, 28,36, 49.  The court also

23  finds the Complaint states her contract causes of action in a manner sufficient to survive a

24  facial challenge to the pleading.

25         Although AIA purports to rely on Rule 12(b)(6) in moving for dismissal of Plaintiff's

26  contract claims (Mot. 2:22-3:20), AIA cites only California law to demonstrate the alleged

27  pleading deficiencies.  AIA cites no federal authority for the proposition contract claims are

28  improperly pled unless a copy of the contract is attached to the Complaint or pertinent terms

1  are quoted verbatim in the text of the Complaint.  Under federal rules, a plaintiff may allege

2  a contract "according to its legal effect."  5 Charles Alan Wright & Arthur R. Miller, Federal

3  Practice and Procedure § 1235 (3d ed. 2004).  Defendants removed this action from state

4  court.  In so doing, they elected to proceed under the Federal Rules of Civil Procedure.  The

5  court rejects AIA's attempt to have the court superimpose on the Complaint more stringent

6  pleading requirements than those imposed by the federal rules.   In federal court, a plaintiff

7  is not required to allege facts creating a complete picture of the alleged wrongdoing or even

8  to plead the particular claim as a separate cause of action; all that is needed is enough to

9  put the defendant on notice of the claim asserted. Self-Directed Placement Corp. v. Control

10  Data Corp., 908 F.2d 462, 466 (9th Cir. 1990).

11         AIA insists the pleading of "all Defendants" as actors under each of the claims offers

12  "nothing more than generalized conclusions which contradict specific facts alleged in the

13  Complaint."  Reply 4:1-4.  AIA contends such conclusory allegations "are not accepted as

14  true and are to be disregarded."  Reply 4:15-20, *citing* Ott v. Home Savings and Loan

15  Assoc., 265 F.2d 643, 648 (9th Cir. 1958).  To the extent AIA means it is not a party to the

16  contract, the court declines to make any factual determinations on the merits in the present

17  procedural posture of the case and in the absence of any evidentiary record.  As the contract

18  itself is not before the court at this time, AIA's Motion argument it is "not a party to the

19  contract" is no more than a counter-allegation outside the pleading.  Moreover, Ott is

20  distinguishable.  The Ott court sustained a motion to dismiss a complaint arising from the

21  terms of an unambiguous written instrument that was before the court as an attachment to

22  the Complaint.  The result was predicated on that court's comparison of the writing to the

23  pleading allegations, with findings the pleading allegations were on their face inconsistent

24  with the express terms of the instrument.  AIA could have, but did not, engage this court to

25  undertake such a comparison by itself producing the insurance contract in support of its

26  Motion.  *See* Marder, 450 F.3d at 448 (in deciding a Rule 12(b)(6) motion, the court may

27  consider documents necessarily relied on in the Complaint, whether or not attached to the

28  pleading); *see also* Warren, 328 F.3d at 1141 n. 5; Chambers v. Time Warner, Inc., 282 F.3d

1   147, 153 n. 3 (2d Cir.2002), *citing, inter alia*, <u>Perrino v. FHP, Inc.</u>, 146 F.3d 699, 706 (9th Cir.

2   1998).

3       "Conclusory" allegations are permissible in a Complaint because the federal rules

4   permit notice pleading, unless they stand alone, unsupported by *any* factual allegations. *See*

5   <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 679 (9th Cir. 2001) (under "the liberal system of

6   'notice pleading' set up by the Federal Rules," a claimant need not "set out in detail the facts

7   upon which he bases his claim," but only "'a short and plain statement of the claim' that will

8   give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

9   rests"), *quoting* <u>Leatherman v. Tarrant County Narcotics intelligence and Coordination Unit</u>,

10  507 U.S. 163, 168 (1993), *quoting* <u>Conley</u>, 355 U.S. at 47, Rule 8(a)(2).  This court finds

11  Plaintiff provides adequate notice to AIA of the circumstances giving rise to her breach of

12  contract claims and outlines circumstances addressing the required elements of the claims.

13      With respect to AIA's alternative request that Plaintiff be ordered to provide "a more

14  specific statement" of her contract claims, purporting to rely on Rule 12(e), AIA

15  unpersuasively argues it is unable to "properly respond."  Mot. 6:13-14.  Fairly read, the

16  Complaint allegations provide AIA with all the information it needs to understand the nature

17  and bases of the claims and to formulate a response, as have the other defendants.

18  Expressing no opinion on the merits, the Complaint on its face alleges as to all the named

19  defendants:  they inducing Mr. Zappa to purchase a life insurance policy offered and

20  promoted by them; Plaintiff and her husband complied with all their obligations to accept the

21  contract, including paying the premium Defendants billed; Defendants processed the

22  Application and issued the life insurance policy bearing a specific Certificate number, forming

23  a contract; Plaintiff as beneficiary made a claim for benefits under the policy when her

24  husband died; and Defendants breached the contract by withholding the benefits owed

25  under the policy terms.

