1  John D. Boyle, No. 105499
   Miguel Hernandez, No. 216254
2  **CARROLL, BURDICK & McDONOUGH LLP**
   Attorneys at Law
3  633 West Fifth Street, 51st Floor
   Los Angeles, CA 90071
4  Telephone:    213.833.4500
   Facsimile:    213.833.4555
5  Email:        jboyle@cbmlaw.com
                 mhernandez@cbmlaw.com
6
   Attorneys for Defendant
7  AMERICAN INSURANCE ADMINISTRATORS

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11 DEBORAH L. ZAPPA, and individual,      No. CV08-00319 LAB NLS

12              Plaintiff,                **DEFENDANT AMERICAN
                                          INSURANCE ADMINISTRATOR'S
13     v.                                 ANSWER TO PLAINTIFF'S
                                          COMPLAINT**
14 AMERICAN GENERAL LIFE
   COMPANIES; AMERICAN                    Judge: Hon. Larry A. Burns
15 INSURANCE ADMINISTRATORS
   AND AMERICAN GENERAL                   Complaint Filed: December 12, 2007
16 ASSURANCE COMPANY; and                 Complaint Removed: February 19, 2008
   DOES 1 through 20,                     Trial Date: None set
17
                Defendant.
18

19

20         Defendant, AMERICAN INSURANCE ADMINISTRATORS ("AIA"),

21 responds to Plaintiff, DEBORAH L. ZAPPA'S ("ZAPPA"), complaint for damages

22 pursuant to claims for breach of contract, breach of the covenant of good faith and fair

23 dealing, fraud, and declaratory relief ("Complaint"), as follows:

24         / / /

25         / / /

26         / / /

27         / / /

28         / / /

CBM-LA\LA076720.1

**DEFENDANT AMERICAN INSURANCE ADMINISTRATOR'S ANSWER TO PLAINTIFF'S COMPLAINT**

## GENERAL ALLEGATIONS

1. Answering Paragraph 1 of the Complaint, AIA admits that ZAPPA is the widow of Martin A. Zappa and was the sole beneficiary designated on the AMERICAN GENERAL ASSURANCE COMPANY ("AGAC") life insurance policy application. As to the remaining allegations, AIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

2. Answering Paragraph 2 of the Complaint, AIA is informed and believes that at all times pertinent hereto ZAPPA was a resident of the County of San Diego and on that basis admits that fact. AIA is informed and believes that ZAPPA is presently a resident of San Diego County and on that basis admits that fact. As to the remaining allegations, AIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

3. Answering Paragraph 3 of the Complaint, AIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

4. Answering Paragraph 4 of the Complaint, AIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

5. Answering Paragraph 5 of the Complaint, AIA denies it created a scheme to defraud consumers by selling life insurance policies, taking premiums and then wrongfully or without cause denying life insurance benefits. AIA further denies that it wrongfully kept premiums to its own profit or deprived the beneficiaries of the proceeds of the life insurance policies. As to the remaining allegations, AIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

1        6.    Answering Paragraph 6 of the Complaint, AIA admits that it mailed

2    advertising materials for an alumni term life insurance policy to alumni, including alumni

3    of San Diego State University, and that said materials were created with the approval of

4    AGAC and/or AMERICAN GENERAL LIFE INSURANCE COMPANY ("AGLIC").

5    As to the remaining allegations, AIA is without sufficient knowledge or information to

6    form a belief as to the truth of the allegations contained in said Paragraph, and on that

7    basis denies each and every allegation contained therein.

8        7.    Answering Paragraph 7 of the Complaint, AIA is and was not a party to

9    the life insurance policy contract, never had any claims adjudication responsibility and as

10   such was not in a position, and therefore could not and in-fact did not, deny benefits under

11   any such contract and on that basis denies each and every allegation contained in

12   Paragraph 7 of the Complaint.

13       8.    Answering Paragraph 8 of the Complaint, AIA is without sufficient

14   knowledge or information to form a belief as to the truth of the allegations contained in

15   said Paragraph, and on that basis denies each and every allegation contained therein.

16       9.    Answering Paragraph 9 of the Complaint, AIA admits that Martin A.

17   Zappa applied for life insurance in or about February 2006.  As to the remaining

18   allegations, AIA is without sufficient knowledge or information to form a belief as to the

19   truth of the allegations contained in said Paragraph, and on that basis denies each and

20   every allegation contained therein.

