1
2
3
4
5
6
7

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  DEBORAH L. ZAPPA, an individual,     )    Civil No. 08cv319 LAB (NLS)
)
Plaintiff,    )    **SCHEDULING ORDER REGULATING**

12  v.    )    **DISCOVERY AND OTHER PRE-TRIAL**
)    **PROCEEDINGS**

13  AMERICAN GENERAL LIFE INSURANCE  )
COMPANIES, AMERICAN INSURANCE  )

14  ADMINISTRATORS, and AMERICAN  )
GENERAL ASSURANCE COMPANY, and  )

15  DOES 1 through 20,  )
)

16  Defendants.  )
)

17

18          Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on June

19  13, 2008.  After consulting with the attorneys of record for the parties and being advised of the status of

20  the case, and good cause appearing,

21          **IT IS HEREBY ORDERED THAT**:

22          1.     Any motion to join other parties, to amend the pleadings, or to file additional pleadings

23  shall be ***filed*** on or before ***August 15, 2008***.

24          2.     The parties shall designate their respective experts in writing by ***September 15, 2008***.

25  The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702,

26  703 or 705 of the Fed. R. Evid.  This requirement is <u>not</u> limited to retained experts.  The date for

27  exchange of rebuttal experts shall be on or before ***September 29, 2008***.  The written designations shall

28  include the name, address and telephone number of the expert and a reasonable summary of the

testimony the expert is expected to provide. The list shall also include the normal rates the expert

charges for deposition and trial testimony.

3.    On or before ***November 14, 2008***, each party shall comply with the disclosure provisions

in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement

applies to all persons retained or specially employed to provide expert testimony, <u>or</u> whose duties as an

employee of the party regularly involve the giving of expert testimony.

4.    Any party shall supplement its disclosure regarding contradictory or rebuttal evidence

under Rule 26(a)(2)(c)on or before ***December 5, 2008***.

5.    **Please be advised that failure to comply with this section or any other discovery**

**order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37**

**including a prohibition on the introduction of experts or other designated matters in evidence.**

6.    All discovery, including experts, shall be completed by all parties on or before

***January 30, 2009***.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of

Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in

advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times

for service, notice and response as set forth in the Federal Rules of Civil Procedure.  <u>Counsel shall</u>

<u>promptly and in good faith meet and confer with regard to all discovery disputes in compliance with</u>

<u>Local Rule 26.1(a).</u>  All discovery motions shall be filed within 30 days after counsel have met and

conferred and reached an impasse with regard to any particular discovery issue, but in no event shall

discovery motions be filed more than 30 days after the close of discovery.

7.    All other pretrial motions must be filed on or before ***February 27, 2009***.  Please be

advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the

judge who will hear the motion.  Be further advised that the period of time between the date you request

a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.

Failure to make a timely request for a motion date may result in the motion not being heard.

8.    An early Voluntary Settlement Conference shall be conducted on ***September 3, 2008 at***

***9:30 a.m.*** in the chambers of Magistrate Judge Nita L. Stormes.  Counsel or any party representing

himself or herself shall submit confidential settlement briefs <u>directly to chambers</u> no later than ***August***

1    ***29, 2008***.  A Mandatory Settlement Conference shall be conducted on ***May 20, 2009 at 9:30 a.m.*** in the

2    chambers of Magistrate Judge Nita L. Stormes.  Counsel or any party representing himself or herself

3    shall submit confidential settlement briefs <u>directly to chambers </u>no later than ***May 14, 2009***.  **All parties**

4    **are ordered to read and to fully comply with the attached SETTLEMENT CONFERENCE**

5    **PROCEDURES.**

6        9.    Despite the requirements of Civil Local Rule 16.1(f)(2), neither party is required to file a

7    Memorandum of Contentions of Fact and Law at any time.  The parties shall instead focus their efforts

8    on drafting and submitting a proposed pretrial order by the time and date specified by Civil Local Rule

9    16.1(f)(6)(b).  The proposed pretrial order shall comply with Civil Local Rule 16.1 (f) (6)  and the

10   Standing Order in Civil Cases issued by Hon. Larry Alan Burns.

11       10.    Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil

12   Procedure 26(a)(3) on or before ***June 8, 2009***.  Failure to comply with these disclosure requirements

13   could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

14       11.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4) on or before

15   ***June 15, 2009***.  At this meeting, counsel shall discuss and attempt to enter into stipulations and

16   agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or

17   display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in

18   accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other

19   parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in

20   the preparation of the proposed pretrial conference order.

21       12.    The Proposed Final Pretrial Conference Order, including objections to any other parties'

22   Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the

23   Court on or before ***June 22, 2009***, and shall be in the form prescribed in and in compliance with Local

24   Rule 16.1(f)(6).

25       13.    The final Pretrial Conference is scheduled on the calendar of Judge Burns on

26   ***June 29, 2009*** at ***11:45 a.m.***.

27       14.    A post trial settlement conference before a magistrate judge may be held within 30 days

28   of verdict in the case.

15.    The dates and times set forth herein will not be modified except for good cause shown.

16.    Dates and times for hearings on motions should be approved by the Court's clerk before notice of hearing is served.

17.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

DATED: June 13, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge

4

**CHAMBERS OF MAGISTRATE JUDGE NITA L. STORMES**

**SETTLEMENT CONFERENCE PROCEDURES**

**ATTENDANCE:**  All parties, adjusters for insured defendants, and other representatives of a party **having full and complete authority to enter into a binding settlement**, and the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss settlement of the case.  Full authority to settle means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference.  *Pitman*, 216 F.R.D. at 486.  Limited or sum certain authority is not adequate.  *Nick v. Morgan's Foods*, Inc., 270 F.3d 590, 595-597 (8th Cir. 2001). Failure of any of the aforementioned to appear **in person** will result in the imposition of sanctions. Where settlement authority rests with a governing body, counsel shall propose special arrangements in advance for securing timely authority to settle.

**SETTLEMENT CONFERENCE BRIEFS**:  All parties are required to lodge a **confidential** settlement brief prior to the Settlement Conference.  Please refer to the Court's order for the date by which the brief is due.  Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any.  Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference.  Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases.

* * * *

**IN ADDITION TO THE ABOVE INFORMATION, EACH BRIEF SHALL SET FORTH AT A MINIMUM, THE FOLLOWING "REQUIRED" CONFIDENTIAL INFORMATION:**

* * * *

(1)    A brief analysis of the key issues involved in the litigation;
(2)    A description of the strongest and weakest legal and factual points in the party's case;
(3)    A description of the strongest and weakest legal and factual points in the opponent's case;
(4)    The status of any settlement negotiations, including the last settlement proposal made by each party; and
(5)    The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of  litigation.

Parties should hand deliver, mail, or electronically mail [efile_stormes@casd.uscourts.gov] the **original only** of settlement briefs directly to chambers.  FAX briefs will not be accepted.  ***Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed with the Clerk of the Court***.