26      Relying on its contention Plaintiff fails to adequately allege a cause of action for

27  breach of contract against AIA, AIA argues "it necessarily follows that her claim for breach

28  of the implied covenant must also fail."  Mot. 6:20-23.  As this court finds the breach of

1    contract claim survives facial challenge, AIA's argument that the good faith and fair dealing

2    claim "must also" fail is rejected.  Applying federal pleading standards, and assuming the

3    truth of the Complaint allegations for purposes of deciding the Motion, the court finds Plaintiff

4    has adequately stated her breach of contract claims and AIA has sufficient notice of the

5    bases for them to formulate a response.  Its Motion To Dismiss or for a more definite

6    statement of those claims is accordingly **DENIED**.

7                            **2.     Declaratory Relief Cause Of Action**

8          As her Fourth Cause of Action, Plaintiff seeks a declaration of the parties' rights and

9    obligations arising from the contract, alleging:  "a dispute [has arisen] between the parties

10   as to whether or not there was any legal basis upon which to deny the benefits otherwise

11   due and owing under the policy."  Compl. ¶ 50.  AIA relies for its Motion to dismiss that claim

12   on grounds Plaintiff  has purportedly failed to plead the existence of a contract to which AIA

13   is a party so that she fails to state a claim upon which the requested relief can be granted

14   against AIA.  The court must assume the truth of the Complaint allegations and has found

15   Plaintiff's contract claims survive Rule 12(b)(6) and Rule 12(e),(f) scrutiny.  Moreover, AIA's

16   argument Plaintiff has not properly alleged privity of contract between herself and AIA as a

17   ground for dismissing the declaratory relief claim would require the court to accept as true

18   AIA's Motion allegations regarding the relationships between Plaintiff and AIA and the other

19   defendants and as among Defendants themselves, whereas the appropriate review

20   standards in this proceeding instead obligate the court to accept as true the Complaint

21   allegations.  Resolution of factual disputes must await a different proceeding.  Accordingly,

22   the bases for dismissal of the declaratory relief claim urged by AIA are not cognizable nor

23   supported at this time.  Dismissal of this claim is accordingly **DENIED**.

24                            **3.     Fraud Cause Of Action**

25         AIA argues "Plaintiff's fraud and declaratory relief causes of action are predicated on

26   the breach of contract claim and are therefore similarly deficient and subject to dismissal."

27   Mot. 2:9-10.  That argument falls along with the finding the contract claims survive Rule

28   12(b)(6) review.  AIA's argument it is not a party to the insurance contract does not trump

1  the Complaint allegations of agency or other involvement in the contract formation stated

2  against all three named defendants and which could support an independent fraud claim.

3  Adjudication of the merits of the parties' relationships and the circumstances giving rise to

4  this litigation must await the production of evidence.  AIA has not demonstrated entitlement

5  to dismissal of the claim at this early stage in the proceedings.

6      AIA asserts as additional grounds for dismissal of the fraud cause of action that the

7  pleading lacks the requisite specificity for failure to set forth "specific facts concerning her

8  allegation that the Defendants defrauded her," characterizing the pleading as containing only

9  "generalizations that fail to reference specific individuals, events, communications and the

10  dates on which they occurred."  Mot. 2:11-15.  Absent that particularity, AIA contends the

11  fraud claim is rendered "meaningless."  Mot. 2:15-16.  However, the Rule 9(b) particularity

12  requirement must be read in consideration of Rule 8's "short and plain" statement language.

13  A fraud claim is pled adequately to satisfy Rule 9(b) as long as the pleading "identifies the

14  circumstances constituting fraud (or mistake) so that the defendant can prepare an adequate

15  answer from the allegations."  Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540

16  (9th Cir. 1989).

17      Under California law, the "indispensable elements of a fraud claim include a false

18  representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages."

19  Vess, 317 F.3d at 1105; see  Lesperance v. North American Aviation, 217 Cal. App.2d 336,

20  345 (1963); see also Philipson & Simon v. Gulsvig, 154 Cal.App. 4th 347, 363 (2007).  In

21  federal court, as long as defendants are put on notice of the particular misconduct alleged

22  to constitute fraud in a manner permitting a defense to the charge beyond mere denial they

23  have done anything wrong, the pleading is specific enough.  Semegen v. Weidner, 780 F.2d

24  727, 731 (9th Cir. 1985); Vess, 317 F.3d at 1106.  AIA's authority is distinguishable on the

25  issue of specificity of allegations.[3]  Applying Rule 9(b) standards, the court finds Plaintiff has