21       10.    Answering Paragraph 10 of the Complaint, AIA admits it acted as

22   insurance administrator and that it sent Martin A. Zappa requests for information as part

23   of the policy application process and that it received information in response to its

24   requests.  As to the remaining allegations, AIA is without sufficient knowledge or

25   information to form a belief as to the truth of the allegations contained in said Paragraph,

26   and on that basis denies each and every allegation contained therein.

27       11.    Answering Paragraph 11 of the Complaint, AIA admits that Martin A.

28   Zappa executed a release, submitted to a physical examination wherein he gave blood and

1  urine samples and provided a financial statement.  As to the remaining allegations, AIA is

2  without sufficient knowledge or information to form a belief as to the truth of the

3  allegations contained in said Paragraph, and on that basis denies each and every allegation

4  contained therein.

5          12.    Answering Paragraph 12 of the Complaint, AIA admits that on June 30,

6  2006, it created an Alumni Term 10/20 Life Plan Portfolio for Martin A. Zappa stating

7  that the application for insurance had been accepted "as long as we receive your premium

8  in the next 30 days."  AIA denies that the letter was sent "with full knowledge, consent

9  and as part of the scheme" or for that matter as part of any scheme.  As to the remaining

10 allegations, AIA is without sufficient knowledge or information to form a belief as to the

11 truth of the allegations contained in said Paragraph, and on that basis denies each and

12 every allegation contained therein.

13         13.    Answering Paragraph 13 of the Complaint, AIA admits the AGAC policy

14 application was for a policy limit of $500,000.00 and that AIA confirmed the same in

15 writing.  As to the remaining allegations, AIA is without sufficient knowledge or

16 information to form a belief as to the truth of the allegations contained in said Paragraph,

17 and on that basis denies each and every allegation contained therein.

18         14.    Answering Paragraph 14 of the Complaint, AIA admits that on June 30,

19 2006, it created a letter which was subsequently sent to Martin A. Zappa containing a

20 written Alumni Term 10/20 Life Plan Portfolio with a stated life insurance benefit of

21 $500,000.00 and listing Martin A. Zappa as the insured and ZAPPA as the sole

22 beneficiary.  As to the remaining allegations, AIA is without sufficient knowledge or

23 information to form a belief as to the truth of the allegations contained in said Paragraph,

24 and on that basis denies each and every allegation contained therein.

25         15.    Answering Paragraph 15 of the Complaint, AIA admits that the June 30,

26 2006 letter included a statement of account requesting payment of $2,221.67.

27         16.    Answering Paragraph 16 of the Complaint, AIA admits that it received

28 payment in the amount of $2,221.67.  As to the remaining allegations, AIA is without

1   sufficient knowledge or information to form a belief as to the truth of the allegations

2   contained in said Paragraph, and on that basis denies each and every allegation contained

3   therein.

4           17.    Answering Paragraph 17 of the Complaint, AIA admits it received a copy

5   of a death certificate which states that Martin A. Zappa died on August 24, 2006 and on

6   that basis admits that Martin A. Zappa died on August 24, 2006.

7           18.    Answering Paragraph 18 of the Complaint, AIA admits it received a

8   proof of death claim form and that the form indicated that it was executed by ZAPPA on

9   September 12, 2006 and that ZAPPA requested policy benefits pursuant to that claim

10  form.  As to the remaining allegations, AIA is without sufficient knowledge or

11  information to form a belief as to the truth of the allegations contained in said Paragraph,

12  and on that basis denies each and every allegation contained therein.

13          19.    Answering Paragraph 19 of the Complaint, on information and belief,

14  AIA admits that AGAC and/or AGLIC issued a letter dated April 12, 2007 stating

15  ZAPPA'S claim was denied and the basis on which it was denied.  As to the remaining

16  allegations, AIA denies each and every allegation contained therein.

17          20.    Answering Paragraph 20 of the Complaint, AIA denies that Defendants

18  are in possession of the premium which has since been returned to ZAPPA.  AIA also

19  denies that it acted pursuant to any "preconceived plan to defraud consumers from their

20  money" or that any of its conduct was detrimental to ZAPPA.  As to the remaining

21  allegations, AIA is without sufficient knowledge or information to form a belief as to the

22  truth of the allegations contained in said Paragraph, and on that basis denies each and

23  every allegation contained therein.