26

27  [3]   AIA relies on Bly-Magee v. California, 236 F.3d 1014 (9th Cir. 2001) for the proposition
    "Plaintiff *fails to provide any specific facts* whatsoever concerning the purported fraud."  Reply 7:4.
28  Bly-Magee was a *qui tam* action brought pursuant to the False Claims Act, an anti-fraud statute,
    predicated on allegations of misappropriation of federal funds made available to the state for
    vocational rehabilitation services.  The reviewing court reversed the lower court's finding the

1   presented her allegations adequately to state a claim for fraud.  She pleads the claim against

2   "Defendants, and each of them, through their agents, employees, representatives, and

3   others. . . ."  Compl. ¶ 36-39, 43-45.  She alleges the fraud occurred in the context of "a

4   scheme to lure the alumni of the state colleges and universities to part with their money in

5   the guise of selling life insurance policies, on which [the "Defendants, and each of them"]

6   knew they were going to attempt to avoid making any benefit payments."  Compl. ¶ 36.  She

7   alleges the specific fraudulent representations or omissions to be Defendants, including AIA,

8   offering life insurance coverage in the amount of $500,000 as part of the scheme to lure

9   alumni to purchase policies, but with no intention to honor benefit claims presented and while

10  knowing the representations to be false.  Compl. ¶¶ 5-7, 13-20, 36-39.  She alleges the

11  materials were intended to and did induce reliance  on the representations the life insurance

12  policy had greatly reduced rates with simplified application procedures to procure the offered

13  coverage.  Compl. ¶¶ 9, 38-39.  She identifies the source documents embodying the

14  allegedly fraudulent representations as the advertising and solicitation documentation

15  distributed to university alumni, expressly including her husband and herself in

16  January 2006, an "Alumni Term 10/20 Life Plan Portfolio" provided by Defendants, including

17  AIA, on June 30, 2006, and the certificate issued as No. 112-267891.[4]  Compl. ¶¶ 6, 12, 17,

18  _____

19  complaint averred fraud with the adequate particularity when all the Complaint alleged in support of
    the fraud claim were the generalities the former state attorney general "concealed the [unspecified]

20  fraudulent submission of [unspecified] false claims to avoid repayment of funds to the United States"
    and conspired with state agencies to "defraud the United States by obtaining payment of

21  [unspecified] fraudulent claims."  Id. at 1018 (holding "[t]hese broad allegations included no
    particularized supporting detail").  The "complete absence of particularity" in the Bly-Magee pleading

22  (236 F.3d at 1019) failed to satisfy Rule 9(b), whereas Plaintiff here has identified the particular
    allegedly false representations she attributes to "Defendants and each of them" associated with the

23  purchase of a particular life insurance policy and the non-payment of particular benefits allegedly
    promised under the policy with Defendants' alleged intent to retain premiums wrongfully elicited for

24  benefits coverage Defendants allegedly did not intend to provide.

25       [4]   The court rejects AIA's suggestion the fraud claim is fatally defective for failing to plead
    "the name of the persons who made the representations, their authority to speak for the corporation,

26  to whom they spoke, what they said or wrote, and when it was said or written."  Mot. P&A 7:22-25.
    The Complaint relies on alleged advertising and written solicitations, distinguishing circumstance from

27  AIA's cited authority, Lazar v. Sup. Ct. (Rykoss-Sexton, Inc.), 12 Cal.4th 631, 645 (1996) (a wrongful
    termination of employment case involving particular employer representations specific to the plaintiff

28  to induce him to relocate, among other representations adequate to sustain a claim for promissory
    fraud separate from his claim for constructive wrongful termination).  AIA complains: "Although
    required to do so, she fails to allege or identify a specific conversation(s), what specifically was said,

1   37-38.  She identifies a June 30, 2006 letter indicating Mr. Zappa's application had been

2   accepted and confirming the benefit amount of $500,000, with the policy to become effective

3   July 15, 2006 if payment was received within 30 days, which she timely paid.  Compl. ¶¶ 12-

4   16, 41-42.   She pleads reliance in the form of having applied for a life insurance policy as

5   offered and having "followed every direction and fulfilled every requirement of them as

6   dictated by the Defendants. . . ." Compl. ¶ 40.  She alleges she and her husband never had

7   any basis "not to believe [those] promises and representations" and relied on them as being

8   true, whereas "the Defendants never intended to honor the policy of insurance."  Compl. ¶

9   42.  She further alleges in this regard she and her husband "were led to believe, and

10  justifiably relied upon the representations of the Defendants, and each of them, that a policy

11  of insurance would be in force, and based upon that reliance, paid a premium of $2,221.67

12  to secure the policy of life insurance in the sum of $500,000." Compl. ¶ 41.  She alleges the

13  falsity of the representations or omissions emerged following her husband's death on

14  August 24, 2006, when she requested on September 12, 2006 the policy benefits "under

15  certificate 112-267891" (Compl. ¶ 17) and Defendants refused to pay the benefit amount.