24                          **<u>BREACH OF CONTRACT</u>**

25          21.    Answering Paragraph 21 of the Complaint, AIA incorporates by

26  reference the above Paragraphs 1 through 20 as if set forth fully herein.

27          22.    Answering Paragraph 22 of the Complaint, on information and belief,

28  AIA admits AGAC issued a life insurance policy to Martin Zappa in 2006 with a face

1  amount of $500,000.00, and on the application attached to the policy ZAPPA is listed as

2  the beneficiary.  AIA denies that it is a party to the life insurance policy contract.  As to

3  the remaining allegations, AIA denies each and every allegation contained therein.

4       23.   Answering Paragraph 23 of the Complaint, AIA admits that Martin A.

5  Zappa executed a release, submitted to a physical examination wherein he gave blood and

6  urine samples and provided a financial statement.  As to the remaining allegations, AIA is

7  without sufficient knowledge or information to form a belief as to the truth of the

8  allegations contained in said Paragraph, and on that basis denies each and every allegation

9  contained therein.

10       24.   Answering Paragraph 24 of the Complaint, AIA is and was not a party to

11  the life insurance policy contract, never had any claims adjudication responsibility and as

12  such was not in a position, and therefore could not and in-fact did not, deny benefits under

13  any such contract and on that basis denies each and every allegation contained in

14  Paragraph 24 of the Complaint, including but not limited to ZAPPA'S allegation that AIA

15  wrongfully denied coverage; that it wrongfully deprived ZAPPA of life insurance

16  benefits; and each and every other allegation contained therein.

17       25.   Answering Paragraph 25 of the Complaint, AIA denies any wrongful

18  conduct, that it caused ZAPPA any damages and that it is liable to ZAPPA for any

19  damages whatsoever.  AIA denies that ZAPPA is entitled to the $500,000.00 life

20  insurance benefit; denies that ZAPPA has suffered damages; or will continue to suffer

21  damages.  As to the remaining allegations, AIA is without sufficient knowledge or

22  information to form a belief as to the truth of the allegations contained in said Paragraph,

23  and on that basis denies each and every allegation contained therein.

24  **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

25       26.   Answering Paragraph 26 of the Complaint, AIA incorporates by

26  reference the above Paragraphs 1 through 25 as if set forth fully herein.

27       27.   Answering Paragraph 27 of the Complaint, whether or not a covenant of

28  good faith and fair dealing is implied in every written contract of insurance calls for a

CBM-LA\LA076720.1                                   -6-

1   legal conclusion and as such AIA is unable to admit or deny the allegations and on that

2   basis denies each and every allegation contained therein.

3       28.    Answering Paragraph 28 of the Complaint, AIA is and was not a party to

4   the life insurance policy contract, never had any claims adjudication responsibility and as

5   such was not in a position, and therefore could not and in-fact did not, breach the implied

6   covenant of good faith and fair dealing and on that basis denies each and every allegation

7   contained in Paragraph 28 of the Complaint, including but not limited to ZAPPA'S

8   allegation that AIA "reflexively" denied coverage, failed to adequately investigate the

9   details of the claim and failed to respond to ZAPPA'S requests for reconsideration.  As to

10  the remaining allegations, AIA is without sufficient knowledge or information to form a

11  belief as to the truth of the allegations contained in said Paragraph, and on that basis

12  denies each and every allegation contained therein.

13      29.    Answering Paragraph 29 of the Complaint, AIA is and was not a party to

14  the life insurance policy contract, never had any claims adjudication responsibility and as

15  such was not in a position, and therefore could not and in-fact did not, breach the implied

16  covenant of good faith and fair dealing and on that basis denies each and every allegation

17  contained in Paragraph 28 of the Complaint, including but not limited to ZAPPA'S

18  allegation that AIA devised schemes to offer life insurance with the knowledge that it

19  would deny any and all claims for benefits under the policies issued.  As to the remaining

20  allegations, AIA is without sufficient knowledge or information to form a belief as to the

21  truth of the allegations contained in said Paragraph, and on that basis denies each and

22  every allegation contained therein.