16  She alleges her damages to be Defendants' depriving her of "the $500,000 life insurance

17  benefit for which she [paid] lawful consideration" and Defendants' retention of her premium

18  payment.  Compl. ¶¶ 43-44.  She alleges Defendants, including AIA, had knowledge and

19  consented to and ratified American General's denial, on behalf of them all, of the benefits

20  due under the policy.  Compl. ¶¶ 19, 43.

21  \\

22

---

23  who was present, where the conversation occurred and/or any other information from which AIA can
    extrapolate the specifics concerning the alleged fraud."  Mot. P&A 8:11-14.  However, not only does
24  that level of specificity exceed the Rule 9(b) standard, but also the nature of the allegedly fraudulent
    solicitation in this case appears to have been conducted in material part through the mail as a mass
25  offer for the purchase life insurance by certain qualifying persons. Moreover, Plaintiff has alleged the
    identities of the individual employees of the various defendants were never revealed to her or her
26  husband.  Compl. ¶ 8.  The difficulties inherent in pleading corporate fraud justify the conditional
    requirement that specific persons making the alleged misrepresentations on behalf of the entity be
27  identified only "where possible."  See Moore, 885 F.2d at 540.  The court deems, without deciding,
    that while Plaintiff may not ultimately be able to **prove** a viable claim for fraud against AIA, AIA goes
28  too far in suggesting "Plaintiff will not be able to **state** a viable claim for fraud against AIA."  Mot. P&A
    9:17-18 (emphasis added).

08CV0319

1   Expressing no opinion on the merits of any of Plaintiff's claims, the court finds the
2   fraud cause of action is stated with ample particularity to permit AIA to formulate an answer
3   to the claim and with adequate notice of the basis for the allegations.   Accordingly, the
4   Motion requesting dismissal of, or a more definite statement of, the fraud claim is **DENIED**.

5                   **4.    Punitive Damages And Attorneys' Fees**

6   AIA argues the punitive damages allegations, like the fraud claim, lack the requisite
7   specificity and should be stricken from the Complaint, along with Plaintiff's allegedly improper
8   request for attorneys fees.   Mot. 2:17-19.   However, AIA's identification of purported
9   deficiencies in Plaintiff's punitive damages claim go to the merits of making the case for
10  liability, a substantive argument beyond the scope of facial challenges under the federal
11  rules.   In reliance on California case law, AIA argues "punitive damages are disfavored."
12  Reply 9:4-10; Mot. P&A 10:21-22.   Nevertheless, punitive damages are an appropriate
13  remedy in proper circumstances.   In particular, punitive damages are available under some
14  circumstances in the insurance bad faith context.   For example, if a plaintiff proves a
15  defendant insurer intentionally denied benefits without investigation, an award of punitive
16  damages might be appropriate.   *See, e.g.*, Egan v. Mutual of Omaha Ins. Co., 24 Cal.3d
17  809, 821 (1979) (affirming an award of punitive damages against an insurer for failure to
18  properly investigate the insured's claim, for delay in making payments, and for refusing to
19  pay benefits despite the insured's *bona fide* claim, and noting determinations related to
20  whether to assess punitive damages have traditionally been left to the discretion of the jury).
21  The court finds AIA's attempted demonstration in support of striking the request for punitive
22  damages depends on evidentiary matters inappropriate for determination as a matter of law
23  from the face of the pleading and, in any event, this is not the time to address the propriety
24  of any particular remedy.   For all the foregoing reasons, the motion to strike the punitive
25  damages portion of Plaintiff's Complaint is **DENIED**.

26  Finally, AIA's motion to strike Plaintiff's request for attorneys' fees is **DENIED** as
27  predicated on the failure of her cause of action for breach of the implied covenant of good
28  faith and fair dealing which has, on the contrary, survived Rule 12(b)(6) review.   Moreover,

1  in the insurance context, it is well settled attorneys' fees are properly awarded for having to

2  pursue wrongfully denied policy benefits, a claim advanced in this case. *See* <u>Jordan v.</u>

3  <u>Allstate Ins. Co.</u>, 148 Cal.App.4th 1062, 1079 (2007) (fees reasonably incurred by an insured

4  to compel payment of benefits due under an insurance policy are recoverable as damages

5  in a bad faith action).

6  **III.    CONCLUSION AND ORDER**

7          For all the foregoing reasons, **IT IS HEREBY ORDERED** the Motion of defendant AIA

8  to dismiss the Complaint or, alternatively, for more definite statement and to strike, is

9  **DENIED** in its entirety.

10         **IT IS SO ORDERED**.

11  DATED:  May 7, 2008

12

13         **HONORABLE LARRY ALAN BURNS**
           United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 15 -                                          08CV0319