23      30.    Answering Paragraph 30 of the Complaint, AIA is and was not a party to

24  the life insurance policy contract, never had any claims adjudication responsibility and as

25  such was not in a position, and therefore could not and in-fact did not, deny benefits under

26  any such contract and as such denies that it breached the implied covenant of good faith

27  and fair dealing and denies any wrongful conduct or that its conduct was intended, or did

28  in fact, cause injury to ZAPPA; denies that its conduct was despicable; denies that its

1  conduct was willful and in conscious disregard of the rights of ZAPPA; denies that that

2  said conduct was an intentional misrepresentation, deceit, or concealment of a material

3  fact; that said conduct constitutes malice, oppression or fraud; or that ZAPPA is entitled to

4  punitive damages.  As to the remaining allegations, AIA is without sufficient knowledge

5  or information to form a belief as to the truth of the allegations contained in said

6  Paragraph, and on that basis denies each and every allegation contained therein.

7          31.    Answering Paragraph 31 of the Complaint, AIA denies any wrongful

8  conduct; that ZAPPA suffered anxiety, worry, mental and emotional distress, other

9  incidental damages; or any other general damages.  As to the remaining allegations, AIA

10  is without sufficient knowledge or information to form a belief as to the truth of the

11  allegations contained in said Paragraph, and on that basis denies each and every allegation

12  contained therein.

13          32.    Answering Paragraph 32 of the Complaint, AIA denies any wrongful

14  conduct; that ZAPPA suffered any special, general, other incidental, or any other

15  damages.  As to the remaining allegations, AIA is without sufficient knowledge or

16  information to form a belief as to the truth of the allegations contained in said Paragraph,

17  and on that basis denies each and every allegation contained therein.

18          33.    Answering Paragraph 33 of the Complaint, AIA denies any wrongful

19  conduct; that ZAPPA suffered any special, general, other incidental, or any other

20  damages; that ZAPPA was required to retain legal counsel; or that ZAPPA is entitled to

21  life insurance benefits under the policy.  As to the remaining allegations, AIA is without

22  sufficient knowledge or information to form a belief as to the truth of the allegations

23  contained in said Paragraph, and on that basis denies each and every allegation contained

24  therein.

25          34.    Answering Paragraph 34 of the Complaint, AIA denies that it has

26  breached the implied covenant of good faith and fair dealing; denies that it "reflexively"

27  denied coverage; denies any wrongful conduct; that said conduct was intended to cause

28  injury to ZAPPA; that said conduct was despicable; that said conduct was willful and in

1    conscious disregard of the rights of ZAPPA; that said conduct constitutes malice,

2    oppression or fraud; or that ZAPPA is entitled to punitive damages.  As to the remaining

3    allegations, AIA is without sufficient knowledge or information to form a belief as to the

4    truth of the allegations contained in said Paragraph, and on that basis denies each and

5    every allegation contained therein.

6                                              **<u>FRAUD</u>**

7            35.    Answering Paragraph 35 of the Complaint, AIA incorporates by

8    reference the above Paragraphs 1 through 34 as if set forth fully herein.

9            36.    Answering Paragraph 36 of the Complaint, AIA denies that it created a

10   scheme to lure buyers for life insurance and then sold life insurance with the intent and

11   purpose of avoiding benefit payments.  As to the remaining allegations, AIA is without

12   sufficient knowledge or information to form a belief as to the truth of the allegations

13   contained in said Paragraph, and on that basis denies each and every allegation contained

14   therein.

15           37.    Answering Paragraph 37 of the Complaint, AIA admits that it mailed

16   advertising materials for an alumni term life insurance policy to alumni, including alumni

17   of San Diego State University, and that said materials were created with the approval of

18   AGAC and/or AGLIC.  As to the remaining allegations, AIA is without sufficient

19   knowledge or information to form a belief as to the truth of the allegations contained in

20   said Paragraph, and on that basis denies each and every allegation contained therein.

21           38.    Answering Paragraph 38 of the Complaint, AIA is without sufficient

22   knowledge or information to form a belief as to the truth of the allegations contained in

23   said Paragraph, and on that basis denies each and every allegation contained therein.

24           39.    Answering Paragraph 39 of the Complaint, AIA is and was not a party to

25   the life insurance policy contract, never had any claims adjudication responsibility and as

26   such was not in a position, and therefore could not and in-fact did not, deny benefits under

27   any such contract and on that basis denies each and every allegation contained in

28   Paragraph 39 of the Complaint, including that allegation that it had no intention of

CBM-LA\LA076720.1                              -9-

honoring the terms of the life insurance policy issued to Martin A. Zappa provided all of the terms and provisions of the policy were fulfilled and satisfied.  As to the remaining allegations, AIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

40.   Answering Paragraph 40 of the Complaint, AIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

41.   Answering Paragraph 41 of the Complaint, AIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

42.   Answering Paragraph 42 of the Complaint, AIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

43.   Answering Paragraph 43 of the Complaint, AIA is and was not a party to the life insurance policy contract and as such was not in a position, and therefore could not and in-fact did not, deny benefits under any such contract and on that basis denies each and every allegation contained in Paragraph 43 of the Complaint and denies any wrongful conduct, that it caused ZAPPA any damages and that it is liable to ZAPPA for any damages whatsoever.  As to the remaining allegations, AIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

44.   Answering Paragraph 44 of the Complaint, AIA denies that it has kept for its "use and benefit the sum of $2,221.67 from July 18, 2006, through the present time," AIA denies that it was in possession of said sum as of July 18, 2006 and admits that said money has since been returned to ZAPPA.  As to the remaining allegations, AIA is without sufficient knowledge or information to form a belief as to the truth of the

1  allegations contained in said Paragraph, and on that basis denies each and every allegation

2  contained therein.

3           45.    Answering Paragraph 45 of the Complaint, AIA denies any wrongful

4  conduct; that said conduct was intended to cause injury to ZAPPA; that said conduct was

5  an intentional misrepresentation, or deceitful; that said conduct constitutes malice,

6  oppression or fraud; or that ZAPPA is entitled to punitive damages.  As to the remaining

7  allegations, AIA is without sufficient knowledge or information to form a belief as to the

8  truth of the allegations contained in said Paragraph, and on that basis denies each and

9  every allegation contained therein.

10                          **DECLARATORY RELIEF**

11          46.    Answering Paragraph 46 of the Complaint, AIA incorporates by

12  reference the above Paragraphs 1 through 45 as if set forth fully herein.

13          47.    Answering Paragraph 47 of the Complaint, AIA admits that ZAPPA has

14  sought the life insurance benefits under the policy for which Martin A. Zappa applied.

15          48.    Answering Paragraph 48 of the Complaint, AIA is without sufficient

16  knowledge or information to form a belief as to the truth of the allegations contained in

17  said Paragraph, and on that basis denies each and every allegation contained therein.

18          49.    Answering Paragraph 49 of the Complaint, AIA is and was not a party to

19  the life insurance policy contract, never had any claims adjudication responsibility and as

20  such was not in a position, and therefore could not and in-fact did not, deny benefits under

21  any such contract and on that basis denies each and every allegation contained in

22  Paragraph 49 of the Complaint.  AIA directs ZAPPA to the Answer filed in this action by

23  AGAC and AGLIC regarding her allegation that Defendants, and each of them, have now

24  denied that benefits are due and owing under the life insurance policy.  As to the

25  remaining allegations, AIA is without sufficient knowledge or information to form a

26  belief as to the truth of the allegations contained in said Paragraph, and on that basis

27  denies each and every allegation contained therein.

28

50.    Answering Paragraph 51 of the Complaint, AIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

51.    Answering Paragraph 51 of the Complaint, AIA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraph, and on that basis denies each and every allegation contained therein.

## PRAYER

1.    Answering the allegations of Paragraph 1 of the prayer for relief, AIA denies each and every allegation contained in this Paragraph.

2.    Answering the allegations of Paragraph 2 of the prayer for relief, AIA denies each and every allegation contained in this Paragraph.

3.    Answering the allegations of Paragraph 3 of the prayer for relief, AIA denies each and every allegation contained in this Paragraph.

4.    Answering the allegations of Paragraph 4 of the prayer for relief, AIA denies each and every allegation contained in this Paragraph.

5.    Answering the allegations of Paragraph 5 of the prayer for relief, AIA denies each and every allegation contained in this Paragraph.

6.    Answering the allegations of Paragraph 6 of the prayer for relief; AIA denies each and every allegation contained in this Paragraph.

7.    Answering the allegations of Paragraph 7 of the prayer for relief, AIA denies each and every allegation contained in this Paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to a State Claim)**

ZAPPA'S Complaint fails to state facts sufficient to state claims for relief against AIA.

-12-

**SECOND AFFIRMATIVE DEFENSE**
**(Failure to Satisfy Conditions)**

AIA alleges that ZAPPA has failed to satisfy all conditions precedent, subsequent, or concurrent to receipt of benefits under the policy.

**THIRD AFFIRMATIVE DEFENSE**
**(Proper Claims Decisions)**

AIA alleges that all claims decisions were correct and proper under the terms of the policy.

**FOURTH AFFIRMATIVE DEFENSE**
**(Received All Entitled Compensation)**

AIA alleges that ZAPPA received all the benefits to which she is entitled and that ZAPPA was not entitled to any benefits because the policy did not take effect since Martin Zappa's health changed before the first premium payment was paid by ZAPPA or Martin Zappa.

**FIFTH AFFIRMATIVE DEFENSE**
**(Waiver / Estoppel)**

AIA alleges, on information and belief, that by ZAPPA'S conduct or that of her agents, ZAPPA waived, or is estopped to assert, every claim for relief against AIA set forth in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**
**(Parol Evidence Rule)**

AIA alleges that ZAPPA'S claims for relief are barred by the parol evidence rule, to the extent that such rule has been made a part of the federal common law.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Mitigation)**

AIA alleges, on information and belief, that ZAPPA failed to exercise reasonable care and diligence to mitigate her damages, if she has any.  As a consequence,

1  ZAPPA'S claims should be barred, or alternatively, any damages awarded to her should

2  be reduced in proportion to her fault in failing to mitigate damages.

3  ### EIGHTH AFFIRMATIVE DEFENSE
   ### (Unjust Enrichment)

4

5  AIA alleges that ZAPPA'S claims for relief are barred by the principle of

6  unjust enrichment.

7  ### NINTH AFFIRMATIVE DEFENSE
   ### (Failure to Comply with Plan Terms)

8

9  AIA alleges that ZAPPA has failed to comply with the terms of the policy that

10  is the subject of this action; and that accordingly ZAPPA'S claims for benefits are barred.

11  ### TENTH AFFIRMATIVE DEFENSE
   ### (Statutes of Limitations)

12

13  AIA raises and alleges the statute of limitations applicable to each of the

14  claims raised in the Complaint.

15  ### ELEVENTH AFFIRMATIVE DEFENSE
   ### (Comparative Fault)

16

17  ZAPPA'S injuries or damages, if any, resulted from her own breach, neglect,

18  or other misconduct, or from that of persons for whom ZAPPA was responsible.

19  ### TWELFTH AFFIRMATIVE DEFENSE
   ### (Unclean Hands)

20

21  AIA alleges that ZAPPA is barred and estopped by the equitable doctrine of

22  unclean hands from seeking or obtaining any recovery against AIA.

23  ### THIRTEENTH AFFIRMATIVE DEFENSE
   ### (Privileged and Good Faith Conduct)

24

25  AIA alleges that each and every act or statement done or made by them, or its

26  agents, with reference to ZAPPA, was privileged as a good faith assertion of AIA'S legal

27  and/or other applicable rights whether statutory or otherwise.

28

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Latches)**

AIA alleges on information and belief that ZAPPA'S claims for relief are barred by the doctrine of latches.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Good Faith)**

AIA alleges it acted in good faith toward ZAPPA, the processing of her claim, and in every other aspect of its dealings with ZAPPA.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Contribution and Indemnity)**

AIA alleges it is entitled to a right of indemnification by apportionment and to a right of contribution from any person or entity whose negligence proximately contributed to the happening of the alleged injuries of ZAPPA, if she should receive a verdict against AIA.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Civil Code Damage Limitations)**

AIA alleges that ZAPPA'S remedy for any alleged breach of contract is limited by California *Civil Code* §§ 3300 and 3302.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Insurance Code section 10111)**

AIA alleges that ZAPPA'S damage claims, if any, are limited by the provisions of California *Insurance Code* §10111.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Damages)**

AIA alleges on information and belief that ZAPPA is not entitled to attorney's fees or other damages pursuant to any of the claims for relief alleged in the Complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Failure to Satisfy Standard for Punitive Damages)**

AIA alleges that ZAPPA has failed to allege, and cannot establish by clear and convincing evidence, facts sufficient to constitute the oppression, fraud, or malice required for an award of punitive damages pursuant to California *Civil Code* § 3294.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Punitive Damages as Violation of Equal Protection Clause)**

AIA alleges any award of punitive damages would violate the equal protection clause of the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of California.  See, e.g., *State Farm Mutual Ins. Co. v. Campbell* (2003) 538 U.S.  408.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Reliance Not Justified)**

AIA alleges that the reliance, if any, of ZAPPA was not justified.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Lack of Privity)**

AIA alleges that ZAPPA is precluded from any and all recovery against AIA by reason of lack of privity.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(No Contract)**

AIA alleges that ZAPPA'S breach of contract cause of action does not state facts sufficient to constitute a cause of action against AIA inasmuch as said claim fails to allege any contract whatsoever with AIA, and further, fails to allege any breach whatsoever by AIA.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Approval and Ratification)**

ZAPPA, by her acts and conduct, approved in advance, and/or later ratified the conduct described in Complaint.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(Assumption of Risk)**

AIA alleges that the damages of ZAPPA, if any, were caused directly and contributed to by ZAPPA'S own assumption of all known risks.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(Causation)**

All of ZAPPA'S purported causes of action are barred because the conduct of ZAPPA or others was the legal, and or, proximate cause of all purported damages alleged in the Complaint.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Implied Covenant of Good Faith and Fair Dealing)**

ZAPPA is not entitled to recover against AIA pursuant to any cause of action in the Complaint herein, because ZAPPA breached the implied covenant of good faith and fair dealing in connection with the alleged contract.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(Indemnity)**

AIA is informed and believes and thereon alleges that in the event the Plaintiff should be awarded judgment against AIA in any manner or in any amount by virtue of her Complaint, AIA is entitled to indemnity (whether it be contractual, equitable, implied or otherwise) for such amount from those parties, including those who are presently known or unknown or unidentified, who were primarily responsible for such damage.

**THIRTIETH AFFIRMATIVE DEFENSE**
**(Reservation of Right to Assert Additional Defenses)**

AIA reserves the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

/ / /

/ / /

/ / /

CBM-LA\LA076720.1

-17-

1    WHEREFORE, AIA prays for judgment as follows:

2        1.    That ZAPPA take nothing against AIA by reason of her Complaint on file

3    herein, that judgment be awarded in favor of AIA, and against PLAINTIFF, and that AIA

4    be dismissed from this action;

5        2.    That AIA be awarded its attorneys' fees incurred herein;

6        3.    That AIA be awarded its costs of suit; and

7        4.    That the Court grants such other and further relief as it deems just and

8    proper.

9

10    Dated:  May 19, 2008

11        CARROLL, BURDICK & McDONOUGH LLP

12

13        By /s/ *Miguel Hernandez*
        John D. Boyle
14        Miguel Hernandez
        Attorneys for Defendant
15        AMERICAN INSURANCE
        ADMINISTRATORS
16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

*Zappa v. American General Life Companies, et al.*
San Diego Superior Court, Case No. 37-2007-00093735-CU-IC-CTL

CERTIFICATE OF SERVICE

3

4

The undersigned certifies that the foregoing document:

5

**DEFENDANT AMERICAN INSURANCE ADMINISTRATOR'S ANSWER TO PLAINTIFF'S
COMPLAINT**

6

7

was filed electronically in compliance with Local Rule 5.4 (c).  As such, said document was served on counsel identified below who are deemed to have consented to electronic service.  Local Rule 5.4 (c).

8

9

10

11

Gregory C. Kane, Esq.                          Attorneys for Plaintiff
**SHIFFLET, KANE & KONOSKE, LLP**    DEBORAH ZAPPA
16880 West Bernardo Drive
Suite 250
San Diego, CA  92127-1615
Tel:  (858) 385-0871
Fax: (858) 613-0871

12

13

14

15

Adrienne C. Publicover                        Attorneys for Plaintiff
Michael K. Brisbin                            AMERICAN GENERAL LIFE
**WILSON, ELSER, MOSKOWITZ,**        INSURANCE COMPANY and
**EDELMAN & DECKER LLP**              AMERICAN GENERAL ASSURANCE
525 Market Street, 17th Floor                 COMPANY
San Francisco, CA 94105

16

17

    I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on **May 19, 2008**, at Los Angeles, California.

18

19

                              By  /s/ *Miguel Hernandez*
                                  Miguel Hernandez

20

21

22

23

24

25

26

27

28

CBM-LA\LA076720.1

PROOF OF SERVICE